UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2006 AUG 10 P 3: 41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| BRIAN BONNER, a minor, by and Through his mother and next friend, OWENA KNOWLES, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| PAWN CITY, INC., INTERSTATE ARMS CORP., and NORINCO a/k/a CHINA NORTH INDUSTRIES CORP., et al., | ) ) ) ) ) |
| Defendants. | ) |

Case No.: 3:06 cv 715 –

## NOTICE OF REMOVAL

Defendant China North Industries Corp. ("Norinco") files this Notice of Removal and respectfully shows as follows:

1.    On or about January 6, 2005, Plaintiff Brian Bonner, a minor, by and through his mother and next friend, Owena Knowles, filed his Complaint naming Norinco as one of the Defendants in the case styled *Bonner v. Pawn City, Inc., et al.,* Civil Action No.: CV 05-002 in the Circuit Court of Chambers County, Alabama.

2.    On or about June 19, 2006, the Summons dated January 19, 2005, and Complaint were served on Norinco's office in Beijing, China.

3.    Norinco is a state-owned, limited liability company as defined by the laws of the People's Republic of China. Norinco is an instrumentality of a foreign state as defined by 28 U.S.C. § 1603(b).

4.    This is a civil action against a foreign state. Under 28 U.S.C. § 1441(d), Norinco may remove this action to this Court.

5.     The United States District Court for the Middle District of Alabama, Eastern Division, is the federal judicial district encompassing the Circuit Court of Chambers County, Alabama, where this suit was originally filed. Venue, therefore, is proper in this district under 28 U.S.C. § 1441(d).

6.     Pursuant to 28 U.S.C. § 1441(d), the time limitations of 28 U.S.C. § 1446(b) may be enlarged at any time for cause shown. The 30-day time period for removal set forth in 28 U.S.C. § 1446(b) therefore does not apply.

7.     Attached as Exhibit 1 are the Summons and Complaint. Norinco is in the process of obtaining the other papers filed in the state court proceeding and will file these papers in this Court when they are obtained.

8.     Norinco's Answer or other responsive pleading to the First Amended Third-Party Petition is not due until 60 days after service is made. 28 U.S.C. § 1608(d).

9.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties, and a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court for Chambers County, Alabama.

10.     By filing this Notice of Removal, Norinco does not waive, and hereby reserves its right to assert, all available defenses.

11.     Norinco, therefore, notices its removal of this case from the Circuit Court of Chambers County, Alabama to the United States District Court for the Middle District of Alabama, Eastern Division.

Dated: August 10, 2006

Respectfully submitted,

James C. Barton, Jr. (BAR014)
Bar Number:  ASB-0237-B51J
Email: jbartonjr@jbpp.com

Alan D. Mathis (MAT052)
Bar Number:  ASB-8922-A59M
Email:  adm@jbpp.com

Attorney for defendant
China North Industries Corp.

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama  35203
(205) 458-9400
(205) 458-9500 (FAX)

     **OF COUNSEL**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served by first class mail, postage prepaid, on this 10th day of August 2006 upon the following:

Kenneth W. Hooks, Esq.
Chris T. Hellums, Esq.
David J. Hodge, Esq.
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

Nick Wooten, Esq.
WOOTEN & CARLTON, P.C.
P.O. Drawer 290
LaFayette, Alabama 36862

John D. Gleissner, Esq.
ROGERS & ASSOCIATES
3000 Riverchase Galleria, Suite 650
Birmingham, Alabama 35244

Todd M. Higey, Esq.
ADAMS & REESE / LANGE SIMPSON, LLP
2100 3rd Avenue North, Suite 1100
Birmingham, Alabama 35203

Curt M. Johnson, Esq.
JOHNSON CALDWELL & MCCOY
117 N. Lanier Avenue, Suite 201
Lanett, Alabama 36863

_____
Of Counsel

W0568629.DOC

4

# EXHIBIT "1"

| State of Alabama Unified Judicial System | SUMMONS - CIVIL | Case Number CV- 05-00 2 |
|---|---|---|

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

BRIAN BONNER, a minor, by and
through his mother and next friend,
OWENA KNOWLES,

v.          Pawn City, Inc., et al.,

Plaintiff,          Defendants.

