**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

**RECEIVED**

2006 AUG 16  A 10: 45

    P. HACKETT, C
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **BRIAN BONNER, a minor, by and** ) | |
| **through his mother and next friend,** ) | |
| **OWENA KNOWLES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: 3:06-cv-00715-DRB** |
| ) | |
| **PAWN CITY, INC., INTERSTATE** ) | |
| **ARMS CORP., and NORINCO a/k/a** ) | |
| **CHINA NORTH INDUSTRIES CORP.,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANT CHINA NORTH INDUSTRIES CORPORATION'S**
**NOTICE OF FILING ADDITIONAL STATE COURT DOCUMENTS**

COMES NOW defendant China North Industries Corporation ("Norinco") and files the attached documents, which were filed while this action was pending in the Circuit Court of Chambers County, Alabama, CV-05-002.

Pursuant to 28 U.S.C. § 1446(a), Norinco attached to its Notice of Removal filed on August 10, 2006, "a copy of all process, pleadings, and orders served upon" it in the state court action. The attached documents have not been served upon Norinco, but rather were retrieved from the state court case file after removal for the Court's convenience.

 

Alan D. Mathis (MAT052)
Bar Number: ASB-8922-A59M
Email: adm@jbpp.com

One of the attorneys for defendant
China North Industries Corp.

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama  35203
(205) 458-9400
(205) 458-9500 (FAX)

**OF COUNSEL**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by first class mail, postage prepaid, on this _15th_ day of August 2006 upon the following:

Kenneth W. Hooks, Esq.
Chris T. Hellums, Esq.
David J. Hodge, Esq.
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

Nick Wooten, Esq.
WOOTEN & CARLTON, P.C.
P.O. Drawer 290
Lafayette, Alabama  36862

John D. Gleissner, Esq.
ROGERS & ASSOCIATES
3000 Riverchase Galleria, Suite 650
Birmingham, Alabama  35244

Todd M. Higey, Esq.
ADAMS & REESE / LANGE SIMPSON, LLP
2100 3rd Avenue North, Suite 1100
Birmingham, Alabama 35203

Curt M. Johnson, Esq.
JOHNSON CALDWELL & MCCOY
117 N. Lanier Avenue, Suite 201
Lanett, Alabama  36863

_____
Of Counsel

W0569464.DOC

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

BRIAN BONNER, a minor, by and )
through his mother and next friend, )
OWENA KNOWLES, )
                   )
     Plaintiff, )
                   )
v.                 Civil Action No.: CV 05-002
                   )
PAWN CITY, INC.; INTERSTATE )
ARMS CORPORATION; NORINCO )
a/k/a CHINA NORTH INDUSTRIES )
CORPORATION, et al., )
                   )
     Defendants. )

---

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT

---

Comes now the plaintiff, Brian Bonner, a minor, by and through his mother and next friend, Owena Knowles, by and through counsel of record, pursuant to Rule 15(a) of the Alabama Rules of Civil Procedure, and move this Court for leave to file and serve its First Amendment to Complaint. A copy of the plaintiff's proposed First Amendment to Complaint is attached hereto as Exhibit "A".

Signed this _____ day of August, 2006.

**NO ORAL ARGUMENT REQUESTED**

Respectfully submitted,

_____
Chris T. Hellums (HEL012)
David J. Hodge (HOD016)
Attorneys for Plaintiff

OF COUNSEL:

PITTMAN, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile

Nick Wooten
WOOTEN & CARLTON, P.C.
P.O. Drawer 290
LaFayette, AL 36862
(334) 864-2132
(334) 864-2133 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, has been served upon all parties either by hand delivery or by placing a copy of same in the United States Mail, postage prepaid, on this the _____ day of _____, 2006.

John D. Gleissner, Esq.
ROGER & ASSOCIATES
Suite 650
3000 Riverchase Galleria
Birmingham, Alabama 35244

Todd M. Higey, Esq.
Gilbert C. Steindorff, IV, Esq.
ADAMS AND REESE/LANGE SIMPSON LLP
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

## DEFENDANT TO BE SERVED VIA SPECIAL PROCESS SERVER

QIQIHAR HAWK INDUSTRIES
15 Nanyuan Road
Qiqihar, Heilong Jiang Prov.
Peoples Republic of China

_____
Of Counsel

PLAINTIFF'S
EXHIBIT

**A**

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| **BRIAN BONNER, a minor, by and through his mother and next friend, OWENA KNOWLES,** )<br>)<br>)<br>) | |
| **Plaintiff,** )<br> ) | |
| **v.** ) | **Civil Action No.: CV 05-002** |
| )<br>**PAWN CITY, INC.; INTERSTATE ARMS CORPORATION; NORINCO a/k/a CHINA NORTH INDUSTRIES CORPORATION, et al.,** )<br>)<br>)<br>)<br>) | |
| **Defendants.** ) | |

## AMENDMENT TO COMPLAINT

Comes now the plaintiff, Brian Bonner, a minor, by and through his mother and next friend Owena Knowles, pursuant to Rule 15 (a) of the Alabama Rules of Civil Procedure, and hereby amends his original complaint, a copy of which is attached hereof as if fully set out herein, as follows:

1.    By substituting QIQIHAR HAWK INDUSTRIES (hereinafter, "QIQIHAR HAWK"), a Chinese entity engaged in commercial activity in the United States and the state of Alabama, for fictitious party No. 1 in the original complaint.

2.    By adding the above party to the original complaint, the plaintiff adopts and re-alleges each and every material averment of the original complaint and each and every amendment to the original complaint as if fully set out herein.

4.    Plaintiff hereby re-adopts and re-alleges each and every allegation in Paragraphs 1 through 20 in the original complaint as if fully set out herein.

## COUNT I

8.      At the aforesaid time and place, and for sometime prior thereto, defendants PAWN CITY, INTERSTATE ARMS, NORINCO and fictitious party defendants one through sixteen were engaged in the business of designing, manufacturing, selling and/or distributing said product throughout the United States, including the state of Alabama, for use by certain members of the general public. Said defendants during said period of time and for valuable consideration designed, manufactured, sold and/or distributed the product which injured the plaintiff.

9.      At said time and place, said product was in substantially the same condition as when manufactured, sold and/or distributed, and was being used in a manner that was foreseeable. The product was not reasonably safe when being used in a foreseeable manner, but to the contrary, was defective and unreasonably dangerous to the human body when being so used. Said product was defectively designed and/or manufactured. Said defendants knew, or in the exercise of reasonable care should have known, that said product was unreasonably dangerous to the human body when being so used in a foreseeable manner.

10.     The foregoing wrongful conduct of said defendants was a proximate cause of plaintiff's injuries and damages and renders said defendants liable to plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

## COUNT II

11.     Plaintiff adopts and incorporates by reference paragraphs 1- 10 of his complaint as if the same were fully set out herein.

12.    The defendants, PAWN CITY, INTERSTATE ARMS, NORINCO and fictitious party defendants numbers one through sixteen, negligently or wantonly designed, manufactured, marketed, sold and/or distributed the product involved in the occurrence made the basis of plaintiff's complaint, and said negligent or wanton conduct was a proximate cause of plaintiff's injuries and damages hereinafter described.

13.    The aforesaid negligent, reckless and/or wanton conduct of each of the above-described defendants, including the fictitious party defendants, combined and concurred, and as a proximate consequence thereof, the plaintiff was injured and damaged as follows:

a.    Plaintiff BRIAN BONNER was caused severe injuries to his right hand;

b.    Plaintiff BRIAN BONNER was caused to be permanently injured;

c.    Plaintiff BRIAN BONNER was caused to undergo multiple surgical procedures in an effort to heal and cure his injuries and will likely have to undergo further surgical procedures;

d.    Plaintiff BRIAN BONNER was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other expenses in an effort to heal and cure his injuries;

e.    Plaintiff BRIAN BONNER was caused to suffer and continues to suffer great physical pain and mental anguish as a result of his injuries;

f.    Plaintiff BRIAN BONNER was caused to be unable to pursue many of his normal activities;

g.    Plaintiff BRIAN BONNER will require assistance with his daily activities.

