UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| B. B., a minor, by and through his mother and next friend, OWENA KNOWLES, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PAWN CITY, INC., INTERSTATE ARMS CORP., and NORINCO a/k/a CHINA NORTH INDUSTRIES CORP., et al., )<br>)<br>)<br>)<br>)<br>Defendants. ) | Case No.: 3:06-cv-00715-DRB |

### DEFENDANT CHINA NORTH INDUSTRIES CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant China North Industries Corp. ("Norinco") hereby responds to plaintiff's Complaint as follows:

Answering the numbered paragraphs in plaintiff's Complaint, Norinco responds as follows:

### PARTIES

1. Norinco is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint and, therefore, denies the same.

2. Norinco is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint and, therefore, denies the same.

3. Norinco is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint and, therefore, denies the same.

4. Norinco is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint and, therefore, denies the same.

5. Norinco admits that it is a state-owned, limited liability company as defined by the laws of the People's Republic of China and that it is an instrumentality of a foreign state as defined by 28 U.S.C. § 1603(b). Norinco denies the remaining allegations contained in paragraph 5 of the Complaint.

## FACTS

6. Norinco is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint and, therefore, denies the same.

7. Norinco is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint and, therefore, denies the same.

## COUNT I

8. Norinco admits that it previously exported certain kinds of shotguns to the United States. Norinco is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 8 of the Complaint and, therefore, denies the same.

9. Norinco denies the allegations against it contained in paragraph 9 of the Complaint. Norinco is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against other defendants contained in paragraph 9 of the Complaint and, therefore, denies the same.

10. Norinco denies the allegations against it contained in paragraph 10 of the Complaint. Norinco is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against other defendants contained in paragraph 10 of the Complaint and, therefore, denies the same.

## COUNT II

11. Norinco incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 – 10 of the Complaint.

12. Norinco denies the allegations against it contained in paragraph 12 of the Complaint. Norinco is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against other defendants contained in paragraph 12 of the Complaint and, therefore, denies the same.

13. Norinco denies the allegations against it contained in paragraph 13 of the Complaint. Norinco is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against other defendants contained in paragraph 13 of the Complaint and, therefore, denies the same.

## COUNT III

14. Norinco incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 – 13 of the Complaint.

15.     Norinco denies the allegations against it contained in paragraph 15 of the Complaint. Norinco is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against other defendants contained in paragraph 15 of the Complaint and, therefore, denies the same.

16.     Norinco denies the allegations against it contained in paragraph 16 of the Complaint. Norinco is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against other defendants contained in paragraph 16 of the Complaint and, therefore, denies the same.

## COUNT IV

17.     Norinco incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 – 16 of the Complaint.

18.     Norinco denies the allegations against it contained in paragraph 18 of the Complaint. Norinco is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against other defendants contained in paragraph 18 of the Complaint and, therefore, denies the same.

19.     Norinco denies the allegations against it contained in paragraph 19 of the Complaint. Norinco is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against other defendants contained in paragraph 19 of the Complaint and, therefore, denies the same.

20.     Norinco denies the allegations against it contained in paragraph 20 of the Complaint. Norinco is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against other defendants contained in paragraph 20 of the Complaint and, therefore, denies the same.

Norinco denies that plaintiff is entitled to any of the relief requested in the paragraph following paragraph 20 of the Complaint.

### PREAMBLE TO ADDITIONAL DEFENSES

Norinco, pleading in the affirmative and without prejudice to its other pleadings, states the following additional defenses. By asserting these additional defenses, Norinco does not assume any burden of proof not otherwise legally assigned to it.

Norinco reserves the right to rely upon any of the following defenses or any additional defenses to the claims asserted by plaintiff, to the extent that such defenses are supported by information developed through discovery or by evidence at trial.

### First Defense

Norinco denies any paragraph or any portion of any paragraph in plaintiff's Complaint not previously referred to herein.

### Second Defense

Plaintiff's claims are due to be dismissed, or in lieu thereof the return of service of the Summons and Complaint quashed, on the following grounds: (a) lack of jurisdiction over the person; (b) lack of jurisdiction over the subject matter; (c) improper venue; (d) insufficiency of process; (e) insufficiency of service of process; and (f) failure to state a claim upon which relief may be granted.

### Third Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### Fourth Defense

Plaintiff's claims are barred by laches, waiver, and/or estoppel.

### Fifth Defense

The alleged injuries to plaintiff were caused, in whole or in part, by plaintiff's own contributory negligence.

### Sixth Defense

Plaintiff assumed the risk of injury.

### Seventh Defense

Plaintiff failed to heed the warnings provided by Norinco.

### Eighth Defense

At the time of plaintiff's alleged injuries, the subject product was changed, altered, modified, or otherwise in a condition different from the condition of such product at the time it entered the stream of commerce.

### Ninth Defense

The alleged injuries to plaintiff were proximately caused by the misuse, abuse, alteration, and/or failure to properly utilize, maintain, or care for the subject product by persons other than Norinco.

