IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION,

| | |
|---|---|
| B. B. a minor, by and through his mother and next friend, OWENA KNOWLES, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No.: 3:06cv715-MHT<br>) |
| PAWN CITY, INC.; INTERSTATE ARMS CORPORATION; NORINCO a/k/a CHINA NORTH INDUSTRIES CORPORATION, QIQIHAR HAWK INDUSTRIES, et al., | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT NORINCO'S DISCOVERY RESPONSES WITHIN FOURTEEN (14) DAYS

COMES NOW the plaintiff and moves this Court to order Defendant Norinco to answer plaintiff's First Interrogatories and Request for Production. As grounds therefore, plaintiff states as follows:

1. Plaintiff served Defendant Norinco with interrogatories and requests for production on or about November 27, 2006 (Exhibit A). Defendant Norinco's responses to plaintiff's discovery were due on December 27, 2006.

2. Counsel for plaintiff and counsel for defendant Norinco have had discussions and corresponded numerous times regarding the past due discovery.

3. To date, plaintiff has not received responses to first interrogatories and request for production propounded on November 27, 2006.

4. The Honorable Court has denied plaintiff's Motion To Extend Scheduling Order, and the plaintiff is in need of Defendant Norinco's responses to discovery previously propounded, in order to properly conduct further discovery.

WHEREFORE, premises considered, the plaintiff respectfully requests this Court to enter an Order compelling defendant Norinco to answer plaintiff's outstanding discovery within fourteen (14) days.

Respectfully submitted,

/s/ David J. Hodge
DAVID J. HODGE
Of Counsel for Plaintiff

OF COUNSEL:

PITTMAN, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile

Nick Wooten, Esq.
WOOTEN & CARLTON, P.C.
P.O. Drawer 290
Lafayette, Alabama 36862

## CERTIFICATE OF SERVICE

      I hereby certify that on the 20th day of February, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: All counsel of record.

      I hereby further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**Qiqihar Hawk Industries**
**No. 3 Delong Road**
**Technique Industrial Development District**
**Heilong Jiang Proy Province**
**Peoples Republic of China**

                                               /s/David J. Hodge
                                               Of Counsel for Plaintiff

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION,

| | |
|---|---|
| B. B. a minor, by and through his mother and next friend, OWENA KNOWLES, <br><br> Plaintiff, <br><br> v. <br><br> PAWN CITY, INC.; INTERSTATE ARMS CORPORATION; NORINCO a/k/a CHINA NORTH INDUSTRIES CORPORATION, QIQIHAR HAWK INDUSTRIES, et al., <br><br> Defendants. | Civil Action No.: 3:06cv715-MHT |

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO NORINCO

Comes now the Plaintiff in the above styled cause and requests that the defendant, NORINCO, answer the following interrogatories and requests for production within the time required by the Alabama Rules of Civil Procedure. In addition, the plaintiff requests that the defendant attach a copy of each and every document referred to in any of the interrogatories or in defendant's response thereto.

NOTE A:   References herein to the "product" or any derivative or synonym thereof, are to a twelve gauge shotgun, serial # 0016971.

NOTE B:   These interrogatories and requests for production shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this defendant or this defendant's attorney subsequent to your original responses. Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

1.  Please state this defendant's name correctly and/or the correct way this defendant should be designated as a party defendant in an action at law (at the time of the occurrence made the basis of this suit and at the time these interrogatories are answered).

2.  State this defendant's role in the design, manufacture, assembly, and/or distributive chain of the product. If this defendant claims to have had no such role, state the name and address of each person or entity that did. If this defendant had such role, state:

      (a)    The respective dates the product was designed, assembled, and/or manufactured and/or distributed.

      (b)    The date the product was sold and the name and address of the person or entity to whom the product was sold.

3. State the name and address of each person or entity within the distributive chain of the product from the date of manufacture up to and including the date of said occurrence.

4. Please identify all information which accompanies the product from the time it is shipped from this defendant to the time it is purchased by a consumer.

5. Please identify all parts and accessories that accompany the product from the time it is shipped from this defendant to the time it is purchased by a consumer.

6. Please list all testing and/or quality assurance procedures ever performed on the product by this defendant or on behalf of this defendant.

7. List any and all standards, if any, which pertain to the design, manufacture, use or assembly of the product or other similar products including, but not limited to, all standards known to the defendant which were promulgated by local, state or governmental agencies, bureaus, and commissions, or by industry groups.

8. Describe any and all recall and/or retrofit campaigns or similar activity involving the product or similar products, or any component thereof conducted by this defendant or any representative of this defendant.

9. List all warranties pertaining to or covering the product. (If written, please attach copies).

10. Describe any and all approvals of the product by any person, corporation, association, consumer group, or any other entity.

11. Describe any training, teaching or instructional program (s) conducted by or participated in by this defendant regarding the use, operation and/or maintenance of the product or similar products. This should include, but is not limited to, any field training, teaching or instructional programs.

12. Describe any and all repairs, changes or modifications to the product made five years prior to or subsequent to the occurrence made the basis of this suit.

