IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JIMMY FRANK CAMERON, #105591, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO. 2:06-CV-1115-MHT
)
RICHARD ALLEN, et al., )
)
Defendants. )

**O R D E R**

The Magistrate Judge has reviewed the written reports and supporting evidentiary materials filed by the defendants and determined that the plaintiff should file a response addressing ***each of the arguments and defenses contained in these reports***. In filing his response, the plaintiff shall specifically address:

1. The medical defendants' argument that he has failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA").[1] *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825 n.6 (2001) ("Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies."); *Porter v. Nussle*, 534

[1]This section provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The medical defendants assert that the plaintiff has failed to pursue the administrative remedies available to him at the Bullock County Correctional Facility with respect to the claims presented in the instant complaint. *Defendants' Supplemental Special Report - Court Doc. No. 31* at 3-5. Specifically, the defendants assert that "Cameron has not submitted an Inmate Formal Grievance Form or an Inmate Grievance Appeal Form. As such, the healthcare unit at Bullock County Correctional Facility has not been afforded the opportunity to resolve Mr. Cameron's medical complaints prior to [his] filing suit." *Id*. at 5.

U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2387 (2006) ("[T]he PLRA exhaustion requirement requires proper exhaustion."). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 2386.

2. Defendant Allen's assertion that the complaint fails to establish that this defendant in any way acted in violation of his constitutional rights.

Accordingly, it is

ORDERED that on or before April 2, 2007 the plaintiff shall file a response to the defendants' written reports. **If the plaintiff fails to file a response as required by this order, the court will treat the plaintiff's failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action. Moreover, the plaintiff is specifically cautioned that if he fails to file a response in compliance with the directives of this order the undersigned will recommend that this case be dismissed**

**for such failure. In addition, if the plaintiff fails to respond to the written reports with respect to each of the claims raised in his complaint, the court will treat this failure as an abandonment of these claims and shall proceed as justice requires.**

As indicated herein, at some time in the future the court may treat the defendants' reports and the plaintiff's response(s) as a dispositive motion and response.[2] Thus, in filing a response to the defendants' reports the plaintiff should not rely only on his or her unsworn pleadings but should respond by filing sworn affidavits,[3] or other evidentiary materials developed through discovery or other appropriate means and which set forth specific facts demonstrating there is a genuine issue of material fact for trial in this case. Failure to file sworn affidavits or other evidentiary materials may result in this court accepting the defendants' evidence as the truth.[4] If documents are referred to in the opposing affidavits and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits or served with them.

---

[2]Thus, in preparing a response to the special reports filed by the defendants the plaintiff should refer to the requirements of Rule 56, Federal Rules of Civil Procedure.

[3]An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer. The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

[4]If the plaintiff is unable to present, by affidavit, facts essential to justify his opposition to the defendants' reports, then plaintiff must file a sworn statement as to why he or she is unable to do so.

The parties are hereby notified that, unless within ten (10) days from the date of this order a party files a response in opposition which presents sufficient legal cause why such action should not be undertaken, upon the expiration of the time for the plaintiff to file a response as allowed by this order, the court may at any time thereafter and without further notice to the parties (1) treat the special reports and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the motion for summary judgment in accordance with the law.

Failure to follow the requirements of this order about the proper way to respond to the defendants' reports may result in a recommendation of the Magistrate Judge that final judgment be entered in favor of the defendants without there being an evidentiary hearing. ***The plaintiff is advised that if he asserts compliance with the medical provider's administrative procedures he must submit relevant evidentiary materials in support of this assertion showing that he has complied with each step of the grievance procedure. His mere conclusory allegation of exhaustion will be insufficient to defeat the defendants' argument***.

Done this 16th day of March, 2007.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Civil Misc. No 00-3047

**ORDER**

**CONFLICT DISCLOSURE STATEMENT**

In compliance with Fed. R. App. P. 26.1, Fed. R. Bankr. P. 1007(a)(1) and 7007.1, Fed R. Civ. P. 7.1, and Fed. R. Crim. P. 12.4, which require the judges to avoid conflicts of interest with unnamed corporations, partnerships, joint ventures, and other non-individual and non-governmental entities which may be related to parties to actions in this court, it is hereby ORDERED that this court's order (Doc. #1), entered January 14, 2000 is hereby VACATED. It is further ORDERED as follows:

1. All corporate, partnership, joint venture, and other non-individual and non-governmental parties shall file a statement identifying all parent companies, subsidiaries, affiliates, partnerships, or similar entities that could potentially pose a financial or professional conflict for a judge. The statement shall be filed with a party's first appearance. This requirement does not apply to governmental or individual parties.

2. In addition to this requirement which applies to all cases, including bankruptcy appeals, all bankruptcy appeals shall be accompanied by a statement identifying the debtor, the members of creditors' committee, any entity which is an active participant in the proceedings, and other entities whose stock or equity value may be substantially affected by the outcome of the proceedings.

3. If no entities are reportable under paragraphs #1 or #2 of this order, each party is required to file a statement to that effect contemporaneously with the party's first appearance.

4. It is the responsibility of the applicable party to a case to file a supplemental disclosure statement if, during the pendency of the case, additional reportable entities develop that would have been reportable initially.

5. This rule shall become effective on MARCH 1, 2007, and shall apply to all cases pending in this court after that date.

DONE this 16th day of February, 2007

CHIEF UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT JUDGE

W. Keith Watkins
UNITED STATES DISTRICT JUDGE

# **SAMPLE NOTICE FORMAT**

**Note:** When E-Filing this pleading, please enter a separate docket entry. The event entry is located on CM/ECF by clicking: CIVIL > OTHER DOCUMENTS > CORPORATE DISCLOSURE STATEMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
_______________________ DIVISION

| | | |
|---|---|---|
| _________________________________, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. __________________ |
| | ) | |
| _________________________________, | ) | |
| | ) | |
| Defendants, | ) | |

**CORPORATE/CONFLICT DISCLOSURE STATEMENT**

In accordance with the order of this Court, the undersigned party or parties to the above-captioned matter do hereby make the following disclosure concerning parent companies, subsidiaries, affiliates, partnership, joint ventures, debtor, creditors' committee, or other entities reportable under the provisions of the Middle District of Alabama's General Order No. 3047:

☐ There are no entities to be reported.

- or -

The following entities are hereby reported:

__________________________________________

__________________________________________

__________________________________________

______
Date

Signature ____________________________________
Counsel

____________________________________
Counsel for (print names of all parties)

____________________________________
Address, City, State Zip Code

____________________________________
Telephone Number

***Certificate of Service Required