**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Brian Bonner, a minor, by and through his mother and next friend, OWENA KNOWLES, | ) ) ) ) | NO ORAL ARGUMENT REQUESTED |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO. 3:06-CV-00715-MHT |
| PAWN CITY, INC.; et al., | ) ) | |
| Defendants. | ) | |

---

**MOTION FOR LEAVE TO FILE**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

---

Comes now the plaintiff, BRIAN BONNER, a minor, by and through his Mother and Next Friend, OWENA KNOWLES, and request this Honorable Court for leave to file Plaintiff's Second Amended Complaint, and as grounds thereto, states as follows:

1. On January 6, 2005, this lawsuit was initiated in the Circuit Court of Chambers County, Alabama, by and through, OWENA KNOWLES, as Mother and Next Friend of BRIAN BONNER, due to the disability of nonage, and naming PAWN CITY, INC., INTERSTATE ARMS CORPORATION, and NORINCO a/k/a CHINA NORTH INDUSTRIES CORPORATION as party defendants. A copy of said original complaint is attached hereto as Exhibit "A".

2. Plaintiff's First Amended Complaint was filed on August 4, 2006, substituting the defendant QIQHAR HAWK INDUSTRIES CO. LTD., (herein after "QIQIHAR

HAWK"), for Fictitious Defendant No. 1.  A copy of said amended complaint is attached hereto as Exhibit "B".

3.     On August 10, 2006, the Defendant, NORINCO a/k/a CHINA NORTH INDUSTRIES CORPORATION, filed a Notice of Removal alleging removal rights under 28 U.S.C. § 1441(d) due to it being a foreign state.

4.     On January 4, 2005, Brian Bonner reached the age of majority and now wishes to proceed with said lawsuit in his own individual capacity.

5.     That on June 12, 2007, the Defendant, QIQIHAR HAWK, filed its' Motion to Dismiss alleging that HEILONGJIANG HAWK GROUP CO., LTD. was the manufacturer and/or seller of the shotgun made basis of this action.  Plaintiff does not concede to Qiqihar Hawk's Motion to Dismiss, however, Plaintiff does seek leave to add HEILONGJIANG HAWK GROUP CO., LTD., as a party Defendant and pleads that in the alternative to QIQIHAR HAWK, HEILONGJIANG HAWK GROUP CO., LTD., was the manufacturer and/or seller of the shotgun made basis of this action.  A copy of Plaintiff's Second Amended Complaint is attached hereto as Exhibit "C".

6.     That the Defendants will not be prejudiced by the filing of Plaintiff's Second Amended Complaint.

WHEREFORE, Plaintiff requests this Honorable Court enter an Order granting Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint as set out above.

Respectfully submitted,

**s/ David J. Hodge**
Of Counsel for Plaintiff
Bar Number: ASB -4617-I71H
Pittman Dutton Kirby & Hellums, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile
Email:  PHDKH-efiling@pittmanhooks.com

OF COUNSEL:

Nick Wooten, Esq.
WOOTEN LAW FIRM, PC
P.O. Box 290
Lafayette, Alabama 36862

## CERTIFICATE OF SERVICE

I hereby certify that on **25**th day of **June, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John D. Gleissner, Esq.
ROGER & ASSOCIATES
Suite 650
3000 Riverchase Galleria
Birmingham, Alabama 35244


Todd M. Higey, Esq.
Gilbert C. Steindorff, IV, Esq.
ADAMS AND REESE/LANGE SIMPSON LLP
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

James C. Barton, Jr., Esq.
Alan D. Mathis, Esq.
JOHNSTON, BARTON, PROCTOR & POWELL, LLP
2900 Regions/Harbert Plaza
1901 6th Avenue North
Birmingham, Alabama 35203


                                        **s/ David J. Hodge**
                                        Of Counsel for Plaintiff

# IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

## CIVIL ACTION NO.: CV 05-002

BRIAN BONNER, a minor, by and through his mother and next friend, OWENA KNOWLES,

      **Plaintiff,**

v.

**PAWN CITY, INC., a corporation; INTERSTATE ARMS CORPORATION, a corporation; and NORINCO a/k/a CHINA NORTH INDUSTRIES CORPORATION, a corporation,** and **No. 1,** whether singular or plural, that entity or those entities which developed and/or manufactured the product involved in the occurrence made the basis of the plaintiff's complaint; **No. 2,** whether singular or plural, that entity or those entities which marketed, distributed, or sold the product involved in the occurrence made the basis of the plaintiff's complaint; **No. 3,** whether singular or plural, that entity or those entities which advertised the product involved in the occurrence made the basis of the plaintiff's complaint; **No. 4,** whether singular or plural, that entity or those entities which had any role in the distributive chain of the product involved in the occurrence made the basis of the plaintiff's complaint; **No. 5,** whether singular or plural, that entity or those entities which were merchants or sellers with respect to the product involved in the occurrence made the basis of the plaintiff's complaint; **No. 6,** whether singular or plural, that entity or those which issued any warranty, express or implied, with respect to the product involved in the occurrence made the basis of the plaintiff's complaint; **No. 7,** whether singular or plural, that entity or those entities which selected product involved in the occurrence made the basis of the plaintiff's complaint for the particular purpose for which it was required or used; **No. 8,** whether singular or plural, that entity or those entities which made any promise or affirmation of fact relating to the product involved in the occurrence made the basis of the plaintiff's complaint; **No. 9,** whether singular or plural, that entity or those entities which issued any description of goods or samples with respect to the product involved in the occurrence made the basis of the plaintiff's complaint; **No. 10,** whether singular or plural, that entity or those entities which were merchants or sellers of the product involved in the occurrence made the basis of the plaintiff's complaint and which impliedly warranted that said product was merchantable; **No. 11,** whether singular or plural, that entity or those entities which were sellers of the product involved in the occurrence made the basis of the plaintiff's complaint and which impliedly warranted that said product was fit for the particular purpose for which it was required; **No. 12,** whether singular or plural, that entity or those entities which provided information referable to the quality, worthiness or fitness of the product involved in the occurrence made the basis of the plaintiff's complaint; **No. 13,** whether singular or plural, that entity or those entities whose breach of warranty was a proximate cause of the injuries that are the subject of this lawsuit; **No. 14,** whether singular or plural, that entity or those entities which failed to warn or issued inadequate warnings with reference to the danger associated with the use of the product involved in the


