IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| Brian Bonner, )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>PAWN CITY, INC.; et al., )<br>)<br>  Defendants. ) | CASE NO. 3:06-CV-00715-MHT |

**PLAINTIFF'S INITIAL RESPONSE TO QIQIHAR HAWK INDUSTRIES CO., LTD'S MOTION TO DISMISS AND REQUEST FOR RELIEF PURSUANT TO RULE 56(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff, Brian Bonner, offers this initial response to the motion to dismiss filed by Qigihar Hawk Industries Co., Ltd. ("Qigihar Hawk"). Plaintiff requests relief pursuant to Rule 56(f) of the Federal Rules of Civil Procedure so that he may conduct the discovery needed if he is to fully and completely respond to Qigihar Hawk's motion to be removed as a party-defendant in the above-styled matter. Plaintiff asks this Court to enter an order consistent with the statements and arguments contained herein.

Plaintiff commenced this lawsuit in the Circuit Court of Chambers County, Alabama. He alleged that he sustained personal injuries while using an allegedly defective shotgun. He further alleged that the subject shotgun was purchased from Pawn City, Inc. and that Interstate Arms Corporation had purchased the subject shotgun from China North Industries Corporation, commonly known as Norinco, and imported the weapon from China into this country. Because Norinco is an "agency or instrumentality"

of the Chinese government, when Norinco was finally served with process, Norinco exercised its right to have this matter removed to this Court pursuant to 28 U.S.C. § 1330.

While this matter was pending, plaintiff entered into a *pro tanto* settlement with Interstate Arms, who was represented by Todd M. Higey of Adams and Reese LLP and who now represents Qiqihar Hawk. Prior to entering into this settlement, Interstate Arms revealed the name of the subject shotgun's actual manufacturer and contact information regarding that manufacturer. By letter, Todd Higey provided the following information regarding the weapon's actual manufacturer:

> Qiqihar Hawk Ind.
> 15 Nanyuan Rd.
> Qiqihar, Heilong Jiang Prov.
> Peoples Republic of China

Using this supplied information, plaintiff's counsel undertook to amend the complaint to add Qiqihar Hawk as a party-defendant and to perfect service upon Qiqihar Hawk.

In its "Initial Disclosures" to this Court, Norinco stated that among the documents in its possession that it might use in its defense was a "Domestic Sales Contract between Norinco as the buyer and Qiqihar Hawk Industries Co., Ltd. as the seller." Initial Disclosures of Defendant China North Industries Corporation ¶ B(4). Norinco identified Ms. Hu Jie, the "Manager of Import & Export Department [of] Norinco Equipment Co., Ltd.," as someone with "knowledge of Norinco's purchase and sale of the shotgun." Id. ¶ A(8).

In its responses to the plaintiff's first interrogatories, Norinco testified that it purchased the subject shotgun "from the manufacturer, Qiqihar Hawk Industries." Defendant China North Industries Corp.'s Responses to Plaintiff's First Interrogatories to Norinco ## 2 & 30.

2

On June 12, 2007, Qiqihar Hawk filed its initial pleading in this matter. While that pleading is titled as a motion to dismiss pursuant to Rule 12(b)(2), in reality, the pleading must be treated as a motion for summary judgment pursuant to Rule 56. Qiqihar Hawk correctly observed: "Two types of contacts create personal jurisdiction: specific and general." Motion to Dismiss ¶ 3.

As to specific-based personal jurisdiction, Qiqihar Hawk simply asserted that "[s]pecific jurisdiction does not arise because Qiqihar Hawk did not manufacture or sell the shotgun at issue." Motion to Dismiss ¶ 4. Qiqihar Hawk made no argument that this Court may not exercise specific-based personal jurisdiction over Qiqihar Hawk if Qiqihar Hawk did in fact manufacture or sell "the shotgun at issue."

In support of its motion, Qiqihar Hawk proffered the "Declaration of Wu Ruihuan." Wu Ruihuan identified himself as the manager of the Export Department of Qiqihar Hawk Industries Co. Ltd, whose principal place of business is located at No. 3 Delong Road, Qiqihar, Heilongjiang Province, China." Declaration of Wu Ruihuan ¶ 2. In his declaration, Wu Ruihuan effectively disagrees with Norinco's under-oath testimony that Qiqihar Hawk manufactured the subject shotgun and sold it to Norinco. According to Wu Ruihuan, Norinco purchased the subject shotgun from Heilongjiang Hawk Group Co., Ltd.

In other words, Interstate Arms, while represented by Qiqihar Hawk's present counsel, informed plaintiff's counsel that Qiqihar Hawk manufactured the shotgun "at issue." In discovery responses, Norinco stated that Qiqihar Hawk manufactured the shotgun "at issue." Norinco affirmatively indicated that Ms. Hu Jie would confirm that Norinco purchased the subject shotgun from Qiqihar Hawk. Through Wu Ruihuan's

3

declaration, Qiqihar Hawk offered conflicting evidence as to the subject shotgun's manufacturer and as to what entity sold the weapon to Norinco. In essence, in seeking a dismissal as a party-defendant, Qiqihar Hawk is asserting that, as a matter of law, the plaintiff cannot prove that Qiqihar Hawk manufactured or sold the shotgun "at issue" because the weapon was actually manufactured by Heilongjiang Hawk and because Qiqihar Hawk had no involvement in the "stream of commerce" as to the weapon.

