UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| B.B., a minor, by and ) | |
| Through his mother and next friend, ) | |
| OWENA KNOWLES, ) | |
| ) | |
| Plaintiff, ) | CASE NO.: |
| ) | 3:06-CV-00715-MHT |
| v. ) | |
| ) | |
| PAWN CITY, INC.; NORINCO ) | |
| a/k/a CHINA NORTH INDUSTRIES ) | |
| COPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

REPLY TO PLAINTIFF'S INITIAL
RESPONSE TO MOTION TO DISMISS

COMES NOW defendant, Qiqihar Hawk Industries Co. Ltd., and submits the following in reply to the initial response of plaintiff to Qiqihar Hawk's Motion to Dismiss for lack of personal jurisdiction.

Plaintiff brings suit against Qiqihar Hawk, alleging that he injured himself while using a shotgun that he claims Qiqihar Hawk manufactured.  Qiqihar Hawk did not, however, manufacture or sell the shotgun at issue and, accordingly, moved to dismiss the Complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.  Qiqihar Hawk submitted the affidavit of Ms. Wu Ruihuan in support of this motion, demonstrating that Qiqihar Hawk did not have specific or general contacts with the State of Alabama sufficient to justify *in personam* jurisdiction.  Specifically, Qiqihar Hawk did not manufacture the shotgun at issue as it was not even in business at the pertinent time and, secondly, Qiqihar Hawk had no general contacts with the subject forum.

In reply, plaintiff contends that the submission of evidence in support of Qiqihar Hawk's Rule 12(b)(2) motion converts the same into a motion for summary judgment and entitles him to full-fledged discovery before being required to oppose the motion to dismiss.

Although the submission of evidence in support of a motion under Rule 12(b)(6) does indeed convert such a motion into one for summary judgment, the submission of evidence in support of a Rule 12(b)(2) motion does not convert the same into one for summary judgment. Rather, plaintiff bears the burden of demonstrating personal jurisdiction and, where the defendant has submitted affidavits contesting the facts alleged in the Complaint, plaintiff is under the obligation to produce *prima facie* evidence beyond the allegations of the Complaint to support his contention of personal jurisdiction. C.M.B Foods v. Corral of Middle Georgia, 396 F.Supp.2d 1283, 1288 n.14 (M.D. Ala. 2005) ("[I]f a defendant provides evidence refuting personal jurisdiction in the form of affidavits . . . the plaintiff is typically required to produce some *evidence* (rather than additional allegations) in response.") (emphasis original). Plaintiff is not entitled to full-fledged discovery in order to gather such evidence; at best, he is entitled to jurisdictional discovery. See, Wright & Miller, 4 FPP § 1067.6 (noting that a court may consider affidavits in ruling on a 12(b)(2) motion and that only discovery pertinent to the jurisdictional issue is appropriate).

Qiqihar Hawk has by means of the affidavit of Wu Ruihuan proffered substantial evidence that it did not manufacture the subject shotgun; plaintiff is now under the obligation to offer affirmative evidence demonstrating *in personam* jurisdiction. Qiqihar Hawk objects to plaintiff's Rule 56(f) motion insofar as it seeks to delay the ruling upon

2

its motion to dismiss until the conclusion of discovery. Qiqihar Hawk requests an expeditious ruling upon its motion.[1]

Accordingly, should the Court elect to permit discovery prior to ruling upon Qiqihar Hawk's motion, it is respectfully requested that the Court limit such discovery to jurisdictional issues and provide for an abbreviated period of time in which to accomplish this discovery.

                                            Respectfully submitted,

                                            /s/Todd M. Higey
                                            Todd M. Higey
                                            Ala. Bar No. HIG019
                                            Attorney for Qiqihar Hawk
                                                Industries Co. Ltd.
                                            ADAMS AND REESE LLP
                                            2100 3rd Avenue North, Suite 1100
                                            Birmingham, Alabama  35203-3367
                                            Telephone:  (205) 250-5000
                                            Fax:  (205) 250-5034
                                            E-mail:  todd.higey@arlaw.com

---

[1] The undersigned wishes to clarify to the Court and the parties a matter raised by plaintiff in his response. Prior to the settlement of Interstate Arms Corporation with plaintiff, the undersigned represented Interstate Arms only. During that representation, Interstate Arms was asked in interrogatories to identify from whom it bought the subject shotgun. Interstate Arms identified Norinco. Plaintiff also inquired as to the identity of the manufacturer. Interstate Arms disclosed that, upon information and belief, the manufacturer had the word "Hawk" in its name. Plaintiff then informally asked for Hawk's address. Interstate Arms, through the undersigned, supplied the address for Qiqihar Hawk (presumably because that is who is making this type of shotgun today). Subsequent to Interstate Arms' settlement with plaintiff, Qiqihar Hawk retained the undersigned and has moved to dismiss for lack of personal jurisdiction, explaining that Heilongjiang Hawk Group Co. Ltd. manufactured the shotgun. The undersigned did not know that Heilongjiang Hawk was the putative manufacturer until he was retained by Qiqihar Hawk.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

David J. Hodge, Esq.
PITTMAN, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

James C. Barton, Jr., Esq.
Alan D. Mathis, Esq.
JOHNSTON, BARTON, PROCTOR & POWELL, LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203

Nick Wooten, Esq.
WOOTEN LAW FIRM, P.C.
P.O. Drawer 290
Lafayette, Alabama 36862

John D. Gleissner, Esq.
ROGERS & ASSOCIATES
3000 Riverchase Galleria
Suite 650
Birmingham, Alabama 35244

/s/Todd M. Higey
Of Counsel