UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| B.B., a minor, by and | ) | |
| Through his mother and next friend, | ) | |
| OWENA KNOWLES, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: |
| | ) | 3:06-CV-00715-MHT |
| v. | ) | |
| | ) | |
| PAWN CITY, INC.; NORINCO | ) | |
| a/k/a CHINA NORTH INDUSTRIES | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ANSWER

COMES NOW the defendant, Qiqihar Hawk Industries Co. Ltd., pursuant to Rule 8 of the Federal Rules of Civil Procedure and for its answer to the Complaint and Amended Complaints of the plaintiff, would show the Court as follows:

1.      Paragraph 1 of the Complaint does not appear to call for a response but to the extent that it does the averments are denied.

2.      Paragraph 2 of the Complaint does not appear to call for a response but to the extent that it does the averments are denied.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 of the Complaint and they are therefore denied.

4.      The averments of paragraph 4 of the Complaint are admitted.

5.      The averments of paragraph 5 of the Complaint are admitted.

6.      The averments of paragraph 6 of the Complaint are denied.

7.      The averments of paragraph 7 of the Complaint are denied.

8.      The averments of paragraph 8 of the Complaint are denied.

9.      The averments of paragraph 9 of the Complaint are denied.

10.     The averments of paragraph 10 of the Complaint are denied.

11.     In answer to paragraph 11 of the Complaint, defendant adopts and incorporates by this reference its answers and denials to paragraphs 1–10 of the Complaint as if fully set out herein.

12.     The averments of paragraph 12 of the Complaint are denied.

13.     The averments of paragraph 13, including subparagraphs (a)-(g), are denied.

14.     In answer to paragraph 14 of the Complaint, defendant adopts and incorporates by this reference its answers and denials to paragraphs 1-13 of the Complaint as if fully set out herein.

15.     The averments of paragraph 15 of the Complaint are denied.

16.     The averments of paragraph 16 of the Complaint, including subparagraphs (a)-(g), are denied.

17.     In answer to paragraph 17 of the Complaint, defendant adopts and incorporates by this reference its answers and denials to paragraph 1-16 of the Complaint as if fully set out herein.

18.     The averments of paragraph 18 of the Complaint are denied.

19.     The averments of paragraph 19 of the Complaint are denied.

20.     The averments of paragraph 20 of the Complaint, including subparagraphs (a)-(g), are denied.

21.    Defendant denies that plaintiff is entitled to the relief demanded by him in the *ad damnum* clause of the Complaint.

22.    In answer to paragraph 1 of the Amendment to Complaint filed on July 19, 2007 (hereinafter "Amendment to Complaint"), Qiqihar Hawk admits that it is a Chinese entity but denies all other averments of this paragraph.

23.    In answer to paragraph 2 of the Amendment to Complaint, defendant adopts and incorporates by this reference its answers and denials to the averments of the original Complaint as if fully setout herein.

24.    Defendant denies each and every material averment of the Complaint, and any amendment thereto, not expressly admitted hereinabove and demands strict thereof.

And in further answer to the Complaint, defendant asserts the following affirmative defenses:

<u>AFFIRMATIVE DEFENSES</u>

<u>First Defense</u>

The Complaint fails to state a claim upon which relief can be granted.

<u>Second Defense</u>

Defendant pleads the general issue.

<u>Third Defense</u>

Plaintiff was contributorily negligent and such negligence caused or contributed to the cause of his injuries.

<u>Fourth Defense</u>

Plaintiff assumed the risk of any hazard which caused the alleged injuries.

<u>Fifth Defense</u>

There is a lack of privity between this defendant and plaintiff.

<u>Sixth Defense</u>

No act or omission of this defendant was the proximate cause of any injury to the plaintiff. There is a lack of cause or relation between plaintiff's alleged injuries and any conduct on the part of this defendant.

<u>Seventh Defense</u>

This defendant is entitled to a setoff or credit for any amounts received by plaintiff from any source whatsoever with respect to the injuries and damages alleged in this action.

<u>Eighth Defense</u>

Defendant is not liable to the plaintiff with respect to injuries alleged because such injuries, if any, were caused by accident in terms of the law.

<u>Ninth Defense</u>

Plaintiff misused the product which caused or contributed to the cause of his alleged injuries.

<u>Tenth Defense</u>

Plaintiff failed to give timely notice of the alleged breach of warranty.

<u>Eleventh Defense</u>

Plaintiff's claims fall outside the scope of any express or implied warranty.

<u>Twelfth Defense</u>

Defendant asserts a failure or lack of consideration.

## Thirteenth Defense

Defendant reserves the right to amend this answer to assert additional affirmative defenses that may be revealed during the course of this litigation.

## Fourteenth Defense

Federal law may preempt some or all of plaintiff's claims.

## Fifteenth Defense

Plaintiff has failed to mitigate his damages.

## Sixteenth Defense

The subject product was changed, altered, modified, or otherwise in a condition different from the condition in which it entered the stream of commerce.

## Seventeenth Defense

The affirmative defenses of waiver, estoppel and laches are pled.

## Eighteenth Defense

Plaintiff's claims are barred by the applicable statute of limitations.

## Nineteenth Defense

The allegations against this defendant must be evaluated according to the state of the industrial art and the state of the law at the existing time. Defendant evokes all state-of-the-art defenses applicable to the plaintiff's claims.

## Twentieth Defense

Plaintiff is barred from recovering any damages because there was not a practical or technically feasible alternative design that would have prevented the harm alleged by plaintiff without substantially impairing the usefulness or intended purpose of the subject product.

<u>Twenty-First Defense</u>

Plaintiff's claims against Qiqihar Hawk are barred to the extent the Protection of

Lawful Commerce in Arms Act, 15 U.S.C. §§ 7901-03, applies to this action.

<u>Rule 44.1 Notice</u>

Pursuant to Federal Rule of Civil Procedure 44.1, notice is hereby given that

Qiqihar Hawk may raise issues relating to the law of the People's Republic of China.


Respectfully submitted,


/s/Todd M. Higey
Todd M. Higey
Ala. Bar No. HIG019
Attorney for Qiqihar Hawk
    Industries Co. Ltd.
ADAMS AND REESE LLP
2100 3rd Avenue North, Suite 1100
Birmingham, Alabama  35203-3367
Telephone:  (205) 250-5000
Fax:  (205) 250-5034
E-mail:  todd.higey@arlaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

David J. Hodge, Esq.
PITTMAN, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

James C. Barton, Jr., Esq.
Alan D. Mathis, Esq.
JOHNSTON, BARTON, PROCTOR & POWELL, LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203

Nick Wooten, Esq.
WOOTEN LAW FIRM, P.C.
P.O. Drawer 290
Lafayette, Alabama 36862

John D. Gleissner, Esq.
ROGERS & ASSOCIATES
3000 Riverchase Galleria
Suite 650
Birmingham, Alabama 35244


/s/Todd M. Higey
Of Counsel