```
                  UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF ALABAMA
                        EASTERN DIVISION

B.B., a minor, by and        )
Through his mother and       )
next friend, OWENA KNOWLES,  )
                             )
     Plaintiff,              )    CASE NO.:
                             )    3:06-CV-00715-MHT
v.                           )
                             )
NORINCO a/k/a CHINA NORTH    )
INDUSTRIES                   )
CORPORATION, et al.,         )
                             )
     Defendants.             )
```

BRIEF IN SUPPORT OF MOTION TO AMEND ANSWER

COMES NOW the defendant, Qiqihar Hawk Industries Co., Ltd., and respectfully submits this brief in support of its previously filed Motion to Amend its Answer to assert an additional affirmative defense.

Plaintiff brings this products liability case against China North Industries Corp. ("Norinco") and Qiqihar Hawk Industries Co., Ltd., ("Qiqihar"), complaining of an injury to his hand when a shotgun he was using discharged. Specifically, Count I of the Complaint asserts a claim under the Alabama Extended Manufacturer's Liability Doctrine. Count II alleges that defendants were negligent in the design and manufacture of the shotgun. Count III

alleges that defendants failed "to provide sufficient warnings for the product involved." Count IV claims breach of warranties.

In its Answer to the Complaint, Qiqihar asserted – among other affirmative defenses – the defense of plaintiff's assumption of the risk. (See, Answer of Qiqihar, Fourth Defense, p.3.)

The Court's Uniform Scheduling Order of July 12, 2007, establishes November 12, 2007, as the deadline by which defendants were to move to amend their pleadings.

On November 12, 2007, Norinco moved to amend its Answer to add the affirmative defense that the defect complained of by plaintiff was "open and obvious." The Court granted the motion, subject to any objections being filed by the other parties.

The open and obvious defense is an affirmative defense to an AEMLD claim, but not to a negligent failure to warn claim. In the latter, the doctrine of open and obvious "obviates the defendant's duty," and therefore does not need to be pled as an affirmative defense. Abney v. Crosman Corporation, 919 So. 2d 289, 295 (Ala. 2005). In the former, the defense of open and obvious "relates to the

2

affirmative defense of assumption the risk. . . ." Entrekin v. Atlantic Richfield Co., 519 So. 2d 447, 450 n.5 (Ala. 1988). By pleading assumption of the risk, Qiqihar has already effectively pled the open and obvious defense:

> [I]t should be noted that the duty to warn on the part of the manufacturer being obviated by a danger which is open and obvious will no longer be an issue in cases brought under the Alabama Extended Manufacturer's Liability Doctrine. Instead, it is important to note that one of the affirmative defenses available to manufacturers and suppliers under this doctrine is a new concept under Alabama law, known as assumption of the risk. In regards to establishing a defense of assumption of the risk this court in Atkins stated: "The defendant may establish that he sold a product which was unavoidably unsafe and the danger was either apparent to the consumer or the seller adequately warned the consumer of the danger."

Ford Motor Co. v. Rodgers, 337 So. 2d 736, 740-41 (Ala. 1979) (internal citations and emphases omitted). Thus, in the context of an AEMLD claim, "open and obvious" and "assumption of the risk" are synonymous.

Out of an abundance of caution, however, and in the interest of clarity, Qiqihar filed a motion on November 15, 2007, requesting permission to amend its answer to explicitly state that plaintiff assumed the risk of his

3

injuries because – among other things – the danger posed by the shotgun, or any defect therein, was open and obvious. As Rule 15 of the Federal Rules of Civil Procedure states that "leave [to amend a pleading] shall be freely given when justice so requires" F.R.C.P. 15(a), this minor clarification would serve the interest of efficient and accurate disposition of the litigation.

Of course, as the Honorable Court has stated in prior cases, Rule 16(b) is implicated when a motion to amend the pleadings is filed beyond the deadline set by the Court's Scheduling Order. <u>Nobles v. Rural Community Ins. Services</u>, 303 F.Supp.2d 1279, 1283 (M.D. Ala. 2004).  In this case, the motion was filed two days after the deadline.[1]  Qiqihar respectfully offers three reasons for the Court's consideration in ruling upon its request for an amendment to its Answer.

First, Qiqihar is not adding a new affirmative defense but is instead elaborating upon a previously pled affirmative defense.

---

[1] The deadline was November 12, 2007, which is Veterans Day.  According to F.R.C.P. 6(a), Veterans Day is a legal holiday, thus making the deadline November 13th.  Qiqihar filed its motion to amend on November 15th.

4

Second, this Honorable Court has been gracious enough in the past to overlook filing a motion to amend a day late and Qiqihar would request this same grace be extended to a filing that is two days late. See, Nobles, 303 F.Supp.2d at 1283, n.2 ("In fact, Nobles and Hales's motion would have been filed one day late, an error the court typically overlooks unless the opposing party can show substantial prejudice.").

Third, trial is presently set for October 14, 2008, and is therefore eleven months away. The discovery cutoff is May 26, 2008. Allowing this clarification and elaboration of a previously pled affirmative defense will not affect any of the other deadlines in the Court's Scheduling Order.

Pursuant to Section 15(B) of the Court's Uniform Scheduling Order, the undersigned certifies he has conferred with counsel for the parties, Mr. David Hodge for plaintiff and Mr. Alan Mathis for Norinco, and both state they have no opposition to a two-day extension of the deadline for Qiqihar to move to amend its pleadings.

## CONCLUSION

Qiqihar requests the Court to modify its Scheduling Order under Rule 16(b) to allow Qiqihar to amend its Answer

5

under Rule 15(a) to supplement its affirmative defense of assumption of the risk to further allege that the danger and defect complained of was open and obvious.

                                  Respectfully submitted,

                                  /s/Todd M. Higey
                                  Todd M. Higey
                                  Ala. Bar No. HIG019
                                  Attorney for Qiqihar Hawk
                                       Industries Co. Ltd.
                                  ADAMS AND REESE LLP
                                  2100 3rd Avenue North, Ste. 1100
                                  Birmingham, Alabama  35203-3367
                                  Telephone:  (205) 250-5000
                                  Fax:  (205) 250-5034
                                  E-mail:  todd.higey@arlaw.com

CERTIFICATE OF SERVICE

    I hereby certify that on November 21, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

David J. Hodge, Esq.
PITTMAN, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

James C. Barton, Jr., Esq.
Alan D. Mathis, Esq.
JOHNSTON, BARTON, PROCTOR & POWELL, LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203

Nick Wooten, Esq.
WOOTEN LAW FIRM, P.C.
P.O. Drawer 290
Lafayette, Alabama 36862

                                        /s/Todd M. Higey
                                        Of Counsel