```
            UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF ALABAMA
                  EASTERN DIVISION

BRIAN BONNER,                   )
                                )
     Plaintiff,                 )   CASE NO.:
                                )   3:06-CV-00715-MHT
v.                              )
                                )
NORINCO a/k/a CHINA NORTH       )
INDUSTRIES                      )
CORPORATION, et al.,            )
                                )
     Defendants.                )
```

### QIQIHAR HAWK'S JOINDER IN NORINCO'S MOTION FOR SUMMARY JUDGMENT

COMES NOW defendant, Qiqihar Hawk Industries Co., Ltd., pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and joins in the motion of Norinco for summary judgment on all claims asserted against it by plaintiff in this products liability suit on the grounds that there is no genuine issue of material fact on the affirmative defenses of contributory negligence, assumption of the risk and product misuse and that, therefore, Qiqihar Hawk is entitled to judgment as a matter of law. Qiqihar is further entitled to summary judgment on the grounds that there is no evidence to support an essential element of plaintiff's claim; namely, there is no evidence of a causal connection between the alleged defect in the product at issue and plaintiff's injury. In support thereof, Qiqihar Hawk would show the Court as follows:

1.  Plaintiff asserts four causes of action against Qiqihar Hawk for an injury sustained to his right hand while using a shotgun alleged to be manufactured or distributed by Qiqihar Hawk: products liability pursuant to the Alabama Extended Manufacturer's Liability Doctrine (Compl. ¶¶ 8-10); negligent or wanton design or manufacture of the shotgun (Id. ¶¶ 12-13); negligent or wanton failure to warn (Id. ¶¶ 15-16); and breach of expressed or implied warranties (Id. ¶¶ 18-20.

2.  Plaintiff, who is right handed, placed his right hand on the end of the muzzle of a shotgun and, using his left hand, pulled the trigger, causing the shotgun to discharge through his hand.  For the reasons set forth in Norinco's Motion for Summary Judgment, supporting Brief and Narrative Summary of Undisputed Material Facts, and Evidentiary Submission, all of which are expressly adopted and incorporated by this reference, plaintiff was plainly contributorily negligent as a matter of law.  In the alternative, the undisputed, affirmative evidence demonstrates that he assumed the risk of his injury or misused the shotgun.

3.  Therefore, in accordance with the authority of Burleson v. RSR Group Florida, Inc., No. 1050360, 2007 Ala. LEXIS 195 (Ala. Sept. 21, 2007), Qiqihar Hawk is entitled to summary judgment.  (Attached hereto as Exhibit A is a copy of the Burleson case for the convenience of the Court.)

4. Moreover, plaintiff offers no evidence that the alleged defect to the shotgun caused his injury. Plaintiff claims that, at the time of his injury, the shotgun "fell apart and unexpectedly fired into and through" his right hand. (Compl. ¶ 7.) As noted by Norinco in its brief in support of summary judgment, there is no evidence whatsoever to support this contention. Accordingly, plaintiff's claim that a defect caused his injury is speculative and conjectural.

WHEREFORE, the foregoing premises considered, Qiqihar Hawk moves this Court to enter summary judgment in its favor on all claims asserted by plaintiff against it in the Complaint and succeeding amended Complaints.

                                    Respectfully submitted,

                                    /s/Todd M. Higey  
                                    Todd M. Higey  
                                    Ala. Bar No. HIG019  
                                    Attorney for Qiqihar Hawk  
                                        Industries Co. Ltd.  
                                    RICHARDSONCLEMENT PC  
                                    200 Cahaba Park Circle, Suite 125  
                                    Birmingham, Alabama  35242  
                                    Telephone:  (205) 572-4100  
                                    Fax:  (205) 572-4199  
                                    E-mail:  tmh@richardsonclement.com

CERTIFICATE OF SERVICE

    I hereby certify that on February 18, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

David J. Hodge, Esq.
PITTMAN, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

