IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN BONNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:06-cv-00715-MHT |
| | ) | |
| INTERSTATE ARMS CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM BRIEF IN OPPOSITION TO QIQIHAR
HAWK'S REQUEST FOR SUMMARY JUDGMENT**

Brian Bonner offers this memorandum brief in opposition to "Qiqihar Hawk's Joinder in Norinco's Motion for Summary Judgment," filed by Qiqihar Hawk Industries Co., Ltd. For the reasons stated herein, plaintiff asks this Court to deny Qiqihar Hawk's request for a summary judgment.

Introductory Comments

On February 18, 2008, Qiqihar Hawk electronically filed a pleading titled "Qiqihar Hawk's Joinder in Norinco's Motion for Summary Judgment." On February 14, 2008, China North Industries Corporation ("Norinco") had electronically filed (1) a motion for summary judgment, (2) supporting memorandum brief, and (3) specified evidentiary materials.

Qiqihar Hawk's February 18, 2008 pleading was just four pages of which approximately only three and a half pages were substantive in nature. The only thing

attached to the pleading was a copy of an appellate opinion. Qiqihar Hawk declared that it "joins in the motion of Norinco for summary judgment." *Qiqihar Hawks' Joinder in Norcinco's Motion for Summary Judgment* at 1. In light of the brevity of Qiqihar Hawk's pleading and the absence of any statement of facts and any extensive argument, it is reasonable to presume that Qiqihar Hawk adopted and incorporated Norinco's submissions, including Norinco's statement of facts and arguments.

In its summary-judgment motion and supporting memorandum brief, Norinco asserted but two specific grounds, namely (1) that Brian Bonner was contributorily negligent as a matter of law and (2) that "there is no evidence that any alleged defect in the shotgun contributed to Plaintiff's injury." *Brief in Support of Defendant China North Industries Corporation's Motion for Summary Judgment* at 1 & 10. To the extent that Qiqihar Hawk adopted these two specific grounds, Brian Bonner adopts and incorporates herein his contemporaneously electronically filed opposition to Norinco's summary-judgment motion. For the very same reasons that Norinco is not entitled to a summary judgment based on either of these two specific grounds, Qiqihar Hawk is not entitled to a summary judgment based on either of these two specific grounds.

Yet, Qiqihar Hawk incorrectly suggested that Norinco asserted that it was entitled to a summary judgment based on the affirmative defenses of assumption of the risk and product misuse. Norinco never asserted that, as a matter of law, Brian assumed the risk of injury or misused the subject shotgun. Only Qipihar Hawk contended that, "[i]n the alternative," the facts described by Norinco constitute "undisputed, affirmative evidence demonstrat[ing] that [Brian Bonner] assumed the risk of his injury or misused the shotgun." *Qiqihar Hawk's Joinder in Norinco's Motion for Summary Judgment* at 2.

2

Thus, herein, Brian Bonner must address whether Qiqihar Hawk is entitled to a summary judgment as to either of these two grounds that only it asserted.

Argument

Under Alabama law, assumption of the risk and product misuse are affirmative defenses. *Reynolds v. Bridgestone/Firestone, Inc.*, 989 F.2d 465, 470 (11th Cir. 1993)(assumption of the risk); *Kelly v. M. Trigg Enterprises, Inc.*, 605 So. 2d 1185, 1192 (Ala. 1992)(product misuse)  As with any affirmative defense, Qiqihar Hawk bears the ultimate burden of proving that Brian Bonner assumed the risk and/or misused the product; Brian Bonner does not have to prove that he did not assume the risk and/or did not misuse the subject shotgun. *Id*.  Therefore, in this summary-judgment proceeding, Qiqihar Hawk must conclusively prove that Brian Bonner assumed the risk or misused the product before this Court could ever grant Qiqihar Hawk a summary judgment based on either of these affirmative defenses.  Moreover, no burden of going forward shifts to Brian Bonner unless Qiqihar Hawk makes a prima facie showing of its entitlement to a summary judgment based on either of these affirmative defenses.  As discussed herein, Qiqihar Hawk cannot even satisfy its initial burden of making the necessary prima facie showing of its entitlement to a summary judgment based on either of these affirmative defenses.