NOTICE TO:    NORINCO a/k/a CHINA NORTH
              INDUSTRIES CORPORATION
              No. 46 Sanlihelu
              Beijing, China 100821

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to Chris Hellums and David Hodge, PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C. at 1100 Park Place Tower, 2001 Park Place North, Birmingham, Alabama 35203. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN SIXTY . (60) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

[X]    TO ANY SHERIFF or other person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the
       Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the
       complaint in this action upon Defendant

[ ]    This service by certified mail of this summons is initiated upon written request of the Plaintiff pursuant to
       Rule 4.1(c) of the Alabama Rules of Civil Procedure.

01-19- , 2005                    By: (s) Story
Date                              Clerk/Register

RETURN ON SERVICE:

[ ]    Certified Mail return receipt received in this office on (Date) _____
       (Return receipt attached hereto).

[ ]    I certify that I personally delivered a copy of the Summons and Complaint to
       in _____ County, Alabama, on (Date) _____ .

_____ , 2005
Date

Address of Server _____          Server Signature _____

_____                            Type of Process Server _____

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

CIVIL ACTION NO.: CV 05-002

BRIAN BONNER, a minor, by and through his mother and next friend, OWENA KNOWLES,

      Plaintiff,

v.

PAWN CITY, INC., a corporation; INTERSTATE ARMS CORPORATION, a corporation; and NORINCO a/k/a CHINA NORTH INDUSTRIES CORPORATION, a corporation, and No. 1, whether singular or plural, that entity or those entities which developed and/or manufactured the product involved in the occurrence made the basis of the plaintiff's complaint; No. 2, whether singular or plural, that entity or those entities which marketed, distributed, or sold the product involved in the occurrence made the basis of the plaintiff's complaint; No. 3, whether singular or plural, that entity or those entities which advertised the product involved in the occurrence made the basis of the plaintiff's complaint; No. 4, whether singular or plural, that entity or those entities which had any role in the distributive chain of the product involved in the occurrence made the basis of the plaintiff's complaint; No. 5, whether singular or plural, that entity or those entities which were merchants or sellers with respect to the product involved in the occurrence made the basis of the plaintiff's complaint; No. 6, whether singular or plural, that entity or those which issued any warranty, express or implied, with respect to the product involved in the occurrence made the basis of the plaintiff's complaint; No. 7, whether singular or plural, that entity or those entities which selected product involved in the occurrence made the basis of the plaintiff's complaint for the particular purpose for which it was required or used; No. 8, whether singular or plural, that entity or those entities which made any promise or affirmation of fact relating to the product involved in the occurrence made the basis of the plaintiff's complaint; No. 9, whether singular or plural, that entity or those entities which issued any description of goods or samples with respect to the product involved in the occurrence made the basis of the plaintiff's complaint; No. 10, whether singular or plural, that entity or those entities which were merchants or sellers of the product involved in the occurrence made the basis of the plaintiff's complaint and which impliedly warranted that said product was merchantable; No. 11, whether singular or plural, that entity or those entities which were sellers of the product involved in the occurrence made the basis of the plaintiff's complaint and which impliedly warranted that said product was fit for the particular purpose for which it was required; No. 12, whether singular or plural, that entity or those entities which provided information referable to the quality, worthiness or fitness of the product involved in the occurrence made the basis of the plaintiff's complaint; No. 13, whether singular or plural, that entity or those entities whose breach of warranty was a proximate cause of the injuries that are the subject of this lawsuit; No. 14, whether singular or plural, that entity or those entities which failed to warn or issued inadequate warnings with reference to the danger associated with the use of the product involved in the

occurrence made the basis of the plaintiff's complaint or similar products; No. 15, whether singular or plural, that entity or those entities, other than those entities described above, which is the successor in interest of any of the entities of the entities described above; No. 16, whether singular or plural, that entity or those entities, other than those entities described above, which was the predecessor corporation of any of the entities described above. (Plaintiff avers that the identity of the fictitious party defendants is otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time their identity as proper party defendants is not known to Plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.)

     Defendants.

---

## COMPLAINT

---

### PARTIES

1.    BRIAN BONNER is a minor, under the age of nineteen years and sues by and through his mother and next friend, OWENA KNOWLES.

2.    OWENA KNOWLES is an individual over the age of nineteen years residing at 3013 Hopewell Road, Valley, Alabama. OWENA KNOWLES brings this action for and on behalf of BRIAN BONNER, a minor.

3.    Defendant, PAWN CITY, INC. (hereinafter "PAWN CITY"), upon information and belief is a corporation doing business in state of Alabama.