## COUNT III

14.     Plaintiff adopts and incorporates by reference paragraphs 1- 13 of his complaint as if the same were fully set out herein.

15.     The defendants, PAWN CITY, INTERSTATE ARMS, NORINCO, and fictitious party defendants numbers one through sixteen, negligently or wantonly failed to provide sufficient warnings for the product involved in the occurrence made the basis of plaintiff's complaint, and said negligent or wanton conduct was a proximate cause of plaintiff's injuries and damages hereinafter described.

16.     The aforesaid negligent, reckless and/or wanton conduct of each of the above-described defendants, including the fictitious party defendants, combined and concurred, and as a proximate consequence thereof, the plaintiffs was injured and damaged as follows:

    a.    Plaintiff BRIAN BONNER was caused severe injuries to his right hand;

    b.    Plaintiff BRIAN BONNER was caused to be permanently injured;

    c.    Plaintiff BRIAN BONNER was caused to undergo multiple surgical procedures in an effort to heal and cure his injuries and will likely have to undergo further surgical procedures;

    d.    Plaintiff BRIAN BONNER was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other expenses in an effort to heal and cure his injuries;

    e.    Plaintiff BRIAN BONNER was caused to suffer and continues to suffer great physical pain and mental anguish as a result of his injuries;

    f.    Plaintiff BRIAN BONNER was caused to be unable to pursue many of his normal activities;

g.    Plaintiff BRIAN BONNER will require assistance with his daily activities.

## COUNT IV

17.    Plaintiff adopts and incorporates by reference paragraphs 1- 16 of his complaint as if the same were fully set out herein.

18.    The defendants, PAWN CITY, INTERSTATE ARMS, NORINCO, and fictitious party defendants one through sixteen, expressly and/or impliedly warranted that the product was reasonably fit and suitable for the purposes for which it was intended to be used. Plaintiff avers that said defendants breached said express and/or implied warranties in that said product was not reasonably fit and suitable for the purposes for which it was intended to be used but, to the contrary, said product was in a dangerously defective and unsafe condition due to the inadequate design, manufacture and failure to properly warn of potential dangers. Plaintiff further avers that as a proximate cause of the aforesaid breach of warranties and breach of contract by the defendants the plaintiff was injured and damaged as hereinafter described.

19.    Plaintiff alleges that the injuries and damages were caused as a proximate consequence of the negligent and/or wanton conduct, breach of contract, breach of warranty, failure of the duty to warn, violation of the Alabama Extended Manufacturers and/or Strict Liability Doctrines, and other wrongful conduct of the defendants, PAWN CITY, INTERSTATE ARMS, NORINCO and fictitious defendants one through sixteen hereinabove described.

20.    The aforesaid negligent, reckless and/or wanton conduct of each of the above-described defendants, including the fictitious party defendants, combined and concurred, and as a proximate consequence thereof, the plaintiff was injured and damaged as follows:

a.    Plaintiff BRIAN BONNER was caused severe injuries to his right hand;

b.    Plaintiff BRIAN BONNER was caused to be permanently injured;

c.    Plaintiff BRIAN BONNER was caused to undergo multiple surgical procedures in an effort to heal and cure his injuries and will likely have to undergo further surgical procedures;

d.    Plaintiff BRIAN BONNER was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other expenses in an effort to heal and cure his injuries;

e.    Plaintiff BRIAN BONNER was caused to suffer and continues to suffer great physical pain and mental anguish as a result of his injuries;

f.    Plaintiff BRIAN BONNER was caused to be unable to pursue many of his normal activities;

g.    Plaintiff BRIAN BONNER will require assistance with his daily activities.

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of the defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's

verdict, and that it also award plaintiff interest from the date of the judgment and the costs

incurred by the Court in managing this lawsuit.

_____

Chris T. Hellums (HEL012)
David J. Hodge (HOD016)
Attorneys for Plaintiff

OF COUNSEL:

PITTMAN, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile

Nick Wooten
WOOTEN & CARLTON, P.C.
P.O. Drawer 290
LaFayette, AL 36862
(334) 864-2132
(334) 864-2133 facsimile

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, has been served upon all parties either

by hand delivery or by placing a copy of same in the United States Mail, postage prepaid,

on this the _____ day of _____, 2006.

John D. Gleissner, Esq.
ROGER & ASSOCIATES
Suite 650
3000 Riverchase Galleria
Birmingham, Alabama 35244

Todd M. Higey, Esq.
Gilbert C. Steindorff, IV, Esq.
ADAMS AND REESE/LANGE SIMPSON LLP
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

## **DEFENDANT TO BE SERVED VIA SPECIAL PROCESS SERVER**

QIQIHAR HAWK INDUSTRIES
15 Nanyuan Road
Qiqihar, Heilong Jiang Prov.
Peoples Republic of China

_____
Of Counsel

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA RECEIVED

2006 AUG 16  A 10: 46

P. HACKETT, CLK
DISTRICT COURT
MIDDLE DISTRICT ALA

BRIAN BONNER, a minor, by and )
Through his mother and next friend, )
OWENA KNOWLES, )
)
    Plaintiff, )    CIVIL ACTION NO.
)    CV-05-002
v. )
)
PAWN CITY, INC.; INTERSTATE )
ARMS CORPORATION; NORINCO )
a/k/a CHINA NORTH INDUSTRIES )
COPORATION, et al., )
)
    Defendants. )

## MOTION TO COMPEL

COMES NOW Defendant Interstate Arms Corporation and hereby moves this Court, pursuant to Ala. R. Civ. P. Rule 37, to enter an order compelling Plaintiff to provide complete responses to Defendant's Interrogatories and Requests for Production to Plaintiff. As grounds therefore, Defendant says as follows:

1.    Defendant's Interrogatories and Requests for Production were served upon plaintiff on February 18, 2005. A true and accurate copy of said Interrogatories and Requests for Production are attached hereto as Exhibits A and B. Plaintiff returned a partial but incomplete response on May 17, 2005. A true and accurate copy of plaintiff's Answers to Interrogatories and Responses to Requests for Production are attached hereto as Exhibits C & D.

2.    As this is a products liability suit in which plaintiff claims that he was injured by an allegedly defective shotgun, Defendant's Interrogatory No. 14 is directed toward discovering the nature of the defect alleged: "State whether the alleged defect in the shotgun was a design or manufacturing defect." Plaintiff responded by refusing to disclose the nature of the claimed defect: "Plaintiff objects to this interrogatory on the basis that it seeks information which calls

for a legal conclusion and is subject to be [sic] expert opinion and testimony. Plaintiff reserves the right to supplement this response at a later date pursuant to Rule 26 of the *Alabama Rules of Civil Procedure* and any pretrial/scheduling order entered by the Court."

3.    Interrogatory No. 15 stated, "State the precise nature of the defect in the shotgun." Plaintiff's response was identical to that of Interrogatory No. 14. See, Exh. C.

4.    Defendant also sought information regarding plaintiff's damages; specifically, Interrogatory Nos. 18 and 21 requested plaintiff to itemize his damages. He did not do so.

5.    Interrogatory No. 19 asked plaintiff to identify any warnings it says defendant should have given. Plaintiff did not identify any such warnings.

6.    Interrogatory No. 24 sought a statement of the opinions of plaintiff's expert. Plaintiff replied by identifying Tom Butters but neglected to disclose his opinions.

7.    Request for Production No. 1 requested production of the shotgun at issue in the Complaint. Plaintiff agreed to arrange for an inspection of the shotgun "at a mutually convenient date and time for all parties." However, plaintiff now takes the position that the shotgun will only be made available in San Antonio, Texas, where his expert witness resides. See, August 29 letter from David Hodge, attached hereto as Exhibit E. Plaintiff articulated no scientific or evidentiary reason why the subject shotgun must remain or solely be examined in San Antonio.

8.    Request for Production No. 12 sought the complete file of plaintiff's experts. No such files have been produced.

9.    On May 11, 2005, the undersigned wrote counsel for the plaintiff, asking him to supplement the foregoing discovery responses. Said letter is attached hereto as Exhibit F. On May 31, 2005, the undersigned again requested supplemental answers. Said letter is attached

hereto as Exhibit G. On August 30, 2005, the undersigned requested supplemental answers for a third time. A true and accurate copy of said letter is attached hereto as Exhibit H.