### Tenth Defense

The alleged injuries to plaintiff were caused in whole or in part by acts or omissions of another or others over whom Norinco neither exercised nor had any right of control, for which Norinco is and was not responsible, and whose conduct Norinco had no duty or reason to anticipate or control.

**Eleventh Defense**

There is no causal relation in fact between the alleged injuries sustained by plaintiff and any conduct of Norinco in connection with the design, manufacture, marketing, or maintenance of any product.

**Twelfth Defense**

Plaintiff's alleged injuries were caused by intervening and superseding causes which had no relation in fact to any conduct of Norinco in connection with the design, manufacture, marketing, or maintenance of any product.

**Thirteenth Defense**

Plaintiff is barred from recovering any damages because there was no practical or technically feasible alternative design that would have prevented the harm alleged by plaintiff without substantially impairing the usefulness or intended purpose of the subject product.

**Fourteenth Defense**

Plaintiff's breach of warranty claims are barred because plaintiff failed to give timely notice of any alleged breach of warranty to Norinco; plaintiff did not reasonably rely upon any alleged warranty; plaintiff failed to satisfy all conditions precedent or subsequent to the enforcement of such warranty; the warranty was appropriately disclaimed, excluded, or modified; and, moreover, the doctrine of *caveat emptor* would apply because the subject product was used when purchased by plaintiff.

**Fifteenth Defense**

Plaintiff's claim for punitive damages violates, and it is therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on grounds including, but not limited to, the following:

      a.     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

      b.     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

      c.     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

      d.     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

      e.     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate

the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

   f. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fines for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

   g. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

   h. An award of punitive damages to plaintiff in this action would constitute a deprivation of property without due process of law; and

   i. The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

### Sixteenth Defense

With respect to plaintiff's demand for punitive or exemplary damages, Norinco specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards of limitation which arose in <u>BMW of North America v. Gore</u>, 517 U.S. 559 (1996), <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001), and <u>State Farm Mutual Automobile Ins. Co. v. Campbell</u>, 538 U.S. 408 (2003).

**Seventeenth Defense**

Punitive damages awards in Alabama are not governed by any specific or adequate standards, are not based upon rational distinctions, do not serve any legitimate state interest, are necessarily vague and arbitrary, and therefore are in violation of the Due Process and Equal Protection provisions of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as those of Article I, Sections 1, 6, and 22 of the Alabama Constitution. Therefore, plaintiff cannot recover punitive damages.

**Eighteenth Defense**

Plaintiff's claims for punitive damages are barred by sections 6-11-20 and 6-11-27 of the Alabama Code.

**Nineteenth Defense**

Norinco affirmatively pleads and avers the protections afforded it by section 6-11-21 of the Alabama Code.

**Twentieth Defense**

Any verdict or judgment rendered against Norinco must be reduced by those amounts that have been or will be, with reasonable certainty, paid to replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation or employee benefits programs.

### Twenty-First Defense

All or some of plaintiff's medical expenses have been paid by plaintiff's medical insurance carrier, or some other form of insurance, and plaintiff is not entitled to recover said medical expenses pursuant to section 6-5-522 of the Alabama Code.

### Twenty-Second Defense

Plaintiff's claims against Norinco are barred to the extent the Protection of Lawful Commerce in Arms Act, 15 U.S.C. §§ 7901-03, applies to this action.

WHEREFORE, Norinco requests that plaintiff's Complaint, and all claims alleged therein, be dismissed with prejudice, that Norinco be awarded its costs, disbursements, and attorney's fees incurred in the defense of this action, and that Norinco be granted any other relief to which it may be entitled.

### Non-Jury Trial

Pursuant to 28 U.S.C. § 1441(d), this action "shall be tried by the court without jury."

    s/ James C. Barton, Jr.
    James C. Barton, Jr. (BAR014)
    Bar Number:  ASB-0237-B51J
    Email: jbartonjr@jbpp.com

    s/ Alan D. Mathis
    Alan D. Mathis (MAT052)
    Bar Number:  ASB-8922-A59M
    Email:  adm@jbpp.com

    Attorneys for defendant
    China North Industries Corp.

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 458-9400
(205) 458-9500 (FAX)

**OF COUNSEL**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by first class mail, postage prepaid, on this 16th day of August 2006 upon the following:

Kenneth W. Hooks, Esq.
Chris T. Hellums, Esq.
David J. Hodge, Esq.
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

Nick Wooten, Esq.
WOOTEN & CARLTON, P.C.
P.O. Drawer 290
Lafayette, Alabama 36862

John D. Gleissner, Esq.
ROGERS & ASSOCIATES
3000 Riverchase Galleria, Suite 650
Birmingham, Alabama 35244

Todd M. Higey, Esq.
ADAMS & REESE / LANGE SIMPSON, LLP
2100 3rd Avenue North, Suite 1100
Birmingham, Alabama 35203

Curt M. Johnson, Esq.
JOHNSON CALDWELL & MCCOY
117 N. Lanier Avenue, Suite 201
Lanett, Alabama 36863

               s/ Alan D. Mathis
               Of Counsel

W0569370.DOC