13. State the full name and address of each and every witness that you expect to call at the trial of this case.

14. Please state the name and address of each expert witness that you expect to call at the trial of this case and state the subject matter on which said experts are expected to testify.

15. Please state the substance of the facts, opinions and conclusions to which each and every expert is expected to testify in this case.

16. State the name and address of the person(s) and/or employee(s) of this defendant who is most knowledgeable about the design, manufacture and/or operation of the product.

17. State the name and address of any and all safety or industrial associations or organizations of which this defendant is a member.

18. Sate whether or not this defendant has or had possession or control of any document containing information regarding safety in the design, manufacture, assembly, use and/or maintenance of the product described in the complaint, or other substantially similar products. If so, produce a copy thereof.

19. Please state and list any citations, criticisms, reprimands or correspondence with any governmental agency or body because of alleged violations of any international, federal, state, or local statute or regulation with regard to the design, manufacture, distribution or sale of the product described in the complaint within the last five years. Produce a copy of all documentation described in this interrogatory.

20. Please state or list any and all lawsuits (past or present) against this defendant claiming injury, death or damage due to an alleged defective condition, defect in or problems regarding the product or similar products described in the complaint within the last five years. This should include the civil action number of any such lawsuits, location of filing, current disposition, and identity of plaintiff and defense counsel.

21. Please describe any remedial or subsequent changes made to the product described in the complaint.

22. Please describe any safety inspection, quality control inspection, quality inspection or other type of inspection, made by or for this defendant with respect to the manufacturing and/or distribution of the product or products similar to the one made the basis of plaintiff's complaint.

23. Please describe the procedure this defendant follows when someone reports a problem or criticism of equipment such as the product that is the subject of this lawsuit.

24. State whether or not this defendant, or anyone to its knowledge, published and/or distributed any brochure, pamphlet, or other printed material which contained warnings concerning the possibility of injury resulting from the use of the product referred to in the complaint, or other similar products. If so, produce a copy thereof.

25. State whether or not this defendant has ever sent any notices, warnings, or modified instructions to owners or users of products manufactured and/or sold by this defendant. If so, produce a copy thereof.

26. State whether this defendant or any representative of this defendant conducted any recall and/or retrofit campaigns or similar activity involving the product referred to in the complaint or similar products, or any component part thereof. If so, produce a copy thereof.

27. Has this defendant ever made any written warranties on any of the products which it distributes? If so, produce a copy thereof.

28. State whether this defendant conducted, participated in or otherwise knows of any training or instructional program regarding the use, operation and/or maintenance of the product involved in the occurrence made the basis of this suit or substantially similar products. If so, produce a copy thereof.

29. Identify any and all safety components of this product. Such an identification should include a description of all guards, warnings, safety systems and designs.

30. Describe this defendant's relationship with Qiqihar Hawk Industries and Interstate Arms Corporation.

31. Describe with specificity the process through which the barrel is affixed in its proper location on the subject product.

32. List and describe all equipment used in the manufacture of the product, to include soldering equipment and supplies.

33. Describe in detail the training given to the person(s) responsible for soldering the barrel stud and affixing the barrel to the product.

## **REQUESTS FOR PRODUCTION**

1. Please produce all information which accompanies the product from the time it is shipped from this defendant to the time it is purchased by a consumer.

2. Please produce all warnings and instructions that accompany the product from the time it is shipped from this defendant to the time it is purchased by a consumer.

3. Please produce all parts and accessories that accompany the product from the time it is shipped from this defendant to the time it is purchased by a consumer.

4. Please produce all testing data and results concerning the product conducted with the last five years.

5. Please produce a copy of all patents referable to the product or any component of same.

6. Please produce a copy of all patents referable to any component of the product.

7. Please produce a copy of all advertising material pertaining to the subject product manufactured by this defendant.

8. Please produce an exemplar product.

9. Pursuant to ARCP 26 (b) (2) and *Ex-parte Badham*, please produce any insurance agreements (primary, excess, or other) including any declaration pages, under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

10. Please produce copies of all claims and/or complaints in which this defendant was sought to be held responsible for personal injury or death as a result of the use, manufacture, design, and/or breach of warranty of or relating to any product manufactured or assembled by this defendant at any time in the five (5) years prior to the date of the occurrence made the basis of this litigation.

11. Please produce any and all resumes or similar documents setting forth the educational background and qualifications of each and every expert witness that you expect to testify at the trial of this case.

12. Please produce any written report obtained from any expert witness this defendant has consulted with whether or not they will be used at trial.

13. Please produce any and all documents of any type whatsoever including, but not limited to invoices, sales orders, or written documents of any type indicating, addressing or following out of any remedial or subsequent changes made to the product described in the complaint within the last five years.

14. Please produce any and all contracts, including any addendum thereto, between this defendant and any other entity, relating to the procurement, manufacture, and/or design of the product described in the complaint.

15. Please produce the owner's manual for the product involved in this case.

16. Please produce any and all plans, blueprints, drawings, specifications, records, reports, memoranda, and other written or recorded documents relating to the design, manufacture or assembly of the product referred to in the complaint.