PLAINTIFF'S EXHIBIT


A

occurrence made the basis of the plaintiff's complaint or similar products; **No. 15,** whether singular or plural, that entity or those entities, other than those entities described above, which is the successor in interest of any of the entities of the entities described above; **No. 16,** whether singular or plural, that entity or those entities, other than those entities described above, which was the predecessor corporation of any of the entities described above. (Plaintiff avers that the identity of the fictitious party defendants is otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time their identity as proper party defendants is not known to Plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.)

Defendants.

## COMPLAINT

## <u>PARTIES</u>

1.      BRIAN BONNER is a minor, under the age of nineteen years and sues by and through his mother and next friend, OWENA KNOWLES.

2.      OWENA KNOWLES is an individual over the age of nineteen years residing at 3013 Hopewell Road, Valley, Alabama. OWENA KNOWLES brings this action for and on behalf of BRIAN BONNER, a minor.

3.      Defendant, PAWN CITY, INC. (hereinafter "PAWN CITY"), upon information and belief is a corporation doing business in state of Alabama.

4.      Upon information and belief, defendant, INTERSTATE ARMS CORPORATION (hereinafter "INTERSTATE ARMS"), is a Massachusetts corporation doing business in the state of Alabama.

5.      Upon information and belief, defendant, NORINCO a/k/a CHINA NORTH INDUSTRIES (hereinafter "NORINCO"), is a Chinese entity engaged in commercial activity in the United States and the state of Alabama.

## FACTS

6.      On or about September of 2003, Brian Bonner purchased a NORINCO, or in the alternative, INTERSTATE ARMS twelve gauge shotgun from PAWN CITY.

7.      On or about November 15, 2003, the NORINCO, or in the alternative, INTERSTATE ARMS shotgun failed as a result of its defective nature.  On this date, the NORINCO, or in the alternative, INTERSTATE ARMS shotgun fell apart and unexpectedly fired into and through Brian Bonner's hand causing him severe and permanent injury.

## COUNT I

8.      At the aforesaid time and place, and for sometime prior thereto, defendants PAWN CITY, INTERSTATE ARMS, NORINCO and fictitious party defendants one through sixteen were engaged in the business of designing, manufacturing, selling and/or distributing said product throughout the United States, including the state of Alabama, for use by certain members of the general public.  Said defendants during said period of time and for valuable consideration designed, manufactured, sold and/or distributed the product which injured the plaintiff.

9.      At said time and place, said product was in substantially the same condition as when manufactured, sold and/or distributed, and was being used in a manner that was foreseeable.  The product was not reasonably safe when being used in a foreseeable manner, but to the contrary, was defective and unreasonably dangerous to the human body when being so used.  Said product was defectively designed and/or manufactured.  Said defendants knew, or in the

exercise of reasonable care should have known, that said product was unreasonably dangerous to the human body when being so used in a foreseeable manner.

10.    The foregoing wrongful conduct of said defendants was a proximate cause of plaintiff's injuries and damages and renders said defendants liable to plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

## COUNT II

11.    Plaintiff adopts and incorporates by reference paragraphs 1- 10 of his complaint as if the same were fully set out herein.

12.    The defendants, PAWN CITY, INTERSTATE ARMS, NORINCO and fictitious party defendants numbers one through sixteen, negligently or wantonly designed, manufactured, marketed, sold and/or distributed the product involved in the occurrence made the basis of plaintiff's complaint, and said negligent or wanton conduct was a proximate cause of plaintiff's injuries and damages hereinafter described.

13.    The aforesaid negligent, reckless and/or wanton conduct of each of the above-described defendants, including the fictitious party defendants, combined and concurred, and as a proximate consequence thereof, the plaintiff was injured and damaged as follows:

      a.    Plaintiff BRIAN BONNER was caused severe injuries to his right hand;

      b.    Plaintiff BRIAN BONNER was caused to be permanently injured;

      c.    Plaintiff BRIAN BONNER was caused to undergo multiple surgical procedures in an effort to heal and cure his injuries and will likely have to undergo further surgical procedures;

d.   Plaintiff BRIAN BONNER was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other expenses in an effort to heal and cure his injuries;

e.   Plaintiff BRIAN BONNER was caused to suffer and continues to suffer great physical pain and mental anguish as a result of his injuries;

f.   Plaintiff BRIAN BONNER was caused to be unable to pursue many of his normal activities;

g.   Plaintiff BRIAN BONNER will require assistance with his daily activities.


**COUNT III**

14.   Plaintiff adopts and incorporates by reference paragraphs 1- 13 of his complaint as if the same were fully set out herein.

15.   The defendants, PAWN CITY, INTERSTATE ARMS, NORINCO, and fictitious party defendants numbers one through sixteen, negligently or wantonly failed to provide sufficient warnings for the product involved in the occurrence made the basis of plaintiff's complaint, and said negligent or wanton conduct was a proximate cause of plaintiff's injuries and damages hereinafter described.