Because Qiqihar Hawk is truly seeking a determination "as a matter of law" that it did not manufacture or sell the subject shotgun and because Qiqihar Hawk presents and relies "on matters outside the pleadings," Qiqihar Hawk's motion must treated as a summary-judgment motion. Fed. R. Civ. P. 12(b). Plaintiff appreciates that converting a motion to dismiss to a summary-judgment motion is limited to situations wherein the defendant asserted a Rule 12(b)(6)-based defense. Yet, as demonstrated previously herein, in its motion, Qiqihar Hawk is actually arguing that the plaintiff cannot state a viable claim against Qiqihar Hawk because Qiqihar Hawk was not a product supplier as to the subject shotgun. In its motion, Qiqihar Hawk does not demonstrate that this Court may not exercise specific-based personal jurisdiction over Qiqihar Hawk if Qiqihar Hawk manufactured the subject shotgun and/or sold the subject shotgun to Norinco. This Court must overlook the "Motion to Dismiss" title and Qiqihar Hawk's reference to Rule 12(b)(2) when it is substantively apparent that Qiqihar Hawk is truly requesting a summary judgment based on its assertion that the plaintiff can never prove that Qiqihar Hawk manufactured or sold the subject shotgun. Qiqihar Hawk's motion must be treated as what it is truly is, namely a motion for summary judgment.

By procedural rule, "[s]hould it appear from the affidavits of a[n opposing] party ... that the party cannot for reasons stated present [the] facts essential to justify ... opposition [to a summary-judgment motion], the court may ... order a continuance to permit ... [the taking of] discovery." Fed. R. Civ. P. 56(f). As previously observed by this Court, "'Rule 56(f) is infused with a spirit of liberality.'" Shelby v. American Colliod Co., Inc., 2005 WL 3804725 at * 9 (M.D. Ala. Mar. 1, 2005)(quoting Wallace v. Brownell Pontiac-GMC Co., Inc., 703 F.2d 525, 527 (11th Cir. 1983)). A requested continuance should be "liberally" granted if the opposing party specifically states the reasons why he is unable to presently present the necessary opposing evidentiary materials and explains why the yet-to-be obtained materials are essential to rebutting the movant's contention of the absence of a genuine issue of fact. See Harbert Int'l, Inc. v. James, 147 F.3d 1271, 1280 (11th Cir. 1998).

In seeking Rule 56(f) relief, Brian Bonner relies on salient information provided by Norinco, including, specifically, Norinco's affirmative testimony that the subject shotgun was manufactured by and purchased from Qiqihar Hawks and on the additional factual statements previously referred to herein and contained in the attached affidavit executed by David Hodge, one of the plaintiff's attorneys. At this time, there is a "Norinco said, Qiqihar Hawk said" dispute, as well as "Interstate Arms said, Qiqihar Hawk said" dispute, as to whether Qiqihar Hawk manufactured the subject shotgun and/or whether Qiqihar Hawk sold the subject shotgun to Norinco. Fairness and justice dictate that Brian Bonner must be afforded the opportunity to secure from Norinco any evidence in Norinco's possession that rebuts Wu Ruihuan's factual declarations and the inferences that Qiqihar Hawk seeks to draw from the documents attached to Wu

5

Ruihuan's Declarations. In addition, fairness and justice dictate that Brian Bonner be afforded the opportunity to secure information regarding Heilongjiang Hawk Group Co., Ltd., the entity that Qiqihar Hawk contends sold the subject shotgun to Norinco, including securing any information to rebut Wu Ruihuan's declaration that there is no connection or relationship between Qiqihar Hawk and Heilongjiang Hawk.

In summation, Qiqihar Hawk seeks a summary factual determination that it did not manufacture the shotgun "at issue" and/or did not sell this shotgun to Norinco. Through Wu Ruihaun's declarations and selected documents, Qiqihar Hawk hopes to convince this Court that Brian Bonner can never prove that Qiqihar Hawk may be treated as a product supplier in connection with the subject shotgun. Qiqihar Hawk seeks a "rush to judgment" before relevant discovery has been commenced, much less completed. Granting Rule 56(f)-based relief is most appropriate in the present matter. Brian Bonner ask that consideration of Qiqihar Hawk's motion filed on June 12, 2007, be deferred until relevant discovery has been completed.

Respectfully submitted,

**s/ David J. Hodge**
Of Counsel for Plaintiff
Bar Number: ASB -4617-I71H
Pittman Dutton Kirby & Hellums, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile
Email: PHDKH-efiling@pittmanhooks.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **25th** day of **June**, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John D. Gleissner, Esq.
ROGER & ASSOCIATES
Suite 650
3000 Riverchase Galleria
Birmingham, Alabama 35244


Todd M. Higey, Esq.
Gilbert C. Steindorff, IV, Esq.
ADAMS AND REESE/LANGE SIMPSON LLP
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

            **s/ David J. Hodge**
            Of Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| Brian Bonner, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:06-CV-00715-MHT |
| | ) | |
| PAWN CITY, INC.; et al., | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF DAVID J. HODGE

State of Alabama   )
                   )
Jefferson County   )

Personally appeared before me, the undersigned authority in and for said County and State, David J. Hodge, who, first being duly sworn, deposes and says:

My name is David Hodge. I am over the age of 19 and a duly licensed attorney in the State of Alabama. I am the attorney of record for Brian Bonner in the above-styled cause of action.

On or about June 15, 2007, the Defendant, Qiqihar Hawk Industries filed and served Motion to Dismiss and Request for Relief Pursuant To Rule 56(F) of the Federal Rules of Civil Procedure. An Initial Response in opposition to the Motion to Dismiss on behalf of Brian Bonner is being filed and served contemporaneously herewith.

     Plaintiff's counsel has not had the opportunity to conduct adequate discovery against this defendant. The opportunity to conduct adequate discovery against said defendant is needed.

     The above does not represent my entire knowledge of the subject but a limited portion thereof.

                                         _____
                                           David J. Hodge

Sworn to and subscribed before me this 27th day of June, 2007.

                                         _____
                                         Notary Public

My commission expires: 10\02\10