James C. Barton, Jr., Esq.
Alan D. Mathis, Esq.
JOHNSTON BARTON PROCTOR & ROSE LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209

Nick Wooten, Esq.
WOOTEN LAW FIRM, P.C.
P.O. Drawer 290
Lafayette, Alabama 36862

    /s/Todd M. Higey
    Of Counsel

```
            UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF ALABAMA
                   EASTERN DIVISION

BRIAN BONNER,                    )
                                 )
      Plaintiff,                 )   CASE NO.:
                                 )   3:06-CV-00715-MHT
v.                               )
                                 )
NORINCO a/k/a CHINA NORTH        )
INDUSTRIES                       )
CORPORATION, et al.,             )
                                 )
      Defendants.                )

         QIQIHAR HAWK'S JOINDER IN NORINCO'S
              MOTION FOR SUMMARY JUDGMENT
```

# Exhibit A

1 of 1 DOCUMENT

**Terry Wayne Burleson and Donna B. Montgomery, as coadministrators of the estate of Stanley Duane Burleson, deceased v. RSR Group Florida, Inc.**

1050360

SUPREME COURT OF ALABAMA

2007 Ala. LEXIS 195

September 21, 2007, Released

**NOTICE:**

THIS OPINION IS SUBJECT TO FORMAL REVISION BEFORE PUBLICATION IN THE ADVANCE SHEETS OF SOUTHERN REPORTER.

**PRIOR HISTORY:** [*1]
Appeal from Marion Circuit Court. (CV-01-102).

**DISPOSITION:** AFFIRMED.

**JUDGES:** BOLIN, Justice. See, Lyons, Woodall, Stuart, Smith, and Parker, JJ., concur. Cobb, C.J., and Murdock, J., dissent.

**OPINION BY:** BOLIN

**OPINION**

BOLIN, Justice.

Terry Wayne Burleson and Donna B. Montgomery, as co-administrators of the estate of Stanley Duane Burleson ("the plaintiffs"), sued Sportarms of Florida, Inc., Donna J. Newton, and certain fictitiously named parties ("the defendants"), on May 21, 2001, alleging claims under the Alabama Extended Manufacturer's Liability Doctrine ("the AEMLD"). Specifically, the plaintiffs alleged that the defendants defectively designed and manufactured a firearm that proximately caused the death of Stanley Duane Burleson. On August 24, 2001, the plaintiffs amended their complaint to assert their AEMLD claims against RSR Group Florida, Inc. RSR answered the complaint and raised certain affirmative defenses, including assumption of the risk and contributory negligence. Thereafter, the plaintiffs amended their complaint a second time to add as a defendant Mack Brown d/b/a The Trading Post, from whom Stanley purchased the firearm.

On March 28, 2005, RSR moved the trial court for a summary judgment, arguing that the plaintiffs [*2] had failed to demonstrate that the firearm by which Stanley was killed was defectively designed; that there is no causal connection between RSR's activities regarding the firearm and Stanley's death; and that RSR is not liable for Stanley's death because, RSR argued, Stanley assumed the risk and was contributorily negligent. On May 23, 2005, the plaintiffs responded to RSR's summary-judgment motion. Following a hearing, the trial court, on November 15, 2005, entered a summary judgment in favor of RSR. The trial court certified the summary judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. The plaintiffs appeal.

In reviewing the disposition of a motion for a summary judgment, we apply the same standard the trial court used in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. *Bussey v. John Deere Co.*, 531 So. 2d 860, 862 (Ala. 1988); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden then shifts to the nonmovant to present substantial evidence creating such an issue. *Bass v. SouthTrust Bank of Baldwin County*, 538 So. 2d 794 (Ala. 1989). [*3] Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." *West v. Founders Life Assurance Co. of Florida*,

547 So. 2d 870, 871 (Ala. 1989). This Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. *Hanners v. Balfour Guthrie, Inc.*, 564 So. 2d 412 (Ala. 1990).