> **Qiqihar Hawk fails woefully short of conclusively showing that Brian Bonner assumed the risk of injury and, more significantly, of demonstrating assumption of the risk as a matter of law.**

As stated in *Atkins v. American Motors Corp.*, 335 So. 2d 134 (Ala. 1976):

3

*Assumption of Risk.* The defendant may establish that he sold a product which was *unavoidably unsafe* and the danger was either apparent to the consumer or the seller adequately warned the consumer of the danger. (See Comment *g*, *h*, *i*, *j*, and *k* to § 402A of the Restatement for a discussion of defective condition, unreasonably dangerous, directions and warnings, and unavoidably unsafe products.)

This is not a contributory negligence defense; rather, it is an assumption of risk defense, which ordinarily, when raised, will be a question of fact for the jury. For a clear statement of this assumption of risk rule, we adopt the following language from Comment *n* to § 402A of the Restatement:

> "... If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery."

335 So. 2d at 143. In a more recent opinion, the Supreme Court of Alabama added:

> "In order to establish assumption of the risk as a matter of law, the evidence must show that *the plaintiff discovered* the alleged defect, was aware of the danger, proceeded unreasonably to use the product, and was injured." *Sears v. Waste Processing Equip., Inc.*, 695 So. 2d 51, 53 (Ala. Civ. App. 1997)(emphasis added). "'[T]he *plaintiff's state of mind* is determined by [a] *subjective* standard,'" not the *objective* standard of reasonability. *H.R.H. Metals, Inc. v. Miller*, 833 So. 2d 18, 27 (Ala. 2002)(emphasis added)(quoting *McIsaac v. Monte Carlo Club, Inc.*, 587 So. 2d 320, 324 (Ala. 1991)). "Assumption of the risk proceeds from the injured person's actual awareness of the risk." 587 So. 2d at 324. "The plaintiff must know that a risk is present and must understand its nature." *Id*.

*Horn v. Fadal Machining Centers, LLC*, ___ So. 2d ___, 2007 WL 431427 at * 9 (Ala. Feb. 9, 2007)(rehearing denied).

Thus, the affirmative defense of assumption of the risk is materially different from the affirmative defense of contributory negligence. Assumption of the risk is

assessed using a purely subjective standard, without consideration of what a reasonable individual would have appreciated and would have done. The plaintiff must have actually discovered the defect and, with full appreciation of the danger associated with the discovered defect, must have voluntarily assumed the risk of injury. Norinco appreciated that the evidence in the record would never support a finding of assumption of the risk as a matter of law.

As discussed in plaintiff's memorandum brief in opposition to Norinco's summary judgment motion, the subject defect was the defective weld or welds securing the shotgun's barrel in place. There is absolutely no evidence that Brian Bonner actually discovered this defect prior to his injury. It took experts to discover the defect during post-accident inspections of the subject shotgun. Then sixteen-year-old Brian Bonner lacked the experience or ability to discover this defect. Brian Bonner never disassembled the subject shotgun during the ten days that he possessed the shotgun prior to the accident. Qiqihar Hawk proffered no evidence that, prior to the accident, Brian Bonner ever noticed any looseness of the barrel. Missing is any conclusive evidence that Brian Bonner had actually discovered the defect or appreciated any looseness of the barrel.

As important, missing is any conclusive evidence that, with appreciation of the defect and the danger posed by the defect, Brian Bonner voluntarily exposed himself to that danger or risk of injury. Specifically, there is no evidence of any declaration by Brian Bonner that he knew a weld or weld had failed and/or that barrel was loose but that he still chose to hold the shotgun with the barrel pointed upward while B.J. Sadler fetched an adult. Using a subjective standard, it is impossible to find that Brian Bonner assumed the risk of injury; it is certainly impossible to find that Brian Bonner assumed

the risk of injury as a matter of law.  Qigihar Hawk has not conclusively proved the

necessary elements of an assumption-of-the-risk affirmative defense.

Qigihar Hawk utterly fails to establish a prima facie entitlement to a summary

judgment based on the assumption-of-the-risk affirmative defense.  Moreover, the factual

record is devoid of any evidence to support any finding, much less a finding as a matter

of law, that Brian Bonner knowingly and voluntarily assumed any risk of injury.  Brian

Bonner was totally unaware that the subject Norenco shotgun was defective, precluding

any finding of assumption of the risk as a matter of law.