4    Upon information and belief, defendant, INTERSTATE ARMS CORPORATION (hereinafter "INTERSTATE ARMS"), is a Massachusetts corporation doing business in the state of Alabama.

5.    Upon information and belief, defendant, NORINCO a/k/a CHINA NORTH INDUSTRIES (hereinafter "NORINCO"), is a Chinese entity engaged in commercial activity in the United States and the state of Alabama.

## FACTS

6     On or about September of 2003, Brian Bonner purchased a NORINCO, or in the alternative, INTERSTATE ARMS twelve gauge shotgun from PAWN CITY.

7.     On or about November 15, 2003, the NORINCO, or in the alternative, INTERSTATE ARMS shotgun failed as a result of its defective nature. On this date, the NORINCO, or in the alternative, INTERSTATE ARMS shotgun fell apart and unexpectedly fired into and through Brian Bonner's hand causing him severe and permanent injury.

## COUNT I

8.     At the aforesaid time and place, and for sometime prior thereto, defendants PAWN CITY, INTERSTATE ARMS, NORINCO and fictitious party defendants one through sixteen were engaged in the business of designing, manufacturing, selling and/or distributing said product throughout the United States, including the state of Alabama, for use by certain members of the general public. Said defendants during said period of time and for valuable consideration designed, manufactured, sold and/or distributed the product which injured the plaintiff.

9.     At said time and place, said product was in substantially the same condition as when manufactured, sold and/or distributed, and was being used in a manner that was foreseeable. The product was not reasonably safe when being used in a foreseeable manner, but to the contrary, was defective and unreasonably dangerous to the human body when being so used. Said product was defectively designed and/or manufactured. Said defendants knew, or in the

exercise of reasonable care should have known, that said product was unreasonably dangerous

to the human body when being so used in a foreseeable manner.

10     The foregoing wrongful conduct of said defendants was a proximate cause of

plaintiff's injuries and damages and renders said defendants liable to plaintiff pursuant to the

Alabama Extended Manufacturer's Liability Doctrine

### COUNT II

11     Plaintiff adopts and incorporates by reference paragraphs 1- 10 of his complaint as

if the same were fully set out herein.

12.     The defendants, PAWN CITY, INTERSTATE ARMS, NORINCO and fictitious party

defendants numbers one through sixteen, negligently or wantonly designed, manufactured,

marketed, sold and/or distributed the product involved in the occurrence made the basis of

plaintiff's complaint, and said negligent or wanton conduct was a proximate cause of

plaintiff's injuries and damages hereinafter described.

13.     The aforesaid negligent, reckless and/or wanton conduct of each of the above-

described defendants, including the fictitious party defendants, combined and concurred, and

as a proximate consequence thereof, the plaintiff was injured and damaged as follows:

    a.    Plaintiff BRIAN BONNER was caused severe injuries to his right hand;

    b.    Plaintiff BRIAN BONNER was caused to be permanently injured;

    c.    Plaintiff BRIAN BONNER was caused to undergo multiple surgical

        procedures in an effort to heal and cure his injuries and will likely have to

        undergo further surgical procedures;



d.  Plaintiff BRIAN BONNER was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other expenses in an effort to heal and cure his injuries;

e.  Plaintiff BRIAN BONNER was caused to suffer and continues to suffer great physical pain and mental anguish as a result of his injuries;

f.  Plaintiff BRIAN BONNER was caused to be unable to pursue many of his normal activities;

g   Plaintiff BRIAN BONNER will require assistance with his daily activities.

## COUNT III

14.  Plaintiff adopts and incorporates by reference paragraphs 1- 13 of his complaint as if the same were fully set out herein

15,  The defendants, PAWN CITY, INTERSTATE ARMS, NORINCO, and fictitious party defendants numbers one through sixteen, negligently or wantonly failed to provide sufficient warnings for the product involved in the occurrence made the basis of plaintiff's complaint, and said negligent or wanton conduct was a proximate cause of plaintiff's injuries and damages hereinafter described.