10.    On September 1, 2005, counsel for the plaintiff again advised counsel for the defendants that he would only make the shotgun at issue in this case available for inspection in San Antonio, Texas: a state and locality in which no part of this action arose, and in which no party resides. A true and accurate copy of said letter is attached hereto as Exhibit I.

11.    On September 27, 2005, counsel for the plaintiff wrote the undersigned and advised that he was in the process of supplementing his interrogatory answers and would be providing them in the "near future." A copy of said letter is attached hereto as Exhibit J.

12.    As of the date of the filing of this motion, no such supplemental discovery responses have been provided.

13.    Defendant is unable to mount a sufficient defense without Plaintiff's complete answers to the foregoing discovery requests. Specifically, Defendant cannot defend Plaintiff's allegation that the subject shotgun was defective without knowing whether Plaintiff alleges a manufacturing defect, design defect, or other defect. Suit was filed on January 6, 2005. In ten months time, plaintiff should have developed his theory of liability against Interstate Arms such that he can articulate the nature of the defect alleged. This is also sufficient time to have itemized his damages and to have obtained a report and file from his expert witness.

14.    Moreover, inspection of the subject shotgun in San Antonio, Texas, is not a "mutually convenient place." Plaintiff selected San Antonio, Texas, as the location for its own expert inspection. Defendant does not wish to employ an expert located in Texas, and seeks instead to make its inspection in Alabama. Plaintiff's demand that Defendant examine the subject shotgun in Texas is unreasonable and in derogation of <u>Ala. R. Civ. P.</u> Rule 1. The

3

subject shotgun may be transported to Alabama with far greater ease and less expense than would be necessary for Defendant and its expert to travel to Texas. Rule 34 states, "The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts." Defendants seek production in Alabama, where the cause of action arose and the suit is pending. Clearly, Alabama is a reasonable location; the burden is now upon the plaintiff to demonstrate why San Antonio, Texas, is more reasonable.

15.    Indeed, defendant cannot meaningfully inspect the shotgun until it knows plaintiff's theory of liability. Accordingly, disclosure of plaintiff's expert's report, as well as an articulation of the nature of liability, e.g., design or manufacturing defect or failure to warn, is a critical first step to the execution of discovery.

16.    Defendant certifies that it has, through counsel, corresponded with Plaintiff's counsel in an effort to obtain this discovery without court action.

WHEREFORE, these premises considered, Defendant moves this Honorable Court to order and compel Plaintiff to properly and completely respond to discovery requests, and provide in particular the information, documents, and things specified above.

Todd M. Higey
Gilbert C. Steindorff, IV
Attorneys for Defendant
Interstate Arms Corporation

OF COUNSEL:

ADAMS AND REESE / LANGE SIMPSON LLP
2100 3rd Avenue North, Suite 1100
Birmingham, AL 35203
205.250.5000
205.250.5034 fax

4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been duly served on the following, by placing same in the United States mail, properly addressed and postage prepaid, this 11th day of October_____, 2005:

Kenneth W. Hooks, Esq.
Chris T. Hellums, Esq.
David W. Hodge, Esq.
Pittman, Hooks, Dutton, Kirby & Hellums, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, AL 35203

Nick Wooten, Esq.
Wooten & Carlton, P.C.
P.O. Drawer 290
Lafayette, AL 36862

John D. Gleissner, Esq.
Rogers & Associates
3000 Riverchase Galleria, Suite 650
Birmingham, AL 35244

Todd M. Hughes

OF COUNSEL

# Exhibit A

IN THE CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA

FILED IN OFFICE

FEB 2 3 2005

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

BRIAN BONNER, a minor, by and through his )
mother and next friend, OWENA KNOWLES, )
)
      Plaintiff, )
)
       CASE NUMBER:
v. )
)
       CV 2005-02
PAWN CITY, INC., et al., )
)
      Defendants. )

## INTERROGATORIES TO PLAINTIFF

COMES NOW one of the defendants, Interstate Arms Corporation, pursuant to Rule 33 of the Alabama Rules of Civil Procedure and propounds the following interrogatories upon plaintiff:

1.     Identify the full name, home address, date of birth, and social security number of Brian Bonner.

2.     Identify the full name, home address, date of birth and social security number of the biological father and mother of Brian Bonner.

3.     Identify by name and address all persons who witnessed the injuries made the basis of the Complaint.

4.     Identify by name and address any person who has any knowledge of any fact or circumstance alleged in the Complaint.

5.     Identify by name and address all physicians or other persons who rendered medical care and treatment to the plaintiff for the injuries alleged in the Complaint.

6.     Identify by name and address all physicians who have ever rendered medical care or treatment to the plaintiff.

7.      Identify all persons over the age of eighteen who reside in Chambers County and who are related either by blood or by law to plaintiff or to Owena Knowles.

8.      Identify by name and address all persons from whom a statement was taken regarding the matters made the basis of the Complaint.

9.      Identify the type, model, gauge, manufacturer, country of manufacture, and serial number of the shotgun at issue in the Complaint.

10.     Identify by name and address the owner of the shotgun at issue in the Complaint.

11.     Identify by name and address the person who gave the shotgun to plaintiff.

12.     Identify by name and address all persons who taught or trained plaintiff on how to use and operate the shotgun.

13.     Identify by name and address the person or entity who sold the shotgun to its current owner.

14.     State whether the alleged defect in the shotgun was a design or manufacturing defect.

15.     State the precise nature of the defect in the shotgun.

16.     State whether any modification was made to the shotgun, whether by plaintiff or any other person or entity, identifying who made the modification, when it was made, and what was done.

17.     Identify by name and address all individuals who fired the shotgun.

18.     State and describe all injuries or damages suffered by plaintiff.

19.     State completely the warning that plaintiff contends should have been provided but was not provided.

2

20.    State the nature of the implied warranty which plaintiff claims this defendant breached.

21.    Enumerate all monetary sums for which plaintiff is seeking recovery as damages in this suit.

22.    State whether any medical expenses incurred by the parent or legal guardian of Brian Bonner for the treatment of Mr. Bonner are being claimed as damages in this suit. If so, itemize each and every medical expense as follows: (a) the original fee charged by the medical care provider; (b) any co-pay made by plaintiff's parents or guardian; (c) whether health insurance paid any portion of the medical bill; (d) whether the health insurer negotiated the fee down; and (e) the amount actually paid by the health insurance.

23.    State whether plaintiff has suffered any permanent physical impairment, identifying the nature and extent of the impairment and the expert who has opined that plaintiff suffers from such impairment.

24.    Identify every person whom you expect to call as an expert witness at the trial of this case and for each such witness state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.


Todd M. Higey (ASB-1098-E62)
Gilbert C. Steindorff, IV (ASB-2747-T69S)
Attorneys for Defendant
Interstate Arms Corporation

3

OF COUNSEL:

ADAMS AND REESE / LANGE SIMPSON LLP
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203
205.250.5000
205.250.5034 (Facsimile)

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing was served upon the following counsel of record on this the 18th day of February 2005 by placing a copy of the same in the United States Mail, postage prepaid, and addressed as follows:

Kenneth W. Hook, Esq.
Chris T. Hellums, Esq.
David W. Hodge, Esq.
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

Nick Wooten, Esq.
WOOTEN & CARLTON, P.C.
P.O. Drawer 290
Lafayette, Alabama 36862

John D. Gleissner, Esq.
ROGERS & ASSOCIATES
3000 Riverchase Galleria
Suite 650
Birmingham, Alabama 35244

OF COUNSEL

4

# Exhibit B

IN THE CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA

FILED IN OFFICE THIS

FEB 2 3 2005

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

BRIAN BONNER, a minor, by and through his )
mother and next friend, OWENA KNOWLES, )
)
       Plaintiff, )
)
v. )
)
PAWN CITY, INC., et al., )
)
       Defendants. )

CASE NUMBER:

CV 2005-02

## REQUESTS FOR PRODUCTION TO PLAINTIFF

COMES NOW one of the defendants, Interstate Arms Corporation, pursuant to Rule

34 of the Alabama Rules of Civil Procedure and requests the plaintiff to produce and

permit for inspection and copying the following:

1.      The shotgun at issue in the Complaint.

2.      All documents related to the purchase or acquisition of the shotgun,

including but not limited to, any invoice, bill of sale, firearm transaction record, Form

4473, etc.