17. Please produce any and all notes, memorandum, items of correspondence, drawings, pictures or other documents regarding any safety inspection, quality control inspection, quality inspection or other type of inspection, made by or for this defendant at or about the

time the product, or products similar to the one made the basis of plaintiff's complaint, was manufactured, assembled or distributed.

18. Please produce each and every document, note, memorandum, item of correspondence or other document relating to any recommendations made by any entity or person, whether they be an agent of this defendant or not, regarding any quality control aspects of this defendants' manufacturing, assembly or distribution procedure for this product or products similar to the one made the basis of plaintiff's complaint.

19. Please produce any and all reports which were done as a result of either the accident which forms the basis of this suit or any prior accident involving the subject product or a substantially similar product within the last five years.

20. Please produce any and all policy and/or procedure manuals or any written information related to the procedure this defendant follows when someone reports a problem or criticism of equipment such as the product that is the subject of this lawsuit.

21. Please produce any and all documents evidencing reports or complaints of any problems with the subject product made by any person whether such report was made in writing or verbally, and whether or not any injury was involved within the last five years.

22. Please produce any and all policy, procedure and/or instruction manuals describing any safety inspection, quality control inspection, quality inspection or other type of inspection that this defendant had in effect with respect to the manufacturing, assembly or distribution of the product purchased by the Plaintiff and/or products similar to the one made the basis of plaintiff's complaint.

23. Produce all engineering change requests or change orders applicable to the product described in the complaint. Please produce all documents that reflect such changes.

24. Produce any and all invoices, bills of lading, charges, pick-up orders or order forms, or written documents of any type growing out of or pertaining to the sale of the product described in the complaint. This should include any and all documents growing out of or pertaining to the distributive chain of the product involved.

25. Produce all standards which pertain to the design, manufacture, use or assembly of the product described in the complaint or other similar products including, but not limited to, all standards known to the defendant which were promulgated by local, state, international or governmental agencies, bureaus and commissions, or by industry groups.

26. Produce all warnings or directions which were placed on product described in the complaint.

27. Produce any and all contracts, including any addendum thereto, between this defendant and any entity in the distributive chain relating to the procurement, manufacture, and/or design of the product involved.

28. Produce any document containing information regarding whether or not the product described in the complaint is presently in the same or substantially the same condition:

    a) at the time of and immediately prior to the occurrence made the basis of this complaint; and

    b) at the time said product left this defendant's possession.

29. Produce any documents evidencing reports or complaints of any problems with the subject product made by any person and whether such report was made in writing or verbally, and whether or not any injury was involved within the last five years.

30. Produce any approvals issued of the product has from any person, corporation, association, consumer group, or any other entity. Please include the following:

    a) The name and address of the person, corporation, organization, association, group or other entity which issued the approval;

    b) The date the approval was issued;

    c) The products manufactured, assembled or distributed by this defendant which were included in the approval; and

    d) The certificates of approval.

31. Produce any test or test studies from any laboratory, consultant, engineer, person, firm or corporation, by whatever name called, who conducted any test or test study to determine the safety of the product referred to in the complaint or similar products at any time prior to the occasion made the basis of this suit within the last five years.

32. Produce any and all advertisements, marketing materials or promotions concerning the product referred to in plaintiff's complaint or similar products whether said advertising was conducted by way of magazine, newspaper, television program other media form.

33. Produce any and all communications this defendant sent to or received from Qiquhar Hawk Industries or Interstate Arms Corporation.

34. Produce all training manuals, video recordings, audio recordings, or other materials used in the training of employees in the manufacturing, assembly or distribution process of the product.

35. Produce all video recordings and photographs which depict the manufacturing, assembly or distribution process used in manufacture, assembly or distribution of the subject product or other like products.

36. Produce the name, address and telephone number of all current employees.

37. Produce the name, last known address and telephone number of all former employees since January 1, 1997, who were, at the time of employment with you, involved in the manufacture, assembly or distribution of firearms.

_____
Chris T. Hellums (HEL012)
David J. Hodge (HOD016)
Attorneys for Plaintiff

OF COUNSEL:

PITTMAN, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile

Nick Wooten, Esq.
WOOTEN & CARLTON, P.C.
P.O. Drawer 290
Lafayette, Alabama 36862

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, has been served upon all parties either by hand delivery or by placing a copy of same in the United States Mail, postage prepaid, on this the 27th day of November, 2006.

John D. Gleissner, Esq.
ROGER & ASSOCIATES
Suite 650
3000 Riverchase Galleria
Birmingham, Alabama 35244

Todd M. Higey, Esq.
ADAMS AND REESE/LANGE SIMPSON LLP
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

Gilbert C. Steindorff, IV, Esq.
HASKELL, SLAUGHTER, YOUNG & REDIKER LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

Curt M. Johnson, Esq.
JOHNSON, CALDWELL & McCOY
117 North Lanier Avenue, Suite 201
Lanett, AL 36863

James C. Barton, Jr., Esq.
Alan Daniel Mathis, Esq.
JOHNSTON, BARTON, PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, Alabama USA 35203

Qiqihar Hawk Industries
15 Nanyuan Road
Qiqihar, Heilong Jiang Proy
Peoples Republic of China

_____
**Of Counsel**