16.   The aforesaid negligent, reckless and/or wanton conduct of each of the above-described defendants, including the fictitious party defendants, combined and concurred, and as a proximate consequence thereof, the plaintiffs was injured and damaged as follows:

a.   Plaintiff BRIAN BONNER was caused severe injuries to his right hand;

b.   Plaintiff BRIAN BONNER was caused to be permanently injured;

c.      Plaintiff BRIAN BONNER was caused to undergo multiple surgical procedures in an effort to heal and cure his injuries and will likely have to undergo further surgical procedures;

d.      Plaintiff BRIAN BONNER was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other expenses in an effort to heal and cure his injuries;

e.      Plaintiff BRIAN BONNER was caused to suffer and continues to suffer great physical pain and mental anguish as a result of his injuries;

f.      Plaintiff BRIAN BONNER was caused to be unable to pursue many of his normal activities;

g.      Plaintiff BRIAN BONNER will require assistance with his daily activities.


## COUNT IV

17.     Plaintiff adopts and incorporates by reference paragraphs 1- 16 of his complaint as if the same were fully set out herein.

18.     The defendants, PAWN CITY, INTERSTATE ARMS, NORINCO, and fictitious party defendants one through sixteen, expressly and/or impliedly warranted that the product was reasonably fit and suitable for the purposes for which it was intended to be used. Plaintiff avers that said defendants breached said express and/or implied warranties in that said product was not reasonably fit and suitable for the purposes for which it was intended to be used but, to the contrary, said product was in a dangerously defective and unsafe condition due to the inadequate design, manufacture and failure to properly warn of potential dangers. Plaintiff

further avers that as a proximate cause of the aforesaid breach of warranties and breach of contract by the defendants the plaintiff was injured and damaged as hereinafter described.

19.    Plaintiff alleges that the injuries and damages were caused as a proximate consequence of the negligent and/or wanton conduct, breach of contract, breach of warranty, failure of the duty to warn, violation of the Alabama Extended Manufacturers and/or Strict Liability Doctrines, and other wrongful conduct of the defendants, PAWN CITY, INTERSTATE ARMS, NORINCO and fictitious defendants one through sixteen hereinabove described.

20.    The aforesaid negligent, reckless and/or wanton conduct of each of the above-described defendants, including the fictitious party defendants, combined and concurred, and as a proximate consequence thereof, the plaintiff was injured and damaged as follows:

    a.    Plaintiff BRIAN BONNER was caused severe injuries to his right hand;

    b.    Plaintiff BRIAN BONNER was caused to be permanently injured;

    c.    Plaintiff BRIAN BONNER was caused to undergo multiple surgical procedures in an effort to heal and cure his injuries and will likely have to undergo further surgical procedures;

    d.    Plaintiff BRIAN BONNER was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other expenses in an effort to heal and cure his injuries;

    e.    Plaintiff BRIAN BONNER was caused to suffer and continues to suffer great physical pain and mental anguish as a result of his injuries;

    f.    Plaintiff BRIAN BONNER was caused to be unable to pursue many of his normal activities;

    g.    Plaintiff BRIAN BONNER will require assistance with his daily activities.

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of the defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of the judgment and the costs incurred by the Court in managing this lawsuit.

Kenneth W. Hooks (HOO003)
Chris T. Hellums (HEL012)
David J. Hodge (HOD016)
Attorneys for Plaintiff

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile

Nick Wooten
Wooten & Carlton, P.C.
P.O. Drawer 290
LaFayette, AL 36862
(334) 864-2132
(334) 864-2133 facsimile



FILED IN OFFICE THIS

JAN 6 2005

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a struck jury for the trial of this case.

_____
Of Counsel for Plaintiff

## REQUEST FOR SERVICE

Pursuant to Alabama Rules of Civil Procedure 4.1 and 4.2, plaintiff requests that the

foregoing Summons and Complaint be served by certified mail along with Plaintiff's Motion

for Appointment of Special Process Server.

PAWN CITY, INC.
1302 S. Gilmer Ave.
Lanett, AL 36863

INTERSTATE ARMS CORPORATION
c/o Andrea Prier
381 Conant Road
Weston, MA 02493



FILED IN OFFICE THIS

JAN  6 2005

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

## DEFENDANT TO BE SERVED VIA SPECIAL PROCESS SERVER

NORINCO a/k/a CHINA NORTH INDUSTRIES CORPORATION
No. 46 Sanlihelu
Beijing, China 100821

_____
Of Counsel

PLAINTIFF'S
EXHIBIT

B

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | | |
|---|---|---|
| BRIAN BONNER, a minor, by and through his mother and next friend, OWENA KNOWLES, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: CV 05-002 |
| PAWN CITY, INC.; INTERSTATE ARMS CORPORATION; NORINCO a/k/a CHINA NORTH INDUSTRIES CORPORATION, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

## AMENDMENT TO COMPLAINT

Comes now the plaintiff, Brian Bonner, a minor, by and through his mother and next friend Owena Knowles, pursuant to Rule 15 (a) of the Alabama Rules of Civil Procedure, and hereby amends his original complaint, a copy of which is attached hereof as if fully set out herein, as follows:

1.      By substituting QIQIHAR HAWK INDUSTRIES (hereinafter, "QIQIHAR HAWK"), a Chinese entity engaged in commercial activity in the United States and the state of Alabama, for fictitious party No. 1 in the original complaint.

2.      By adding the above party to the original complaint, the plaintiff adopts and re-alleges each and every material averment of the original complaint and each and every amendment to the original complaint as if fully set out herein.

4.      Plaintiff hereby re-adopts and re-alleges each and every allegation in Paragraphs 1 through 20 in the original complaint as if fully set out herein.