The evidence viewed in a light most favorable to the plaintiffs indicates the following: The firearm that killed Stanley is a Herbert Schmidt brand, model 21S, .22 caliber, single-action revolver manufactured in Germany. The revolver was imported into the United States by Sportarms of Florida. On May 25, 1984, Sportarms of Florida sold the revolver to RSR Wholesale Guns Dallas, Inc., from which RSR acquired the revolver on December 21, 1984. On January 8, 1985, RSR sold the revolver to Mack Brown d/b/a The Trading Post, a federally licensed retail firearms dealer located in Hamilton, Alabama. On April 26, 1985, Stanley completed a federally mandated Firearms Transaction Record and purchased the revolver from The Trading [*4] Post.

The revolver holds six cartridges in its cylinder; it is a single-action revolver, which means that the hammer must be manually placed in the "full cock" position and the trigger pulled before the revolver will fire. The hammer is in the "full cock" position when it is at the farthest point from the firing pin. Once the trigger is pulled, the hammer is released and falls forward, striking the firing pin, which in turn strikes the cartridge primer, discharging the revolver.

The hammer may be lowered to the "half cock" position by placing one's thumb on the hammer and pulling the trigger until the hammer is released. The finger is then removed from the trigger and the hammer is slowly lowered to the "half cock" position. The "half cock" position is midway between the "full cock" position and the firing pin. The "half cock" position allows the cylinder to spin and facilitates loading and unloading the revolver.

The hammer may also be lowered to the "safety cock" position in the same manner in which it is lowered from the "full cock" position to the "half cock" position. The hammer is full forward in the "safety cock" position with its face resting on the head of the firing pin. If [*5] the trigger is pulled while the hammer is in the "safety cock" position, the revolver will not fire.

The revolver is also equipped with a manual safety that, when engaged by the operator, imposes a mechanism between the face of the hammer and the firing pin that blocks the fall of the hammer and prevents it from contacting the firing pin. If the manual safety is engaged, the revolver will not discharge under any foreseeable circumstance, including pulling the trigger or dropping the revolver. The owner's manual for the revolver recommends that those who "care much about safety" load the revolver with only five cartridges, leaving empty the chamber aligned with the hammer.

John T. Butters, the plaintiffs' expert, testified that the revolver could be discharged in only two ways; in both ways, the manual safety must be disengaged. He described the normal mode of discharge as pulling the trigger when the hammer is in the "full cock" position while a cartridge is in a chamber in line with the hammer and the firing pin. He described the second manner of discharge as occurring when force is applied to the back of the hammer when the hammer is in the "safety cock" position and resting on the [*6] head of the firing pin while a cartridge is in a chamber in line with the hammer and the firing pin.

On April 2, 2000, Stanley was hanging the revolver in its holster on a gun rack in his home when the revolver fell from the holster; it struck a desk and discharged. Stanley was struck in the abdomen by the discharged round and died as a result of the wound. Stanley was 51 years old at the time of his death. Stanley's wife, Bernice, testified that Stanley had a "rule" that all firearms he kept in the house be stored unloaded. Bernice further stated that Stanley had not had any firearm-related accidents before the one that killed him. Terry, Stanley's son, testified that Stanley was "safety conscious" and had taught him the importance of never keeping a live round chambered in line with the hammer and the firing pin.

The plaintiffs contend that the revolver was defective because, they say, it was designed without an internal passive safety device that would have prevented it from discharging when it fell and struck the desk, regardless of whether the manual safety was engaged. RSR argues that the revolver as designed is not defective because, it says, 1) the manual safety would have prevented [*7] the discharge of the revolver in this case; 2) there is no causal connection between RSR's activities as a distributor of the revolver and Stanley's death; and 3) Stanley was contributorily negligent because he failed to engage the manual safety and he was putting the revolver away with a cartridge chambered directly in line with the hammer

and the firing pin. Assuming, without deciding, that the revolver was defective as designed and that there was a causal connection between RSR's activities as a distributor of the revolver and Stanley's death, we conclude that Stanley's own contributory negligence bars recovery in this case.