**Qiqihar Hawk fails woefully short of conclusively showing that Brian Bonner misused the subject shotgun and, more significantly, of demonstrating product misuse as a matter of law.**

Qiqihar Hawk's submission to this Court fails to state how Brian Bonner

allegedly misused the subject shotgun.  In the ten days that he possessed the subject

shotgun prior to his accident, Brian Bonner "target" shot the shotgun on a few occasions.

Shooting the shotgun was certainly an intended use.  At the time of the accident, Brian

Bonner was holding the shotgun with the barrel pointed upward.  Holding the shotgun in

such a manner was certainly an intended use.  Qiqihar Hawk points out no possible

misuse of the shotgun by Brian Bonner; Qiqihar Hawk certainly does not conclusively

show that Brian Bonner misused the shotgun.

As recently stated by the Supreme Court of Alabama:

> However, ""'[w]hen asserting misuse as a defense
> under [the] AEMLD, the defendant must establish that the
> plaintiff used the product in some manner *different from
> that intended by the manufacturer*.  Stated differently, the
> plaintiff's misuse of the product must not have been
> 'reasonably foreseeable by the seller or manufacturer.'""

> *Sears, Roebuck & Co. v. Harris*, 630 So. 2d [1018] at 1028
> [(Ala. 1993)] (quoting *Kelly v. M. Trigg Enters, Inc.*, 605
> So. 2d 1185, 1192 (Ala. 1992), quoting in turn Edward C.
> Martin, *Alabama's Extended Manufacturer's Liability
> Doctrine (AEMLD)*, 13 Am. J. Trial Advoc. 983, 1040
> (1990)(emphasis added)).   ...   "Ordinarily, the plaintiff's
> misuse of an allegedly defective product is a factual issue
> for the jury." *Harris*, 630 So. 2d at 1028.

*Horn v. Fadal Machining Centers, LLC*, ___ So. 2d ___, 2007 WL 431427 at * 13 (Ala.

Feb. 9, 2007)(rehearing denied).

Assuming Brian Bonner was trying to unjam the shotgun when it discharged, something that Brian Bonner denies, Qiqihar Hawk fails to prove product misuse as a matter of law. In *Sears, Roebuck & Co. v. Harris*, 630 So. 2d 1018 (Ala. 1993), Dexter McCord failed to properly install a water heater; defendants unsuccessfully argued that improper installation constituted product misuse. The defendants were unsuccessful because it was foreseeable that a water heater might be improperly installed. In the present matter, Qiqihar Hawk can hardly deny that it did not foresee or should have not foreseen that a young person shooting the subject shotgun might try to determine why the shotgun failed to discharge or jammed. Qiqihar Hawk cannot viably assert that reactively grabbing a barrel that has detached from the shotgun is product misuse.

In the sole opinion cited by Qiqihar Hawk, the gun supplier never asserted the affirmative defense of product misuse. This non-assertion of the product-misuse affirmative defense is explained by the simple fact that that gun supplier appreciated that it was foreseeable that a user might store a loaded gun. In the present matter, product misuse is not a viable affirmative defense because Brian Bonner was not using the subject shotgun in some unforeseeable manner at the time of the accident. Qigihar Hawk has not conclusively proven some material misuse of the subject shotgun.

<u>Conclusion</u>

Qiqihar Hawk's request for a summary judgment is due to be denied.  Brian

Bonner asks this Court to deny Qiqihar Hawk's summary-judgment motion.

Respectfully submitted,

**s/ David J. Hodge**
Of Counsel for Plaintiff
Bar Number: ASB -4617-I71H
Pittman Dutton Kirby & Hellums, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile
Email:  PHDKH-efiling@pittmanhooks.com

## CERTIFICATE OF SERVICE

        I hereby certify that on **6**[th] day of **March**, **2008**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Todd M. Higey, Esq.
RICHARDSON CLEMENT, P.C.
200 Cahaba Park Circle, Suite 125
Birmingham, AL 35242
*Attorney for Interstate Arms and Qiqihar Hawk*

James C. Barton, Jr., Esq.
Alan D. Mathis, Esq.
JOHNSTON, BARTON, PROCTOR & POWELL, LLP
2900 Regions/Harbert Plaza
1901 6th Avenue North
Birmingham, AL 35203
*Attorney for Norinco*

 

 

                                      **s/ David J. Hodge**
                                        Of Counsel for Plaintiff