16.  . The aforesaid negligent, reckless and/or wanton conduct of each of the above-described defendants, including the fictitious party defendants, combined and concurred, and as a proximate consequence thereof, the plaintiffs was injured and damaged as follows:

a.  Plaintiff BRIAN BONNER was caused severe injuries to his right hand;

b.  Plaintiff BRIAN BONNER was caused to be permanently injured;

c.   Plaintiff BRIAN BONNER was caused to undergo multiple surgical procedures in an effort to heal and cure his injuries and will likely have to undergo further surgical procedures;

d    Plaintiff BRIAN BONNER was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other expenses in an effort to heal and cure his injuries;

e    Plaintiff BRIAN BONNER was caused to suffer and continues to suffer great physical pain and mental anguish as a result of his injuries;

f.   Plaintiff BRIAN BONNER was caused to be unable to pursue many of his normal activities;

g.   Plaintiff BRIAN BONNER will require assistance with his daily activities.

## COUNT IV

17.   Plaintiff adopts and incorporates by reference paragraphs 1- 16 of his complaint as if the same were fully set out herein.

18.   The defendants, PAWN CITY, INTERSTATE ARMS, NORINCO, and fictitious party defendants one through sixteen, expressly and/or impliedly warranted that the product was reasonably fit and suitable for the purposes for which it was intended to be used. Plaintiff avers that said defendants breached said express and/or implied warranties in that said product was not reasonably fit and suitable for the purposes for which it was intended to be used but, to the contrary, said product was in a dangerously defective and unsafe condition due to the inadequate design, manufacture and failure to properly warn of potential dangers. Plaintiff



further avers that as a proximate cause of the aforesaid breach of warranties and breach of contract by the defendants the plaintiff was injured and damaged as hereinafter described.

19.    Plaintiff alleges that the injuries and damages were caused as a proximate consequence of the negligent and/or wanton conduct, breach of contract, breach of warranty, failure of the duty to warn, violation of the Alabama Extended Manufacturers and/or Strict Liability Doctrines, and other wrongful conduct of the defendants, PAWN CITY, INTERSTATE ARMS, NORINCO and fictitious defendants one through sixteen hereinabove described.

20.    The aforesaid negligent, reckless and/or wanton conduct of each of the above-described defendants, including the fictitious party defendants, combined and concurred, and as a proximate consequence thereof, the plaintiff was injured and damaged as follows:

a.    Plaintiff BRIAN BONNER was caused severe injuries to his right hand;

b.    Plaintiff BRIAN BONNER was caused to be permanently injured;

c.    Plaintiff BRIAN BONNER was caused to undergo multiple surgical procedures in an effort to heal and cure his injuries and will likely have to undergo further surgical procedures;

d.    Plaintiff BRIAN BONNER was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other expenses in an effort to heal and cure his injuries;

e.    Plaintiff BRIAN BONNER was caused to suffer and continues to suffer great physical pain and mental anguish as a result of his injuries;

f.    Plaintiff BRIAN BONNER was caused to be unable to pursue many of his normal activities;

g.    Plaintiff BRIAN BONNER will require assistance with his daily activities

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of the defendants' conduct  Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of the judgment and the costs incurred by the Court in managing this lawsuit.



Kenneth W. Hooks (HOO003)
Chris T. Hellums (HEL012)
David J. Hodge (HOD016)
Attorneys for Plaintiff

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile

Nick Wooten
Wooten & Carlton, P.C.
P.O. Drawer 290
LaFayette, AL 36862
(334) 864-2132
(334) 864-2133 facsimile

FILED IN

JAN  6 2006

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a struck jury for the trial of this case.



Of Counsel for Plaintiff

## REQUEST FOR SERVICE

Pursuant to Alabama Rules of Civil Procedure 4.1 and 4.2, plaintiff requests that the

foregoing Summons and Complaint be served by certified mail along with Plaintiff's Motion

for Appointment of Special Process Server.

PAWN CITY, INC.
1302 S. Gilmer Ave.
Lanett, AL 36863

INTERSTATE ARMS CORPORATION
c/o Andrea Prier
381 Conant Road
Weston, MA 02493

FILED IN OFFICE

JAN 6 2005

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

## DEFENDANT TO BE SERVED VIA SPECIAL PROCESS SERVER

NORINCO a/k/a CHINA NORTH INDUSTRIES CORPORATION
No. 46 Sanlihelu
Beijing, China 100821

Of Counsel

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

BRIAN BONNER, a minor, by and
through his mother and next friend,
OWENA KNOWLES,

    Plaintiff,

v.

PAWN CITY, INC.; INTERSTATE
ARMS CORPORATION; NORINCO
a/k/a CHINA NORTH INDUSTRIES
CORPORATION, et al.,

    Defendants.