3.      All photographs or video footage of the shotgun.

4.      All photographs or video footage of plaintiff's injuries.

5.      All medical records and bills related to the Plaintiff.

6.      All documents, invoices, receipts, bills, etc., related to or otherwise

reflecting any sum of monetary damage that is claimed in this suit.

7.      If applicable, Plaintiff's driver's license.

8.      The Certificate of Live Birth for Brian Bonner.

9.      All documents relating to, or otherwise concerning, any and all defects in the shotgun alleged in the Complaint.

10.     Any warranty upon which plaintiff relies.

11.     All exhibits which plaintiff intends to utilize or introduce into evidence at the trial of this case.

12.     The complete file of any expert retained by Plaintiff to give testimony at the trial of this cause.

_____
Todd M. Higey (ASB-1098-E62)
Gilbert C. Steindorff, IV (ASB-2747-T69S)
Attorneys for Defendant
Interstate Arms Corporation

OF COUNSEL:
ADAMS AND REESE / LANGE SIMPSON LLP
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203
205.250.5000
205.250.5034 (Facsimile)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing was served upon the following counsel of record on this the 18th day of February 2005 by placing a copy of the same in the United States Mail, postage prepaid, and addressed as follows:

Kenneth W. Hook, Esq.
Chris T. Hellums, Esq.
David W. Hodge, Esq.
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

Nick Wooten, Esq.
WOOTEN & CARLTON, P.C.
P.O. Drawer 290
Lafayette, Alabama 36862

John D. Gleissner, Esq.
ROGERS & ASSOCIATES
3000 Riverchase Galleria
Suite 650
Birmingham, Alabama 35244

_____
OF COUNSEL

# Exhibit C

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| BRIAN BONNER, a minor, by and through his mother and next friend, OWENA KNOWLES, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) |
| PAWN CITY, INC.; INTERSTATE ARMS CORPORATION; NORINCO a/k/a CHINA NORTH INDUSTRIES CORPORATION, et al., | ) ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No.: CV 05-002

## PLAINTIFF'S RESPONSES TO DEFENDANT INTERSTATE ARMS CORPORATION'S FIRST INTERROGATORIES

Comes now the plaintiff in the above-styled matter and in response to interrogatories propounded by defendant, INTERSTATE ARMS CORPORATION, and states as follows:

1.      Identify the full name, home address, date of birth, and social security number of Brian Bonner.

**RESPONSE:** **Brian Joseph Bonner, 3013 Hopewell Road, Valley, Alabama 36854,**

**DOB: 1-4-87, SSN: 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.**


2.      Identify the full name, home address, date of birth and social security number of the biological father and mother of Brian Bonner.

**RESPONSE:** **Plaintiff objects to this interrogatory on the basis that it is irrelevant,**

**immaterial and not likely to lead to discoverable information.  Without**

**waiving said objections, plaintiff states as follows:**

**Kenneth Milford Bonner, address unknown, DOB: 7-20-59.**

Owena Kay Knowles, 3013 Hopewell Road, Valley, Alabama 36854,

DOB: 5-22-62.

3.      Identify by name and address all person who witnessed the injuries made the basis

of the Complaint.

**RESPONSE:  Plaintiff was the only person who saw the gun discharge.  Persons who**

**have knowledge of Plaintiff's injuries are plaintiff's medical providers; Bobbie**

**Dennis, 503 Wellington Street, Valley, Alabama 36854; Jim and Owena Knowles, 3013**

**Hopewell Road, Valley, Alabama 36854, Ralph Stewart, address unknown, B.J.**

**Sadler, Valley, Alabama 36854.**

4.      Identify by name and address any person who has any knowledge of any fact or

circumstances alleged in the Complaint.

**RESPONSE:  Please see Plaintiff's response to the preceding interrogatory.**

5.      Identify by name and address all physicians or other persons who rendered medical

care and treatment to the plaintiff for the injuries alleged in the Complaint.

**RESPONSE:  East Alabama Medical Center**
**2000 Pepperell Parkway**
**Opelika, Alabama 36801**

**George H. Lanier Memorial Hospital**
**P.O. Box 348**
**Valley, Alabama 36854**

**Burton Sundin, M.D.**
**619 South 19th Street**
**Birmingham, Alabama 35249**

UAB Hospital
619 South 19th Street
Birmingham, Alabama 35249

University Health Services Foundation, P.C.
P.O. Box 55309
Birmingham, Alabama 35255-5309

As medical treatment is currently ongoing, Plaintiff reserves the right to

supplement this response at a later date.

6.    Identify by name and address all physicians who have ever rendered medical care or

treatment to the plaintiff.

**RESPONSE: Plaintiff objects to this interrogatory on the basis that it is overly broad,**

**unduly burdensome, and is not limited in scope of time. Without waiving said**

**objections, plaintiff was treated and release from Lanier Hospital for injuries due to a**

**motor vehicle accident on October 16, 2004.**

7.    Identify all persons over the age of eighteen who reside in Chambers County and

who are related either by blood or by law to plaintiff or to Owena Knowles.

**RESPONSE: Jim Knowles, Chris and Bobbie Dennis, Jason Stewart, Cody Bonner,**

**Phil and Leisa Johnson, Mike and Jan Brown, Shelia Humphrey, Jean**

**Humphrey, Walter Humphrey, David and Mattie Brown, Tyler and Pat**

**Knowles, Steven and Shannon Smith, Lee and Stephanie Chappell,**

**David and Shelia Clifton, Bobby and Janice Clifton, Tim and Kathy**

**Clifton, Eugene and Melinda Clifton, Robert and Linda Fawley, Robert**

**Clifton, Robbie Clifton, Michael Clifton, Jinks Patterson, Sara**

Williams, James Daniel, Andy and Jean Pugh, Nathaniel and Andrea

Barber, Jeremiah Pugh, Teresa Brown, Charles and Connie Kelly,

Anthony and Laura Meadows, and Blake Meadows.

8.    Identify by name and address all persons from whom a statement was taken

regarding the matters made the basis of the Complaint.

**RESPONSE:  Plaintiff objects to this interrogatory on the basis that it is overly broad,**

**unduly burdensome and seeks information which constitutes attorney**

**work product.  Without waiving said objections, no statements have**

**been taken to date.  Plaintiff reserves the right to supplement this**

**response at a later date.**

9.    Identify the type, model, gauge, manufacturer, country of manufacture, and serial

number of the shotgun at issue in the Complaint.

**RESPONSE:  The serial number on the twelve gauge shotgun is 0016971.  "Model 98**

**Made in China" is printed on the gun.**

10.    Identify by name and address the owner of the shotgun at issue in the Complaint.

**RESPONSE:  The subject gun was purchased by plaintiff's mother for plaintiff.**

11.    Identify by name and address the person who gave the shotgun to plaintiff.

**RESPONSE:  Please see plaintiff's response to the preceding interrogatory.**

12.    Identify by name and address all persons who taught or trained plaintiff on how to use and operate the shotgun.

**RESPONSE: Plaintiff was taught basic gun safety by his parents and grandparents.**

13.    Identify by name and address the person or entity who sold the shotgun to its current owner.

**RESPONSE: Pawn City, 1302 S. Gilmer Ave., Lanett, Alabama 36863.**

14.    State whether the alleged defect in the shotgun was a design or manufacturing defect.

**RESPONSE: Plaintiff objects to this interrogatory on the basis that it seeks information which calls for a legal conclusion and is subject to be expert opinion and testimony. Plaintiff reserves the right to supplement this response at a later date pursuant to Rule 26 of the *Alabama Rules of Civil Procedure* and any pretrial/ scheduling order entered by the Court.**

15.    State the precise nature of the defect in the shotgun.

**RESPONSE: Plaintiff objects to this interrogatory on the basis that it seeks information which calls for a legal conclusion and is subject to be expert opinion and testimony. Plaintiff reserves the right to supplement this response at a later date**

pursuant to Rule 26 of the *Alabama Rules of Civil Procedure* and any pretrial/ scheduling order entered by the Court.