## COUNT I

8.    At the aforesaid time and place, and for sometime prior thereto, defendants PAWN CITY, INTERSTATE ARMS, NORINCO and fictitious party defendants one through sixteen were engaged in the business of designing, manufacturing, selling and/or distributing said product throughout the United States, including the state of Alabama, for use by certain members of the general public.  Said defendants during said period of time and for valuable consideration designed, manufactured, sold and/or distributed the product which injured the plaintiff.

9.    At said time and place, said product was in substantially the same condition as when manufactured, sold and/or distributed, and was being used in a manner that was foreseeable.  The product was not reasonably safe when being used in a foreseeable manner, but to the contrary, was defective and unreasonably dangerous to the human body when being so used.  Said product was defectively designed and/or manufactured.  Said defendants knew, or in the exercise of reasonable care should have known, that said product was unreasonably dangerous to the human body when being so used in a foreseeable manner.

10.    The foregoing wrongful conduct of said defendants was a proximate cause of plaintiff's injuries and damages and renders said defendants liable to plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

## COUNT II

11.    Plaintiff adopts and incorporates by reference paragraphs 1- 10 of his complaint as if the same were fully set out herein.

12.    The defendants, PAWN CITY, INTERSTATE ARMS, NORINCO and fictitious party defendants numbers one through sixteen, negligently or wantonly designed, manufactured, marketed, sold and/or distributed the product involved in the occurrence made the basis of plaintiff's complaint, and said negligent or wanton conduct was a proximate cause of plaintiff's injuries and damages hereinafter described.

13.    The aforesaid negligent, reckless and/or wanton conduct of each of the above-described defendants, including the fictitious party defendants, combined and concurred, and as a proximate consequence thereof, the plaintiff was injured and damaged as follows:

    a.    Plaintiff BRIAN BONNER was caused severe injuries to his right hand;

    b.    Plaintiff BRIAN BONNER was caused to be permanently injured;

    c.    Plaintiff BRIAN BONNER was caused to undergo multiple surgical procedures in an effort to heal and cure his injuries and will likely have to undergo further surgical procedures;

    d.    Plaintiff BRIAN BONNER was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other expenses in an effort to heal and cure his injuries;

    e.    Plaintiff BRIAN BONNER was caused to suffer and continues to suffer great physical pain and mental anguish as a result of his injuries;

    f.    Plaintiff BRIAN BONNER was caused to be unable to pursue many of his normal activities;

    g.    Plaintiff BRIAN BONNER will require assistance with his daily activities.

## COUNT III

14.     Plaintiff adopts and incorporates by reference paragraphs 1- 13 of his complaint as if the same were fully set out herein.

15.     The defendants, PAWN CITY, INTERSTATE ARMS, NORINCO, and fictitious party defendants numbers one through sixteen, negligently or wantonly failed to provide sufficient warnings for the product involved in the occurrence made the basis of plaintiff's complaint, and said negligent or wanton conduct was a proximate cause of plaintiff's injuries and damages hereinafter described.

16.     The aforesaid negligent, reckless and/or wanton conduct of each of the above-described defendants, including the fictitious party defendants, combined and concurred, and as a proximate consequence thereof, the plaintiffs was injured and damaged as follows:

a.     Plaintiff BRIAN BONNER was caused severe injuries to his right hand;

b.     Plaintiff BRIAN BONNER was caused to be permanently injured;

c.     Plaintiff BRIAN BONNER was caused to undergo multiple surgical procedures in an effort to heal and cure his injuries and will likely have to undergo further surgical procedures;

d.     Plaintiff BRIAN BONNER was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other expenses in an effort to heal and cure his injuries;

e.     Plaintiff BRIAN BONNER was caused to suffer and continues to suffer great physical pain and mental anguish as a result of his injuries;

f.     Plaintiff BRIAN BONNER was caused to be unable to pursue many of his normal activities;

g.    Plaintiff BRIAN BONNER will require assistance with his daily activities.

## COUNT IV

17.    Plaintiff adopts and incorporates by reference paragraphs 1- 16 of his complaint as if the same were fully set out herein.

18.    The defendants, PAWN CITY, INTERSTATE ARMS, NORINCO, and fictitious party defendants one through sixteen, expressly and/or impliedly warranted that the product was reasonably fit and suitable for the purposes for which it was intended to be used. Plaintiff avers that said defendants breached said express and/or implied warranties in that said product was not reasonably fit and suitable for the purposes for which it was intended to be used but, to the contrary, said product was in a dangerously defective and unsafe condition due to the inadequate design, manufacture and failure to properly warn of potential dangers. Plaintiff further avers that as a proximate cause of the aforesaid breach of warranties and breach of contract by the defendants the plaintiff was injured and damaged as hereinafter described.

19.    Plaintiff alleges that the injuries and damages were caused as a proximate consequence of the negligent and/or wanton conduct, breach of contract, breach of warranty, failure of the duty to warn, violation of the Alabama Extended Manufacturers and/or Strict Liability Doctrines, and other wrongful conduct of the defendants, PAWN CITY, INTERSTATE ARMS, NORINCO and fictitious defendants one through sixteen hereinabove described.

verdict, and that it also award plaintiff interest from the date of the judgment and the costs

incurred by the Court in managing this lawsuit.

_____
Chris T. Hellums (HEL012)
David J. Hodge (HOD016)
Attorneys for Plaintiff


OF COUNSEL:

PITTMAN, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile

Nick Wooten
WOOTEN & CARLTON, P.C.
P.O. Drawer 290
LaFayette, AL 36862
(334) 864-2132
(334) 864-2133 facsimile


# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, has been served upon all parties either

by hand delivery or by placing a copy of same in the United States Mail, postage prepaid,

on this the _____ day of _____, 2006.