This Court has stated:

> "In *Hannah v. Gregg, Bland & Berry, Inc.*, 840 So. 2d 839 (Ala. 2002), this Court stated the following principles concerning the application of contributory negligence at the summary-judgment stage of an action:
>
>> "'A plaintiff cannot recover in a negligence action where the plaintiff's own negligence is shown to have proximately contributed to his damage, notwithstanding a showing of negligence on the part of the defendant. Likewise, a plaintiff's contributory negligence will preclude recovery in an AEMLD action. The question of contributory [*8] negligence is normally one for the jury. However, where the facts are such that all reasonable persons must reach the same conclusion, contributory negligence may be found as a matter of law.
>
>> "'To establish contributory negligence as a matter of law, a defendant seeking a summary judgment must show that the plaintiff put himself in danger's way and that the plaintiff had a conscious appreciation of the danger at the moment the incident occurred. The proof required for establishing contributory negligence as a matter of law should be distinguished from an instruction given to a jury when determining whether a plaintiff has been guilty of contributory negligence. A jury determining whether a plaintiff has been guilty of contributory negligence must decide only whether the plaintiff failed to exercise reasonable care. We protect against the inappropriate use of a summary judgment to establish contributory negligence as a matter of law by requiring the defendant on such a motion to establish by undisputed evidence a plaintiff's conscious appreciation of danger.'"

*Tell v. Terex Corp.*, [Ms. 1051128, January 12, 2007] ___ So. 2d ___, ___, 2007 Ala. LEXIS 14, *5 (Ala. 2007).

The evidence is undisputed that the manual [*9] safety on the revolver was disengaged when Stanley was placing the holstered revolver on the gun rack. The evidence indicates that if the manual safety is engaged, the revolver could not fire under any foreseeable conditions, including a pull of the trigger or an accidental drop. The evidence is further undisputed that Stanley had a chambered cartridge in line with the hammer and the firing pin when the revolver was being placed on the gun rack. Obviously, the revolver could not discharge if a cartridge was not chambered in line with the hammer and the firing pin. The owner's manual accompanying the revolver recommends that those who "care much about safety" leave empty the chamber aligned with the hammer and the firing pin. Terry testified that Stanley was "safety conscious" and that Stanley had taught him the importance of never keeping a live round chambered in line with the hammer and the firing pin. Bernice testified that Stanley had a "rule" that all firearms stored

in the house be unloaded. Butters testified that storing the revolver fully loaded, unless it was anticipated that the revolver would be needed for rapid deployment, was an unsafe firearm-handling practice.

The dissent [*10] concludes that there is no evidence in this case to indicate that Stanley had a conscious appreciation of the danger, i.e., that he actually knew that the revolver was loaded with a cartridge chambered in line with the hammer and the firing pin. We think *Serio v. Merrell, Inc.*, 941 So. 2d 960 (Ala. 2006), is instructive on that point. In *Serio*, the plaintiff pulled her vehicle into the path of an oncoming tractor-trailer despite the fact that the tractor-trailer had the right-of-way. The accident occurred early in the afternoon on a clear and sunny day. Visibility was described as good. The plaintiff stated that she looked both ways before entering the intersection but that she never saw the approaching tractor-trailer. The plaintiff sued the owner of the tractor-trailer, asserting that its driver had operated the tractor-trailer negligently and wantonly. The owner of the tractor-trailer raised the plaintiff's own contributory negligence as a defense. *Id.*

In affirming a summary judgment for the owner of the tractor-trailer, this Court stated:

> "Direct evidence of such an appreciation of danger is not required if the evidence admits of no conclusion except that the plaintiff must have [*11] appreciated the hazard involved. It is enough if the plaintiff understood, *or should have understood*, the danger posed. *Ridgeway [v. CSX Transp., Inc.*, 723 So. 2d 600, 606 (Ala. 1998)].
>
> "The danger of pulling out from a stop sign onto a public highway traversed by two-way traffic having the right-of-way and traveling at highway speeds, without making a final observation to one's left sufficiently attentive to detect in the daylight the impending arrival of a truck of such size as to be inescapably obvious to one taking the precaution of making such an observation, is self-evident, and all reasonable people would logically have to conclude that [the plaintiff] would have, *or should have*, consciously appreciated that danger when she drove forward into the intersection."