Civil Action No.: CV 05-002

FILED IN OFFK

JAN 6 2005

CHARLES W. STORY
CIRCUIT CLERK

**MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER**
**OF DEFENDANT NORINCO a/k/a CHINA NORTH**
**INDUSTRIES CORPORATION**

Comes now the plaintiff, and pursuant to Rule 4.1(b)(2) of the Alabama Rules of

Civil Procedure, moves this Court for an order designating that APS International, Ltd., who

is not a party to this action, be allowed to serve process on defendant, Norinco a/k/a China

North Industries Corporation, No. 46 Sanlihelu, Beijing, China 100821, an international

company.

Chris T. Hellums (HEL012)
David J. Hodge (HOD016)
Attorneys for Plaintiff

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

(205) 322-8880
(205) 328-2711 facsimile

## REQUEST FOR SERVICE

Pursuant to Alabama Rules of Civil Procedure 4.1 and 4.2, plaintiff requests that the

foregoing Motion for Appointment of Special Process Server be served by certified mail

along with the Summons and Complaint.
                                        to:
PAWN CITY, INC.
1302 S. Gilmer Ave.
Lanett, AL 36863

INTERSTATE ARMS CORPORATION
c/o Andrea Prier
381 Conant Road
Weston, MA 02493

Of Counsel

2

AUG-08-2006 13:44 FROM:MANELLI DENISON    2028870336    TO:1035#59900#120545895 P.15/17

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

BRIAN BONNER, a minor, by and )
through his mother and next friend, )
OWENA KNOWLES, )
           )
    Plaintiff, )
           )
v. )      Civil Action No.: CV 05-002
           )
PAWN CITY, INC.; INTERSTATE )
ARMS CORPORATION; NORINCO )
a/k/a CHINA NORTH INDUSTRIES )
CORPORATION, et al., )
           )
    Defendants. )

## ORDER TO APPOINT SPECIAL PROCESS SERVER

IT IS HEREBY ORDERED, that APS International, Ltd. is authorized to effect

service of process on the defendant, Norinco a/k/a China North Industries Corporation, in

China in accordance with the Hague Convention and international law.

Done this the ___11___ day of _____, 2005

FILED IN OFFICE THIS

JAN 1 1 2005

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

_____
Circuit Court Judge

08/08/2006 TUE 12:42 [TX/RX NO 8576] @015

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

BRIAN BONNER, a minor, by and )
through his mother and next friend, )
OWENA KNOWLES, )
 )
    Plaintiff, )
 )
v. )    Civil Action No.: CV 05-002
 )
PAWN CITY, INC.; INTERSTATE )
ARMS CORPORATION; NORINCO )
a/k/a CHINA NORTH INDUSTRIES )
CORPORATION, et al., )
 )
    Defendants. )

### ORDER TO APPOINT SPECIAL PROCESS SERVER

IT IS HEREBY ORDERED, that APS International, Ltd. is authorized to effect

service of process on the defendant, Norinco a/k/a China North Industries Corporation, in

China in accordance with the Hague Convention and international law

Done this the _____ day of _____, 2005.

_____
Circuit Court Judge

| State of Alabama<br>Unified Judicial System | SUMMONS - CIVIL | Case Number<br>CV. 05-002 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

BRIAN BONNER, a minor, by and                    v.          Pawn City, Inc., et al.,
through his mother and next friend,
OWENA KNOWLES,

     Plaintiff,                                                    Defendants.

NOTICE TO:   NORINCO a/k/a CHINA NORTH
            INDUSTRIES CORPORATION
            No. 46 Sanlihelu
            Beijing, China 100821

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to Chris Hellums and David Hodge, PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C. at 1100 Park Place Tower, 2001 Park Place North, Birmingham, Alabama 35203. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN SIXTY (60) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

[X]    TO ANY SHERIFF or other person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon Defendant

[ ]    This service by certified mail of this summons is initiated upon written request of the Plaintiff pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

01-19-, 2005          Clerk/Register  By:  Story
Date

## RETURN ON SERVICE:

[ ]    Certified Mail return receipt received in this office on (Date) _____
    (Return receipt attached hereto).

[ ]    I certify that I personally delivered a copy of the Summons and Complaint to _____
    in _____ County, Alabama, on (Date) _____

_____, 2005
Date

Address of Server_____

Server Signature_____

Type of Process Server_____