16.    State whether any modification was made to the shotgun, whether by plaintiff or any other person or entity, identifying who made the modification, when it was made, and what was done.

**RESPONSE: No modifications were made.**

17.    Identify by name and address all individuals who fired the shotgun.

**RESPONSE: Plaintiff; B.J. Sadler, Valley, Alabama 36854; Cody Bonner, address unknown; Jason Stewart, address unknown.**

18.    State and describe all injuries or damages suffered by plaintiff.

**RESPONSE: Plaintiff objects to this interrogatory on the basis that it is overly broad, unduly burdensome and seeks information which constitutes attorney work product. Without waiving any objections, pursuant to ARCP 33(c), Plaintiff refers defendant to the medical records and bills of Brian Bonner from the following medial providers:**

> **East Alabama Medical Center**
> **2000 Pepperell Parkway**
> **Opelika, Alabama 36801**
>
> **George H. Lanier Memorial Hospital**
> **P.O. Box 348**
> **Valley, Alabama 36854**
>
> **Burton Sundin, M.D.**
> **619 South 19th Street**
> **Birmingham, Alabama 35249**

UAB Hospital
619 South 19th Street
Birmingham, Alabama 35249

University Health Services Foundation, P.C.
P.O. Box 55309
Birmingham, Alabama 35255-5309

**As medical treatment is currently ongoing, Plaintiff reserves the right to supplement this response at a later date.**

19.    State completely the warning that plaintiff contends should have been provided but was not provided.

**RESPONSE:  Plaintiff objects to this interrogatory on the basis that it seeks information which calls for a legal conclusion and is subject to be expert opinion and testimony.  Plaintiff reserves the right to supplement this response at a later date pursuant to Rule 26 of the *Alabama Rules of Civil Procedure* and any pretrial/ scheduling order entered by the Court.**

20.    State the nature of the implied warranty which plaintiff claims this defendant breached.

**RESPONSE:  Plaintiff objects to this interrogatory on the basis that it seeks information which calls for a legal conclusion and is subject to be expert opinion and testimony.  Plaintiff reserves the right to supplement this response at a later date pursuant to Rule 26 of the *Alabama Rules of Civil Procedure* and any pretrial/ scheduling order entered by the Court.**

21.    Enumerate all monetary sums for which plaintiff is seeking recovery as damages in this suit.

**RESPONSE:  Please see Plaintiff's response to interrogatory no. 18.**

22.    State whether any medical expenses incurred by the parent or legal guardian of Brian Bonner for the treatment of Mr. Bonner are being claimed as damages in this suit.  If so, itemize each and every medical expense as follows:  (a) the original fee charged by the medical care provider; (b) any co-pay made by plaintiff's parents or guardian; (c) whether health insurance paid any portion of the medical bill; (d) whether the health insurer negotiated the fee down; and (e) the amount actually paid by the health insurance.

**RESPONSE:  Please see Plaintiff's response to interrogatory no. 18.**

23.    State whether plaintiff has suffered any permanent physical impairment, identifying the nature and extent of the impairment and the expert who has opined that plaintiff suffers from such impairment.

**RESPONSE:  Plaintiff's right hand is permanently injured.  He has scarring, loss of use and limited mobility of his right hand.**

24.    Identify every person whom you expect to call as an expert witness at the trial of this case and for each such witness state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:** Plaintiff expects to call Tom Butters as an expert witness at the trial of this matter. All other information requested in this interrogatory will be supplemented at a later date pursuant to Rule 26 of the *Alabama Rules of Civil Procedure* and any pretrial/scheduling order entered by the Court.


_Brian Bonner_
Brian Bonner


_Owena Knowles_
Owena Knowles


## VERIFICATION

STATE OF ALABAMA          )
COUNTY OF Chambers )

    Before me, the undersigned authority, a notary public in and for said county in said state, hereby certify that BRIAN BONNER and OWENA KNOWLES whose names are signed to the foregoing document and who are known to me, acknowledged before me on this day that, being informed of the contents of the document, they executed the same voluntarily on the day the same bears date, and further that said individual swore before me under penalty of perjury that the facts alleged in the foregoing document are true and correct and are based on their personal knowledge and belief.

    Given under my hand and seal, this 10th day of May , 2005.


_Tommy Carlton_
Notary Public

My commission expires: 10|30|05

Chris T. Hellums (HEL012)
David J. Hodge (HOD016)
Attorneys for Plaintiff

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, has been served upon all parties either by hand delivery or by placing a copy of same in the United States Mail, postage prepaid, on this the 17th day of May, 2005.

John D. Gleissner, Esq.
ROGER & ASSOCIATES
Suite 650
3000 Riverchase Galleria
Birmingham, Alabama 35244

Todd M. Higey, Esq.
Gilbert C. Steindorff, IV, Esq.
ADAMS AND REESE/LANGE SIMPSON LLP
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

Of Counsel

# Exhibit D

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| BRIAN BONNER, a minor, by and through his mother and next friend, OWENA KNOWLES, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) |
| | ) |
| PAWN CITY, INC.; INTERSTATE ARMS CORPORATION; NORINCO a/k/a CHINA NORTH INDUSTRIES CORPORATION, et al., | ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No.: CV 05-002

## PLAINTIFF'S RESPONSES TO DEFENDANT INTERSTATE ARMS CORPORATION'S FIRST REQUEST FOR PRODUCTION

Comes now the plaintiff in the above-styled matter and in response to request for production propounded by defendant, INTERSTATE ARMS CORPORATION., and states as follows:

1.     The shotgun at issue in the Complaint.

**RESPONSE:  Plaintiff will arrange for an inspection of the shotgun at a mutually convenient date and time for all parties.**

2.     All documents related to the purchase or acquisition of the shotgun, including but not limited to, any invoice, bill of sale, firearm transaction record, Form 4473, etc.

**RESPONSE:  Please see attached.**

3.     All photographs or video footage of the shotgun.

**RESPONSE:** Plaintiff is not in possession of any such documents at this time.

Plaintiff reserves the right to supplement this response at a later date.

4.    All photographs or video footage of plaintiff's injuries.

**RESPONSE:** Please see attached photograph.

5.    All medical records and bills related to the Plaintiff.

**RESPONSE:** Plaintiff objects to this request on the basis that it seeks information

which constitutes attorney work product. Without waiving any objections, pursuant

to ARCP 33(c), Plaintiff refers defendant to the medical records and bills of Brian

Bonner from the following medical providers:

> East Alabama Medical Center
> 2000 Pepperell Parkway
> Opelika, Alabama 36801
>
> George H. Lanier Memorial Hospital
> P.O. Box 348
> Valley, Alabama 36854
>
> Burton Sundin, M.D.
> 619 South 19th Street
> Birmingham, Alabama 35249
>
> UAB Hospital
> 619 South 19th Street
> Birmingham, Alabama 35249
>
> University Health Services Foundation, P.C.
> P.O. Box 55309
> Birmingham, Alabama 35255-5309

As medical treatment is currently ongoing, Plaintiff reserves the right to

supplement this response at a later date.

6.      All documents, invoices, receipts, bills, etc., related to or otherwise reflecting any sum of monetary damage that is claimed in this suit.

**RESPONSE: Please see Plaintiff's response to the preceding request for production.**

7.      If applicable, Plaintiff's driver's license.

**RESPONSE: Please see attached.**

8.      The Certificate of Live Birth for Brian Bonner.

**RESPONSE: Please see attached.**

9.      All documents relating to, or otherwise concerning, any and all defects in the shotgun alleged in the Complaint.

**RESPONSE: Plaintiff objects to this interrogatory on the basis that it seeks information which calls for a legal conclusion and is subject to be expert opinion and testimony. Plaintiff reserves the right to supplement this response at a later date pursuant to Rule 26 of the *Alabama Rules of Civil Procedure* and any pretrial/ scheduling order entered by the Court.**

10.     Any warranty upon which plaintiff relies.

**RESPONSE: Plaintiff objects to this interrogatory on the basis that it seeks information which calls for a legal conclusion and is subject to be expert opinion and**

testimony. Plaintiff reserves the right to supplement this response at a later date pursuant to Rule 26 of the *Alabama Rules of Civil Procedure* and any pretrial/ scheduling order entered by the Court.