John D. Gleissner, Esq.
ROGER & ASSOCIATES
Suite 650
3000 Riverchase Galleria
Birmingham, Alabama 35244

Todd M. Higey, Esq.
Gilbert C. Steindorff, IV, Esq.
ADAMS AND REESE/LANGE SIMPSON LLP
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203


**DEFENDANT TO BE SERVED VIA SPECIAL PROCESS SERVER**

QIQIHAR HAWK INDUSTRIES
15 Nanyuan Road
Qiqihar, Heilong Jiang Prov.
Peoples Republic of China


_____
Of Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| Brian Bonner, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:06-CV-00715-MHT |
| | ) | |
| PAWN CITY, INC.; et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## PLAINTIFF'S SECOND AMENDED COMPLAINT

---

Comes now the plaintiff, Brian Bonner, pursuant to Rule 15 (a) of the Federal Rules of Civil Procedure, and hereby amends the original Complaint and First Amended Complaint, (copies of which are attached hereto as Exhibits "A" and "B"), previously filed in the above styled action, as follows:

1.      By substituting "BRIAN BONNER" for "BRIAN BONNER, a minor, by and through his mother and next friend, OWENA KNOWLES", in the style and throughout the original complaint and amendment, to more accurately and correctly identify the plaintiff in this case.

2.      By adding HEILONGJIANG HAWK GROUP CO., LTD., as a party Defendant, who in the alternative to QIQHAR HAWK INDUSTRIES CO. LTD., is the seller and/or manufacturer of the shotgun made the basis of this action.

1



PLAINTIFF'S EXHIBIT
C

3.     Plaintiff avers and realleges all statements constituting grounds for the basis of this lawsuit and injuries sustained by the Plaintiff, Brian Bonner, as a result of negligence, willful and/or wanton conduct of each of the above described Defendants.

4.     Plaintiff readopts and realleges each and every material averment of the original Complaint and First Amended Complaint, as if fully set out herein.

Respectfully submitted,

**s/ David J. Hodge**
Of Counsel for Plaintiff
Bar Number: ASB -4617-I71H
Pittman Dutton Kirby & Hellums, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile
Email:  PHDKH-efiling@pittmanhooks.com

OF COUNSEL:

Nick Wooten, Esq.
WOOTEN LAW FIRM, PC
P.O. Box 290
Lafayette, Alabama 36862

2

## CERTIFICATE OF SERVICE

I hereby certify that on 25th day of **June, 2007,** I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will send notification of such

filing to the following:

John D. Gleissner, Esq.
ROGER & ASSOCIATES
Suite 650
3000 Riverchase Galleria
Birmingham, Alabama 35244


Todd M. Higey, Esq.
Gilbert C. Steindorff, IV, Esq.
ADAMS AND REESE/LANGE SIMPSON LLP
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203


James C. Barton, Jr., Esq.
Alan D. Mathis, Esq.
JOHNSTON, BARTON, PROCTOR & POWELL, LLP
2900 Regions/Harbert Plaza
1901 6th Avenue North
Birmingham, Alabama 35203

## PLEASE SERVE THE FOLLOWING DEFENDANT VIA PERSONAL SERVICE IN ACCORDANCE WITH AND PURSUANT TO THE HAGUE CONVENTION:

Heilongjiang Hawk Group Co. Ltd.
183 Longsha Road
Qiqihar City, China 161000

                                        **s/ David J. Hodge**
                                        Of Counsel for Plaintiff

3

# IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

## CIVIL ACTION NO.: CV 05-002

**BRIAN BONNER, a minor, by and through his mother and next friend, OWENA KNOWLES,**

        **Plaintiff,**

v.

**PAWN CITY, INC., a corporation; INTERSTATE ARMS CORPORATION, a corporation; and NORINCO a/k/a CHINA NORTH INDUSTRIES CORPORATION, a corporation,** and No. 1, whether singular or plural, that entity or those entities which developed and/or manufactured the product involved in the occurrence made the basis of the plaintiff's complaint; **No. 2,** whether singular or plural, that entity or those entities which marketed, distributed, or sold the product involved in the occurrence made the basis of the plaintiff's complaint; **No. 3,** whether singular or plural, that entity or those entities which advertised the product involved in the occurrence made the basis of the plaintiff's complaint; **No. 4,** whether singular or plural, that entity or those entities which had any role in the distributive chain of the product involved in the occurrence made the basis of the plaintiff's complaint; **No. 5,** whether singular or plural, that entity or those entities which were merchants or sellers with respect to the product involved in the occurrence made the basis of the plaintiff's complaint; **No. 6,** whether singular or plural, that entity or those which issued any warranty, express or implied, with respect to the product involved in the occurrence made the basis of the plaintiff's complaint; **No. 7,** whether singular or plural, that entity or those entities which selected product involved in the occurrence made the basis of the plaintiff's complaint for the particular purpose for which it was required or used; **No. 8,** whether singular or plural, that entity or those entities which made any promise or affirmation of fact relating to the product involved in the occurrence made the basis of the plaintiff's complaint; **No. 9,** whether singular or plural, that entity or those entities which issued any description of goods or samples with respect to the product involved in the occurrence made the basis of the plaintiff's complaint; **No. 10,** whether singular or plural, that entity or those entities which were merchants or sellers of the product involved in the occurrence made the basis of the plaintiff's complaint and which impliedly warranted that said product was merchantable; **No. 11,** whether singular or plural, that entity or those entities which were sellers of the product involved in the occurrence made the basis of the plaintiff's complaint and which impliedly warranted that said product was fit for the particular purpose for which it was required; **No. 12,** whether singular or plural, that entity or those entities which provided information referable to the quality, worthiness or fitness of the product involved in the occurrence made the basis of the plaintiff's complaint; **No. 13,** whether singular or plural, that entity or those entities whose breach of warranty was a proximate cause of the injuries that are the subject of this lawsuit; **No. 14,** whether singular or plural, that entity or those entities which failed to warn or issued inadequate warnings with reference to the danger associated with the use of the product involved in the



PLAINTIFF'S EXHIBIT

A

occurrence made the basis of the plaintiff's complaint or similar products; **No. 15,** whether singular or plural, that entity or those entities, other than those entities described above, which is the successor in interest of any of the entities of the entities described above; **No. 16,** whether singular or plural, that entity or those entities, other than those entities described above, which was the predecessor corporation of any of the entities described above. (Plaintiff avers that the identity of the fictitious party defendants is otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time their identity as proper party defendants is not known to Plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.)