*Serio*, 941 So. 2d at 965 (emphasis added).

Likewise, the danger of handling a firearm with a live cartridge chambered in line with the hammer and the firing pin without having first engaged the manual safety is self-evident, especially to an experienced and safety-conscious gun owner like Stanley, so that reasonable people would have to logically conclude that he *should have* at least appreciated the danger associated with [*12] doing so.

We conclude that Stanley placed himself in danger's way by handling the revolver with the manual safety disengaged and with a cartridge chambered in line with the hammer and the firing pin. *Tell, supra* (quoting *Hannah v. Gregg, Bland & Berry, Inc.*, 840 So. 2d 839, 860-61 (Ala. 2002)). Further, as evidenced by Stanley's awareness of the importance of never storing a loaded firearm, much less one with a cartridge chambered in line with the hammer and the firing pin, we conclude that he should have had a conscious awareness of the danger in which he placed himself. *Tell, supra* (quoting *Hannah*). Accordingly, Stanley's own contributory negligence bars the plaintiffs' recovery in this case.

AFFIRMED.

See, Lyons, Woodall, Stuart, Smith, and Parker, JJ., concur.

Cobb, C.J., and Murdock, J., dissent.

**DISSENT BY:** COBB

**DISSENT**

COBB, Chief Justice (dissenting).

I respectfully dissent. Nothing in the record or the materials before this Court, even taking the facts as presented by RSR Group Florida, Inc., one of the defendants below, shows that the decedent knew that a cartridge was under the hammer of the revolver or that the manual safety was not engaged. However, it is readily inferable from the facts in this [*13] case that the decedent believed that there was no cartridge under the hammer, in light of the evidence that he had instructed his son that a revolver should not be stored loaded that

way because of safety concerns.

Generally, questions of contributory negligence and assumption of the risk are questions for the jury. *Halsey v. A.B. Chance Co.*, 695 So. 2d 607 (Ala. 1997), and *Hicks v. Commercial Union Ins. Co.*, 652 So. 2d 211 (Ala. 1995). In *Hannah v. Gregg, Bland & Berry, Inc.*, 840 So. 2d 839 (Ala. 2002), this Court addressed the plaintiff's wrongful-death claim based on the Alabama Extended Manufacturer's Liability Doctrine ("the AEMLD") arising from her husband's death in an industrial accident, again noting the legal principle that questions of contributory negligence are usually questions of fact for the jury. The decedent in *Hannah* was crushed to death between two large industrial machines. With respect to the decedent's appreciation of the danger when standing between the machines and his use of a safety device, the Court said:

> "Based upon Hannah's evidence, a jury could conclude that at the time of his accident, Jerry Hannah was standing *in what he may have believed to be a safe [*14] position*, on the outer edge of the recoiler and that he did not appreciate the danger posed by the belt wrapper. A jury could also conclude that Hannah may have inserted the safety pin, believing that it was set, but that the bend in the pin did not allow it to properly lock. Either way, we cannot say that the facts are such that all reasonable persons must reach the same conclusion regarding whether Hannah was contributorily negligent. Whether Hannah was contributorily negligent is a question that must be left to the finder of fact to determine."