11.    All exhibits which plaintiff intends to utilize or introduce into evidence at the trial of this case.

**RESPONSE:** **Plaintiff objects to this request on the basis that it seeks information which constitutes attorney work product. Furthermore, plaintiff will respond to this request pursuant to any pretrial/scheduling order entered by the Court.**

12.    The complete file of any expert retained by Plaintiff to give testimony at the trial of this case.

**RESPONSE:** **Plaintiff will produce any such documents and/or reports at a later date pursuant to Rule 26 of the *Alabama Rules of Civil Procedure* and any pretrial/ scheduling order entered by the Court.**

_____
Chris T. Hellums (HEL012)
David J. Hodge (HOD016)
Attorneys for Plaintiff

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, has been served upon all parties either by hand delivery or by placing a copy of same in the United States Mail, postage prepaid, on this the 17th day of May , 2005.

John D. Gleissner, Esq.
ROGER & ASSOCIATES
Suite 650
3000 Riverchase Galleria
Birmingham, Alabama 35244

Todd M. Higey, Esq.
Gilbert C. Steindorff, IV, Esq.
ADAMS AND REESE/LANGE SIMPSON LLP
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

Of Counsel

# Exhibit E

# PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.

ATTORNEYS AT LAW

W. LEE PITTMAN
KEN HOOKS
TOM DUTTON*
JEFFREY C. KIRBY
CHRIS T. HELLUMS**
LEIGH KING FORSTMAN***
MICHAEL C. BRADLEY
J. CHRIS COCHRAN
ELISABETH ROBERTS
C. CARTER CLAY
DAVID HODGE

1100 PARK PLACE TOWER
**BIRMINGHAM, ALABAMA 35203**
TELEPHONE (205) 322-8880
TOLL FREE (866) 515-8880
FACSIMILE (205) 328-2711
E-MAIL PHDKH@pittmanhooks.com

OF COUNSEL
JAMES H. DAVIS****

*ALSO MEMBER MISSISSIPPI BAR
**ALSO MEMBER COLORADO BAR
***ALSO MEMBER TENNESSEE BAR
****MEMBER FLORIDA BAR ONLY

August 29, 2005

**VIA FACSIMILE & U.S. MAIL**
John D. Gleissner, Esq
ROGER & ASSOCIATES
Suite 650
3000 Riverchase Galleria
Birmingham, Alabama 35244

Re:  *Brian Bonner, a minor, by and through his mother and next friend, Owena*
     *Knowles v. Pawn City, Inc., et al.*
     **In the Circuit Court of Chambers County, Alabama**
     **Civil Action No.: CV 05-002**

Dear John:

I received your letter of August 16, 2005. I have no objection to an inspection of the shotgun. It is located in San Antonio, Texas. There is a laboratory there that I have used for such inspections. Please give me dates which you and your expert wish to inspect the shotgun, and we will make arrangements to have it inspected there.

Sincerely,

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.

David Hodge

DH/mh

cc:  Todd M. Higey, Esq.

# Exhibit F

# ADAMS AND REESE LLP
®
# LANGE SIMPSON

**Attorneys at Law**
Baton Rouge
**Birmingham**
Houston
Jackson
Mobile
New Orleans
Washington, DC

Writer's Direct Dial No. (205) 250-5045
E-Mail Address: todd.higey@arlaw.com

May 11, 2005

David J. Hodge
PITTMAN, HOOKS, DUTTON,
KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

Re:   Brian Bonner, a minor, by and through his mother and next friend,
      Owena Knowles v. Pawn City, Inc., et al.
      In the Circuit Court for Chambers County, Alabama
      Case Number: CV 2005-02

Dear David:

I am in receipt of and thank you for the unsigned answers to interrogatories and your responses to my requests for production. While it is still early in the case, and you may not have fully developed your theory of liability, I cannot meaningfully prepare a defense in this case until I know the nature and type of defect which you are alleging. As soon as you are able, please supplement your interrogatory answers to provide responses to numbers 14, 15, 19 & 20. Also, please supplement your answer to interrogatory 18 and specifically itemize the damages which you will claim. If you have an expert report from Mr. Butters, please be so kind as to forward it to me.

In answering my interrogatories, you did not indicate whether you will be claiming as damages medical expenses inquired by Brian Bonner's parents. Please let me know if you intend to make this claim.

As I have previously requested, since the gun is in Texas and cannot be readily inspected, please provide me with photographs of the shotgun. I would also appreciate copies of any medical records which you have on Mr. Bonner.

David J. Hodge
May 11, 2005
Page 2 of 2

Finally, sometime this summer I would like to depose Brian Bonner and his parents. I am generally free in late July and in the month of August. Please let me know what dates would be good for you. If possible, I would like to take the depositions here in Birmingham.

If you should have any questions, please don't hesitate to give me a call.

Sincerely yours,

Todd M. Higey

TMH/jgt

cc:    John D. Gleissner

# Exhibit G



ADAMS AND REESE LLP
®

LANGE SIMPSON

**Attorneys at Law**
Baton Rouge
**Birmingham**
Houston
Jackson
Mobile
New Orleans
Washington, DC

Writer's Direct Dial No. (205) 250-5045
E-Mail Address: todd.higey@arlaw.com

May 31, 2005

David J. Hodge, Esq.
PITTMAN, HOOKS, DUTTON,
KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

Re:    Brian Bonner, a minor, by and through his mother and next friend,
Owena Knowles v. Pawn City, Inc., et al.
In the Circuit Court for Chambers County, Alabama
Case Number: CV 2005-02

Dear David:

In reply to your letter of May 23, my interpretation of 27 C.F.R. §§ 478, et seq., leads me to conclude that it would be in violation of that subpart for Interstate Arms to ship a firearm to me or to you directly. Moreover, the certification required of the transferee in Form 4473 indicates that a firearm cannot be transferred from Interstate Arms or from a licensed dealer to you or me unless we purchase the gun. This interpretation has been confirmed by the Bureau of Alcohol, Tobacco and Firearms.

I have confirmed again with my client that there are no documents memorializing communications between it and Norinco.

In supplemental response to request for production no. 24, I enclose another invoice pertinent to the shotgun. I still do not have your response to my letter of May 11. I enclose another copy for your convenience.

Sincerely yours,

Todd M. Higey

TMH/jgt

cc:    Mr. John Gleissner (with enclosure)

# Exhibit H



Attorneys at Law
Baton Rouge
**Birmingham**
Houston
Jackson
Mobile
New Orleans
Washington, DC

Writer's Direct Dial No. (205) 250-5045
E-Mail Address: todd.higey@arlaw.com

August 30, 2005

Mr. David J. Hodge
PITTMAN, HOOKS, DUTTON,
KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

Re:    Brian Bonner, a minor, by and through his mother and next friend,
       Owena Knowles v. Pawn City, Inc., et al.
       In the Circuit Court for Chambers County, Alabama
       Case Number: CV 2005-02

Dear David:

I have not heard from you in reply to my letters of May 11 and May 31, 2005, asking you to supplement your interrogatory answers. Specifically, I have asked you to supplement nos. 14, 15, 18, 19 and 20. I have also asked you to forward to me any expert reports which you may have, including any report from Mr. Butters. I do not wish to file a motion to compel but I am waiting for this information before beginning deposition discovery. I would appreciate your answers in the next 14 days.