     Defendants.

---

## COMPLAINT

---

## <u>PARTIES</u>

1.    BRIAN BONNER is a minor, under the age of nineteen years and sues by and through his mother and next friend, OWENA KNOWLES.

2.    OWENA KNOWLES is an individual over the age of nineteen years residing at 3013 Hopewell Road, Valley, Alabama. OWENA KNOWLES brings this action for and on behalf of BRIAN BONNER, a minor.

3.    Defendant, PAWN CITY, INC. (hereinafter "PAWN CITY"), upon information and belief is a corporation doing business in state of Alabama.

4.    Upon information and belief, defendant, INTERSTATE ARMS CORPORATION (hereinafter "INTERSTATE ARMS"), is a Massachusetts corporation doing business in the state of Alabama.

5.    Upon information and belief, defendant, NORINCO a/k/a CHINA NORTH INDUSTRIES (hereinafter "NORINCO"), is a Chinese entity engaged in commercial activity in the United States and the state of Alabama.

## FACTS

6.     On or about September of 2003, Brian Bonner purchased a NORINCO, or in the alternative, INTERSTATE ARMS twelve gauge shotgun from PAWN CITY.

7.     On or about November 15, 2003, the NORINCO, or in the alternative, INTERSTATE ARMS shotgun failed as a result of its defective nature.  On this date, the NORINCO, or in the alternative, INTERSTATE ARMS shotgun fell apart and unexpectedly fired into and through Brian Bonner's hand causing him severe and permanent injury.

## COUNT I

8.     At the aforesaid time and place, and for sometime prior thereto, defendants PAWN CITY, INTERSTATE ARMS, NORINCO and fictitious party defendants one through sixteen were engaged in the business of designing, manufacturing, selling and/or distributing said product throughout the United States, including the state of Alabama, for use by certain members of the general public.  Said defendants during said period of time and for valuable consideration designed, manufactured, sold and/or distributed the product which injured the plaintiff.

9.     At said time and place, said product was in substantially the same condition as when manufactured, sold and/or distributed, and was being used in a manner that was foreseeable.  The product was not reasonably safe when being used in a foreseeable manner, but to the contrary, was defective and unreasonably dangerous to the human body when being so used.  Said product was defectively designed and/or manufactured.  Said defendants knew, or in the

exercise of reasonable care should have known, that said product was unreasonably dangerous to the human body when being so used in a foreseeable manner.

10.    The foregoing wrongful conduct of said defendants was a proximate cause of plaintiff's injuries and damages and renders said defendants liable to plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

## COUNT II

11.    Plaintiff adopts and incorporates by reference paragraphs 1- 10 of his complaint as if the same were fully set out herein.

12.    The defendants, PAWN CITY, INTERSTATE ARMS, NORINCO and fictitious party defendants numbers one through sixteen, negligently or wantonly designed, manufactured, marketed, sold and/or distributed the product involved in the occurrence made the basis of plaintiff's complaint, and said negligent or wanton conduct was a proximate cause of plaintiff's injuries and damages hereinafter described.

13.    The aforesaid negligent, reckless and/or wanton conduct of each of the above-described defendants, including the fictitious party defendants, combined and concurred, and as a proximate consequence thereof, the plaintiff was injured and damaged as follows:

   a.      Plaintiff BRIAN BONNER was caused severe injuries to his right hand;

   b.      Plaintiff BRIAN BONNER was caused to be permanently injured;

   c.      Plaintiff BRIAN BONNER was caused to undergo multiple surgical procedures in an effort to heal and cure his injuries and will likely have to undergo further surgical procedures;

    d.    Plaintiff BRIAN BONNER was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other expenses in an effort to heal and cure his injuries;

    e.    Plaintiff BRIAN BONNER was caused to suffer and continues to suffer great physical pain and mental anguish as a result of his injuries;

    f.    Plaintiff BRIAN BONNER was caused to be unable to pursue many of his normal activities;

    g.    Plaintiff BRIAN BONNER will require assistance with his daily activities.

## COUNT III

14.    Plaintiff adopts and incorporates by reference paragraphs 1- 13 of his complaint as if the same were fully set out herein.

15.    The defendants, PAWN CITY, INTERSTATE ARMS, NORINCO, and fictitious party defendants numbers one through sixteen, negligently or wantonly failed to provide sufficient warnings for the product involved in the occurrence made the basis of plaintiff's complaint, and said negligent or wanton conduct was a proximate cause of plaintiff's injuries and damages hereinafter described.

16.    The aforesaid negligent, reckless and/or wanton conduct of each of the above-described defendants, including the fictitious party defendants, combined and concurred, and as a proximate consequence thereof, the plaintiffs was injured and damaged as follows:

    a.    Plaintiff BRIAN BONNER was caused severe injuries to his right hand;

    b.    Plaintiff BRIAN BONNER was caused to be permanently injured;

c.   Plaintiff BRIAN BONNER was caused to undergo multiple surgical procedures in an effort to heal and cure his injuries and will likely have to undergo further surgical procedures;

d.   Plaintiff BRIAN BONNER was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other expenses in an effort to heal and cure his injuries;

e.   Plaintiff BRIAN BONNER was caused to suffer and continues to suffer great physical pain and mental anguish as a result of his injuries;

f.   Plaintiff BRIAN BONNER was caused to be unable to pursue many of his normal activities;

g.   Plaintiff BRIAN BONNER will require assistance with his daily activities.