840 So. 2d at 861-62 (emphasis added).

In *Horn v. Fadal Machining Centers, LLC*, [Ms. 1051161, February 9, 2007] ___ So. 2d ___, 2007 Ala. LEXIS 26 (Ala. 2007), a case similar to *Hannah* in which the decedent was killed in an accident involving a milling machine, and his personal representative brought an AEMLD claim, the Court discussed the requirements for both contributory negligence and assumption of the risk in the context of AEMLD claims:

> "'In order to establish assumption of the risk as a matter of law, the evidence must show that *the plaintiff discovered* the alleged defect, was aware of the danger, proceeded unreasonably to use the product, and was injured.' [*15] *Sears v. Waste Processing Equip., Inc.*, 695 So. 2d 51, 53 (Ala. Civ. App. 1997) (emphasis added). '"[T]he *plaintiff's state of mind* is determined by [a] *subjective* standard,"' not the *objective* standard of reasonability. *H.R.H. Metals, Inc. v. Miller*, 833 So. 2d 18, 27 (Ala. 2002) (emphasis added) (quoting *McIsaac v. Monte Carlo Club, Inc.*, 587 So. 2d 320, 324 (Ala. 1991)). 'Assumption of the risk proceeds from the injured person's actual awareness of the risk.' 587 So. 2d at 324. 'The plaintiff must know that a risk is present and must understand its nature.' *Id.*

> "'To establish *contributory negligence* as a matter of law, [as Cardinal seeks to do here,] a defendant seeking a summary judgment must show that the plaintiff put [herself] in danger's way and that the plaintiff had a *conscious appreciation* of the danger *at the moment the incident occurred*. See *H.R.H. Metals, Inc. v. Miller*, 833 So. 2d 18 (Ala. 2002); see also *Hicks v. Commercial Union Ins. Co.*, 652 So. 2d 211, 219 (Ala. 1994). The proof required for establishing contributory negligence as a matter of law should be distinguished from an instruction given to a jury when determining whether a plaintiff has been guilty of contributory [*16] negligence. A jury determining whether a plaintiff has been guilty of

contributory negligence must decide only whether the plaintiff failed to exercise reasonable care. *We protect against the inappropriate use of a summary judgment to establish contributory negligence as a matter of law by requiring the defendant on such a motion to establish by undisputed evidence a plaintiff's conscious appreciation of danger.* See *H.R.H. Metals, supra*.'

"*Hannah v. Gregg, Bland & Berry, Inc.*, 840 So. 2d 839, 860-61 (Ala. 2002) (emphasis added). Thus, assumption of the risk and contributory negligence as a matter of law are both subjective standards, focusing on the risk as *known and appreciated by the plaintiff*."

___ So. 2d at ___, 2007 Ala. LEXIS 26 at *25 (some emphasis original; some emphasis added).

Thus, our caselaw makes clear that a summary judgment for the defendant in an AEMLD case must be based upon evidence of the *plaintiff's awareness of the dangerous condition*. There is no evidence in this case that the decedent had a "conscious appreciation," i.e., that he *actually knew*, that the revolver was loaded with a cartridge under the hammer or that the manual safety was not engaged. The reference in the main opinion to *Serio v. Merrell, Inc.*, 941 So. 2d 960 (Ala. 2006), [*17] with respect to the danger evident upon pulling out from a stop sign into an intersection without looking for traffic approaching from the left presents no analogy to this case. Unlike *Serio*, in which the danger was evident upon observation, there is no evidence in this case that it would have been immediately evident to the decedent from his observation of the holstered revolver that a bullet was chambered under the hammer or that the manual safety was disengaged. The fact remains that the record contains no evidence to support an inference that the decedent actually knew that a bullet was chambered under the hammer or that the manual safety was not engaged. [1] Under our law as noted above, I do not believe that the Court can properly conclude that there is no genuine issue of material fact about contributory negligence or assumption of the risk, so that RSR is entitled to a judgment as a matter of law. Accordingly, I dissent.

   1   The Court is not presented with the different question whether the record is insufficient from which to conclude that the decedent's handling of the revolver (including the manner of handling and the circumstances under which he was doing so) was negligent as [*18] a matter of law even if done with knowledge that the revolver was loaded and the manual safety was disengaged or that it had not been checked in that regard.

Murdock, J., concurs.