Sincerely yours,

Todd M. Higey

TMH/jgt

cc:    Mr. John Gleissner

# Exhibit I

# PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.

### ATTORNEYS AT LAW

W. LEE PITTMAN
KEN HOOKS
TOM DUTTON*
JEFFREY C. KIRBY
CHRIS T. HELLUMS**
LEIGH KING FORSTMAN***
MICHAEL C. BRADLEY
J. CHRIS COCHRAN
ELISABETH ROBERTS
C. CARTER CLAY
DAVID HODGE

1100 PARK PLACE TOWER
**BIRMINGHAM, ALABAMA 35203**
TELEPHONE (205) 322-8880
TOLL FREE (866) 515-8880
FACSIMILE (205) 328-2711
E-MAIL PHDKH@pittmanhooks.com

OF COUNSEL
JAMES H. DAVIS****

*ALSO MEMBER MISSISSIPPI BAR
**ALSO MEMBER COLORADO BAR
***ALSO MEMBER TENNESSEE BAR
****MEMBER FLORIDA BAR ONLY

September 1, 2005

**VIA FACSIMILE & U.S. MAIL**
John D. Gleissner, Esq
ROGER & ASSOCIATES
Suite 650
3000 Riverchase Galleria
Birmingham, Alabama 35244

Re:    *Brian Bonner, a minor, by and through his mother and next friend, Owena Knowles v. Pawn City, Inc., et al.*
       **In the Circuit Court of Chambers County, Alabama**
       **Civil Action No.: CV 05-002**

Dear John:

Pursuant to our conversation today, plaintiffs will supplement interrogatory responses. As to your request that I bring the gun to Birmingham for inspection, I do not believe that I can agree to that request. As you know, I have offered to allow you to inspect the gun in San Antonio at a convenient date and time. If you have some authority supporting your position that I have to ship the gun here so that you can inspect it, I will be happy to review it and reconsider my position. Please provide me with any such authority you may have in that regard. In the meantime, if you wish to discuss this further, please do not hesitate to call.

Sincerely,

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.

David Hodge

DH/mh

cc:    Todd Higey, Esq.

# Exhibit J

# PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.

ATTORNEYS AT LAW

W. LEE PITTMAN
KEN HOOKS
TOM DUTTON*
JEFFREY C. KIRBY
CHRIS T. HELLUMS**
LEIGH KING FORSTMAN***
MICHAEL C. BRADLEY
J. CHRIS COCHRAN
ELISABETH ROBERTS
C. CARTER CLAY
DAVID HODGE

1100 PARK PLACE TOWER
**BIRMINGHAM, ALABAMA 35203**
TELEPHONE (205) 322-8880
TOLL FREE (866) 515-8880
FACSIMILE (205) 328-2711
E-MAIL PHDKH@pittmanhooks.com

OF COUNSEL
JAMES H. DAVIS****

*ALSO MEMBER MISSISSIPPI BAR
**ALSO MEMBER COLORADO BAR
***ALSO MEMBER TENNESSEE BAR
****MEMBER FLORIDA BAR ONLY

September 27, 2005

Todd M. Higey, Esq.
ADAMS AND REESE/LANGE SIMPSON LLP
2100 Third Avenue North
Suite 1100
Birmingham, AL 35203

Re:     *Brian Bonner, a minor, by and through his mother and next friend,*
        *Owena Knowles v. Pawn City, Inc., et al.*
        **In the Circuit Court of Chambers County, Alabama**
        **Civil Action No.: CV 05-002**

Dear Todd:

I am in receipt of your August 30, 2005 letter. I am in the process of supplementing our interrogatory responses and should have those to you in the near future. If you have any questions, please do not hesitate to contact me.

Sincerely,

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.

David Hodge

DH/mh

IN THE CIRCUIT COURT OF CHAMBERS COUNTY

STATE OF ALABAMA

FILED IN OFFICE THIS

FEB 8 2006

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

BRIAN BONNER, a minor, by and          )
through his mother and next friend,    )
OWENA KNOWLES,                         )
                                       )
        PLAINTIFF,                     )
                                       )    CIVIL ACTION NO. CV-05-02
V.                                     )
                                       )
INTERSTATE ARMS CORPORATION,           )
  et al.,                              )
                                       )
        DEFENDANTS.                    )

## NOTICE OF APPEARANCE

Comes now Curt M. Johnson and gives notice of appearance as additional counsel for Interstate Arms Corporation, one of the Defendants in the above styled case.

_____
Curt M. Johnson (JOH087)
Attorney for Defendant Interstate Arms Corporation
JOHNSON, CALDWELL & MCCOY
117 North Lanier Avenue, Suite 201
Lanett, AL 36863
(334) 644-5101
(334) 644-5121 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed, postage prepaid, a copy of the above and foregoing upon each of the following by placing a copy of same in the U.S. mail, properly addressed and postage prepaid to their regular mailing addresses:

Kenneth W. Hook
Chris T. Hellums
David W. Hodge
Pittman, Hooks, Dutton, Kirby & Hellums, PC
2001 Park Place North
1100 Park Place Tower
Birmingham, AL 35203

Nicholas T. Wooten
PO Drawer 290
LaFayette, AL 36862-0290

John D. Gleissner
Rogers & Associates
3000 Riverchase Galleria
Suite 650
Birmingham, AL 35244

Done this 7th day of ~~January~~ February, 2006.

Curt M. Johnson

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

FILED IN
DEC 1 3 2005
CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| BRIAN BONNER, a minor, by and through his mother and next friend, OWENA KNOWLES, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No.: CV-05-002 |
| PAWN CITY, INC.; INTERSTATE ARMS CORPORATION; NORINCO a/k/a CHINA NORTH INDUSTRIES CORPORATION, et al., | ) ) ) ) ) |
| Defendants. | ) ) |

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES PROPOUNDED TO PAWN CITY, INC.

COMES NOW the plaintiff and moves this Court to order the Defendant Pawn City, Inc. to answer Plaintiff's First Interrogatories and Request for Production. As grounds for, plaintiff states as follows:

1.    Plaintiff served this defendant with interrogatories and request for production on or about August 30, 2005.

2.    On or about November 4, 2005, the undersigned wrote counsel for defendant requesting the outstanding discovery responses (Exhibit A).

3.    To date, counsel for the plaintiff has not received any discovery responses from defendant Pawn City, Inc.

WHEREFORE, premises considered, the plaintiff respectfully requests this Court to enter an Order compelling the defendant to answer plaintiff's outstanding discovery within twenty days.

## PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.

ATTORNEYS AT LAW

W. LEE PITTMAN
KEN HOOKS
TOM DUTTON*
JEFFREY C. KIRBY
CHRIS T. HELLUMS**
LEIGH KING FORSTMAN***
MICHAEL C. BRADLEY
J. CHRIS COCHRAN
ELISABETH FRENCH
C. CARTER CLAY
DAVID HODGE

1100 PARK PLACE TOWER
**BIRMINGHAM, ALABAMA 35203**
TELEPHONE (205) 322-8880
TOLL FREE (866) 515-8880
FACSIMILE (205) 328-2711
E-MAIL PHDKH@pittmanhooks.com

OF COUNSEL
JAMES H. DAVIS****
JOEL F. ALEXANDER, III

*ALSO MEMBER MISSISSIPPI BAR
**ALSO MEMBER COLORADO BAR
***ALSO MEMBER TENNESSEE BAR
****MEMBER FLORIDA BAR ONLY

November 4, 2005

VIA FACSIMILE
John D. Gleissner, Esq
ROGER & ASSOCIATES
Suite 650
3000 Riverchase Galleria
Birmingham, Alabama 35244

Re:   *Brian Bonner, a minor, by and through his mother and next friend,*
*Owena Knowles v. Pawn City, Inc., et al.*
**In the Circuit Court of Chambers County, Alabama**
**Civil Action No.: CV 05-002**

Dear John:

Your client was served with interrogatories and requests for production on or about August 30th. These response are past due. Please forward me responses within the next ten (10) days so that I do not have to file a motion to compel.

Sincerely,

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.

David Hodge

DH/cw

EXHIBIT A

IN THE CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA

FILED IN OFFICE THIS

FEB 1 6 2005

CHARLES W. STC
CIRCUIT CLERK
CHAMBERS COUNTY, A

BRIAN BONNER, a minor, by and through his )
mother and next friend, OWENA KNOWLES, )
                                   )
        Plaintiff,                   )
                                     )
v.                                         )
                                     )
PAWN CITY, INC., et al.,            )
                                     )
        Defendants.               )

CASE NUMBER:

CV 2005-02

## ANSWER

COMES NOW Interstate Arms Corporation, pursuant to Rule 8 of the Alabama Rules of Civil Procedure, and for its answer to the Complaint, states as follows:

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 1 of the Complaint; therefore, they are denied.

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 2 of the Complaint; therefore, they are denied.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 3 of the Complaint; therefore, they are denied.