## COUNT IV

17.   Plaintiff adopts and incorporates by reference paragraphs 1- 16 of his complaint as if the same were fully set out herein.

18.   The defendants, PAWN CITY, INTERSTATE ARMS, NORINCO, and fictitious party defendants one through sixteen, expressly and/or impliedly warranted that the product was reasonably fit and suitable for the purposes for which it was intended to be used. Plaintiff avers that said defendants breached said express and/or implied warranties in that said product was not reasonably fit and suitable for the purposes for which it was intended to be used but, to the contrary, said product was in a dangerously defective and unsafe condition due to the inadequate design, manufacture and failure to properly warn of potential dangers. Plaintiff

further avers that as a proximate cause of the aforesaid breach of warranties and breach of contract by the defendants the plaintiff was injured and damaged as hereinafter described.

19.    Plaintiff alleges that the injuries and damages were caused as a proximate consequence of the negligent and/or wanton conduct, breach of contract, breach of warranty, failure of the duty to warn, violation of the Alabama Extended Manufacturers and/or Strict Liability Doctrines, and other wrongful conduct of the defendants, PAWN CITY, INTERSTATE ARMS, NORINCO and fictitious defendants one through sixteen hereinabove described.

20.    The aforesaid negligent, reckless and/or wanton conduct of each of the above-described defendants, including the fictitious party defendants, combined and concurred, and as a proximate consequence thereof, the plaintiff was injured and damaged as follows:

a.    Plaintiff BRIAN BONNER was caused severe injuries to his right hand;

b.    Plaintiff BRIAN BONNER was caused to be permanently injured;

c.    Plaintiff BRIAN BONNER was caused to undergo multiple surgical procedures in an effort to heal and cure his injuries and will likely have to undergo further surgical procedures;

d.    Plaintiff BRIAN BONNER was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other expenses in an effort to heal and cure his injuries;

e.    Plaintiff BRIAN BONNER was caused to suffer and continues to suffer great physical pain and mental anguish as a result of his injuries;

f.    Plaintiff BRIAN BONNER was caused to be unable to pursue many of his normal activities;

g.    Plaintiff BRIAN BONNER will require assistance with his daily activities.

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of the defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of the judgment and the costs incurred by the Court in managing this lawsuit.

Kenneth W. Hooks (HOO003)
Chris T. Hellums (HEL012)
David J. Hodge (HOD016)
Attorneys for Plaintiff

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile

Nick Wooten
Wooten & Carlton, P.C.
P.O. Drawer 290
LaFayette, AL 36862
(334) 864-2132
(334) 864-2133 facsimile



FILED IN OFFICE THIS

JAN 6 2005

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a struck jury for the trial of this case.

_____
Of Counsel for Plaintiff

## REQUEST FOR SERVICE

Pursuant to Alabama Rules of Civil Procedure 4.1 and 4.2, plaintiff requests that the

foregoing Summons and Complaint be served by certified mail along with Plaintiff's Motion

for Appointment of Special Process Server.

PAWN CITY, INC.
1302 S. Gilmer Ave.
Lanett, AL 36863

INTERSTATE ARMS CORPORATION
c/o Andrea Prier
381 Conant Road
Weston, MA 02493



FILED IN OFFICE THIS

JAN  6 2005

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

## DEFENDANT TO BE SERVED VIA SPECIAL PROCESS SERVER

NORINCO a/k/a CHINA NORTH INDUSTRIES CORPORATION
No. 46 Sanlihelu
Beijing, China 100821

_____
Of Counsel


PLAINTIFF'S
EXHIBIT
B

**IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA**

| | |
|---|---|
| BRIAN BONNER, a minor, by and<br>through his mother and next friend,<br>OWENA KNOWLES,<br><br>      Plaintiff,<br><br>v.<br><br>PAWN CITY, INC.; INTERSTATE<br>ARMS CORPORATION; NORINCO<br>a/k/a CHINA NORTH INDUSTRIES<br>CORPORATION, et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)    **Civil Action No.: CV 05-002**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

## AMENDMENT TO COMPLAINT

---

Comes now the plaintiff, Brian Bonner, a minor, by and through his mother and next friend Owena Knowles, pursuant to Rule 15 (a) of the Alabama Rules of Civil Procedure, and hereby amends his original complaint, a copy of which is attached hereof as if fully set out herein, as follows:

1.      By substituting QIQIHAR HAWK INDUSTRIES (hereinafter, "QIQIHAR HAWK"), a Chinese entity engaged in commercial activity in the United States and the state of Alabama, for fictitious party No. 1 in the original complaint.

2.      By adding the above party to the original complaint, the plaintiff adopts and re-alleges each and every material averment of the original complaint and each and every amendment to the original complaint as if fully set out herein.

4.      Plaintiff hereby re-adopts and re-alleges each and every allegation in Paragraphs 1 through 20 in the original complaint as if fully set out herein.

## COUNT I

8.    At the aforesaid time and place, and for sometime prior thereto, defendants PAWN CITY, INTERSTATE ARMS, NORINCO and fictitious party defendants one through sixteen were engaged in the business of designing, manufacturing, selling and/or distributing said product throughout the United States, including the state of Alabama, for use by certain members of the general public. Said defendants during said period of time and for valuable consideration designed, manufactured, sold and/or distributed the product which injured the plaintiff.