4.      In answer to Paragraph 4 of the Complaint, it is admitted that this defendant is incorporated in the State of Massachusetts; all other averments of this paragraph are denied.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 5 of the Complaint; therefore, they are denied.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 6 of the Complaint; therefore, they are denied.

7.      The averments of Paragraph 7 of the Complaint are denied.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 8 of the Complaint; therefore, they are denied.

9.      The averments of Paragraph 9 of the Complaint are denied.

10.     The averments of Paragraph 10 of the Complaint are denied.

11.     Defendant adopts and incorporates by reference its answers and denials to Paragraphs 1-10 of the Complaint as if fully set out herein.

12.     The averments of Paragraph 12 of the Complaint are denied.

13.     The averments of Paragraph 13 of the Complaint are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraphs 13(a)-13(g) of the Complaint; therefore, they are denied.

14.     Defendant adopts and incorporates by reference its answers and denials to Paragraphs 1-13 of the Complaint as if fully set out herein.

15.     The averments of Paragraph 15 of the Complaint are denied.

16.     The averments of Paragraph 16 of the Complaint are denied.  The averments of Paragraphs 16(a)-16(g) are denied.

17.     Defendant adopts and incorporates by reference its answers and denials to Paragraphs 1-16 of the Complaint as if fully set out herein.

18.     The averments of Paragraph 18 of the Complaint are denied.

19.     The averments of Paragraph 19 of the Complaint are denied.

20.     The averments of Paragraph 20 of the Complaint are denied.  The averments of Paragraphs 20(a)-20(g) are denied.

21.     Defendant denies that plaintiff is entitled to the relief demanded in the addendum clause of his complaint.

22.    Defendant denies each and every material allegation of the Complaint not expressly admitted herein above and demand strict proof thereof.

### AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon relief can be granted.

### Second Defense

Defendant pleads the general issue.

### Third Defense

Plaintiff was contributorily negligent and such negligence caused or contributed to the cause of his injuries.

### Fourth Defense

Plaintiff assumed the risk of any hazard which caused the alleged injuries.

### Fifth Defense

There is a lack of privity between this defendant and plaintiff.

### Sixth Defense

No act or omission of this defendant was the proximate cause of any injury to the plaintiff. There is a lack of cause or relation between plaintiff's alleged injuries and any conduct on the part of this defendant.

### Seventh Defense

This defendant is entitled to set a setoff or credit for any amounts received by plaintiff from any source whatsoever with respect to the injuries and damages alleged in this action.

### Eighth Defense

Defendant is not liable to the plaintiff with respect to injuries alleged because such injuries, if any, were caused by accident in terms of the law.

### Ninth Defense

Plaintiff misused the product which caused or contributed to the cause of his alleged injuries.

### Tenth Defense

Plaintiff failed to give timely notice of the alleged breach of warranty.

### Eleventh Defense

Plaintiff's claims fall outside the scope of any express or implied warranty.

### Twelfth Defense

Defendant asserts a failure or lack of consideration.

### Thirteenth Defense

This Court lacks subject matter jurisdiction.

### Fourteenth Defense

This Court lacks personal jurisdiction.

### Fifteenth Defense

This defendant asserts insufficiency of service of process.

### Sixteenth Defense

This defendant asserts insufficiency of process.

### Seventeenth Defense

Defendant reserves the right to amend this answer to assert additional affirmative defenses that may be revealed during the course of this litigation.

_[signature: Todd M. Higey]_

Todd M. Higey (ASB-1098-H62)
Gilbert C. Steindorff, IV (ASB-2747-T69S)
Attorneys for Defendant
Interstate Arms Corporation

OF COUNSEL:

ADAMS AND REESE / LANGE SIMPSON LLP
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203
205.250.5000
205.250.5034 (Facsimile)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing was served upon the following counsel of record on this the 15th day of February 2005 by placing a copy of the same in the United States Mail, postage prepaid, and addressed as follows:

Kenneth W. Hook, Esq.
Chris T. Hellums, Esq.
David W. Hodge, Esq.
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

Nick Wooten, Esq.
WOOTEN & CARLTON, P.C.
P.O. Drawer 290
Lafayette, Alabama 36862

John D. Gleissner, Esq.
ROGERS & ASSOCIATES
3000 Riverchase Galleria
Suite 650
Birmingham, Alabama 35244

_[signature: Todd M. Higey]_

OF COUNSEL

IN THE CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA

FILED IN OFFICE

MAY 3 1 2005

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

BRIAN BONNER, a minor, by and through his  )
mother and next friend, OWENA KNOWLES,  )
                                        )
        Plaintiff,                      )
                                        )   CASE NUMBER:
                                        )
v.                                      )
                                        )   CV 2005-02
PAWN CITY, INC., et al.,                )
                                        )
        Defendants.                     )

## AMENDMENT TO ANSWER

COMES NOW one of the defendants, Interstate Arms Corporation, pursuant to Rule (15)(a) of the Alabama Rules of Civil Procedure, and amends its Answer to the Complaint by asserting the following additional affirmative defense: Any danger involved in the use of the shotgun by plaintiff was open and obvious to plaintiff and therefore he is barred from recovery. Defendant expressly adopts and incorporates by this reference its original Answer to the Complaint, including all denials and affirmative defenses asserted therein.

Todd M. Higey
Attorney for Defendant
Interstate Arms Corporation

OF COUNSEL:

ADAMS AND REESE / LANGE SIMPSON LLP
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203
205.250.5000
205.250.5034 (Facsimile)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing was served upon the following counsel of record on this the 26th day of May 2005 by placing a copy of the same in the United States Mail, postage prepaid, and addressed as follows:

David W. Hodge, Esq.
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

Nick Wooten, Esq.
WOOTEN & CARLTON, P.C.
P.O. Drawer 290
Lafayette, Alabama 36862

John D. Gleissner, Esq.
ROGERS & ASSOCIATES
3000 Riverchase Galleria
Suite 650
Birmingham, Alabama 35244

_____
OF COUNSEL

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

FILED IN OFFICE THIS

FEB  7 2005

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| BRIAN BONNER, a minor, by and through his mother and next friend, OWENA KNOWLES, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CV 05 - 002 ) |
| PAWN CITY, INC; INTERSTATE ARMS CORPORATION; NORINCO a/k/a CHINA NORTH INDUSTRIES CORPORATION, et al., | ) ) ) ) ) ) |
| Defendants. | ) ) |

## ANSWER OF PAWN CITY, INC.

Pawn City, Inc. answers the Complaint of the Plaintiffs as follows:

1.     This Defendant denies each and every material allegation in the Complaint and demands strict proof thereof.

2.     On the occasion complained of, the minor Plaintiff and his next friend were guilty of contributory negligence which proximately resulted in the injuries and damages complained of.

3.     The injured Plaintiff and his next friend assumed the risk of injuries and damages sustained by them.

4.     This Defendant's activities in connection with the shotgun had no causal relation or relationship with the alleged defect, if any.

5.     This Defendant sold a used shotgun, and therefore the Plaintiffs may not recover under any of the counts of the Complaint.

6.     The product was misused, abused, altered, modified, or otherwise changed by

the injured Plaintiff and his next friend, and therefore the Plaintiffs may not recover.

WHEREFORE, Pawn City, Inc. states that the Plaintiffs should not recover.

John D. Gleissner, Attorney
for Pawn City, Inc.

**OF COUNSEL:**

ROGERS & ASSOCIATES
SUITE 650
3000 RIVERCHASE GALLERIA
BIRMINGHAM, ALABAMA  35244
(205) 982-4620

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been mailed to the following:

Interstate Arms Corporation
c/o Andrea Prier
381 Conant Road
Weston, MA 02493

Chris T. Hellums, Esq.
David J. Hodge, Esq.
Pittman, Hooks, Dutton, Kirby & Hellums, PC
2001 Park Place North
1100 Park Place Tower
Birmingham, AL  35203

Nick Wooten, Esq.
Wooten & Carlton, PC
P.O. Drawer 290
LaFayette, AL  36862

by first class U.S. mail, properly addressed with postage prepaid, on this the 4 day of
_____Feb._____, 2005.

OF COUNSEL

State Court

Record of

Discovery
Documents Not
Scanned. View in
the Clerk's Office