9.    At said time and place, said product was in substantially the same condition as when manufactured, sold and/or distributed, and was being used in a manner that was foreseeable. The product was not reasonably safe when being used in a foreseeable manner, but to the contrary, was defective and unreasonably dangerous to the human body when being so used. Said product was defectively designed and/or manufactured. Said defendants knew, or in the exercise of reasonable care should have known, that said product was unreasonably dangerous to the human body when being so used in a foreseeable manner.

10.    The foregoing wrongful conduct of said defendants was a proximate cause of plaintiff's injuries and damages and renders said defendants liable to plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

## COUNT II

11.    Plaintiff adopts and incorporates by reference paragraphs 1- 10 of his complaint as if the same were fully set out herein.

12.     The defendants, PAWN CITY, INTERSTATE ARMS, NORINCO and fictitious party defendants numbers one through sixteen, negligently or wantonly designed, manufactured, marketed, sold and/or distributed the product involved in the occurrence made the basis of plaintiff's complaint, and said negligent or wanton conduct was a proximate cause of plaintiff's injuries and damages hereinafter described.

13.     The aforesaid negligent, reckless and/or wanton conduct of each of the above-described defendants, including the fictitious party defendants, combined and concurred, and as a proximate consequence thereof, the plaintiff was injured and damaged as follows:

a.      Plaintiff BRIAN BONNER was caused severe injuries to his right hand;

b.      Plaintiff BRIAN BONNER was caused to be permanently injured;

c.      Plaintiff BRIAN BONNER was caused to undergo multiple surgical procedures in an effort to heal and cure his injuries and will likely have to undergo further surgical procedures;

d.      Plaintiff BRIAN BONNER was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other expenses in an effort to heal and cure his injuries;

e.      Plaintiff BRIAN BONNER was caused to suffer and continues to suffer great physical pain and mental anguish as a result of his injuries;

f.      Plaintiff BRIAN BONNER was caused to be unable to pursue many of his normal activities;

g.      Plaintiff BRIAN BONNER will require assistance with his daily activities.

## COUNT III

14.     Plaintiff adopts and incorporates by reference paragraphs 1- 13 of his complaint as if the same were fully set out herein.

15.     The defendants, PAWN CITY, INTERSTATE ARMS, NORINCO, and fictitious party defendants numbers one through sixteen, negligently or wantonly failed to provide sufficient warnings for the product involved in the occurrence made the basis of plaintiff's complaint, and said negligent or wanton conduct was a proximate cause of plaintiff's injuries and damages hereinafter described.

16.     The aforesaid negligent, reckless and/or wanton conduct of each of the above-described defendants, including the fictitious party defendants, combined and concurred, and as a proximate consequence thereof, the plaintiffs was injured and damaged as follows:

a.     Plaintiff BRIAN BONNER was caused severe injuries to his right hand;

b.     Plaintiff BRIAN BONNER was caused to be permanently injured;

c.     Plaintiff BRIAN BONNER was caused to undergo multiple surgical procedures in an effort to heal and cure his injuries and will likely have to undergo further surgical procedures;

d.     Plaintiff BRIAN BONNER was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other expenses in an effort to heal and cure his injuries;

e.     Plaintiff BRIAN BONNER was caused to suffer and continues to suffer great physical pain and mental anguish as a result of his injuries;

f.     Plaintiff BRIAN BONNER was caused to be unable to pursue many of his normal activities;

g.      Plaintiff BRIAN BONNER will require assistance with his daily activities.


## COUNT IV

17.     Plaintiff adopts and incorporates by reference paragraphs 1- 16 of his complaint as if the same were fully set out herein.

18.     The defendants, PAWN CITY, INTERSTATE ARMS, NORINCO, and fictitious party defendants one through sixteen, expressly and/or impliedly warranted that the product was reasonably fit and suitable for the purposes for which it was intended to be used. Plaintiff avers that said defendants breached said express and/or implied warranties in that said product was not reasonably fit and suitable for the purposes for which it was intended to be used but, to the contrary, said product was in a dangerously defective and unsafe condition due to the inadequate design, manufacture and failure to properly warn of potential dangers. Plaintiff further avers that as a proximate cause of the aforesaid breach of warranties and breach of contract by the defendants the plaintiff was injured and damaged as hereinafter described.

19.     Plaintiff alleges that the injuries and damages were caused as a proximate consequence of the negligent and/or wanton conduct, breach of contract, breach of warranty, failure of the duty to warn, violation of the Alabama Extended Manufacturers and/or Strict Liability Doctrines, and other wrongful conduct of the defendants, PAWN CITY, INTERSTATE ARMS, NORINCO and fictitious defendants one through sixteen hereinabove described.

verdict, and that it also award plaintiff interest from the date of the judgment and the costs

incurred by the Court in managing this lawsuit.

Chris T. Hellums (HEL012)
David J. Hodge (HOD016)
Attorneys for Plaintiff


OF COUNSEL:

PITTMAN, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile

Nick Wooten
WOOTEN & CARLTON, P.C.
P.O. Drawer 290
LaFayette, AL 36862
(334) 864-2132
(334) 864-2133 facsimile


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, has been served upon all parties either

by hand delivery or by placing a copy of same in the United States Mail, postage prepaid,

on this the _____ day of _____, 2006.

John D. Gleissner, Esq.
ROGER & ASSOCIATES
Suite 650
3000 Riverchase Galleria
Birmingham, Alabama 35244

Todd M. Higey, Esq.
Gilbert C. Steindorff, IV, Esq.
ADAMS AND REESE/LANGE SIMPSON LLP
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

**<u>DEFENDANT TO BE SERVED VIA SPECIAL PROCESS SERVER</u>**

QIQIHAR HAWK INDUSTRIES
15 Nanyuan Road
Qiqihar, Heilong Jiang Prov.
Peoples Republic of China

_____
Of Counsel