UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRIAN BONNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:06-cv-00715-MHT |
| ) | |
| NORINCO a/k/a ) | |
| CHINA NORTH INDUSTRIES CORP. ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CHINA NORTH INDUSTRIES CORPORATION'S
REPLY IN FURTHER SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

The analysis of this case begins and ends with Plaintiff's negligent handling of the subject shotgun. It is undisputed that Plaintiff understood the importance of engaging a gun's safety. It is also undisputed that he failed to engage the safety of the subject shotgun, which he knew to be loaded and cocked. The Supreme Court of Alabama's decision in *Burleson v. RJR Group Florida, Inc.*, conclusively establishes that Plaintiff's handling of the shotgun was negligent as a matter of law.

In a desperate attempt to avoid summary judgment, Plaintiff has attempted to manufacture a dispute of fact by positing a scenario in which one must assume that the laws of gravity no longer exist. Plaintiff's scenario also assumes that it is a "natural instinctive reaction" to grab the top of the barrel of a loaded and cocked shotgun if the barrel becomes loose. There is simply no factual support for Plaintiff's position — Plaintiff admitted at his deposition that he does not remember how his injury occurred and there was no other witness to the incident. Accordingly, this Court is left with a

record devoid of any factual evidence supporting Plaintiff's allegations. The Court's obligation to view the evidence in the light most favorable to Plaintiff certainly does not require the Court to accept what amounts to pure speculation. Norinco is entitled to a summary judgment as a matter of law.

I.   **The Danger of Handling a Loaded Gun Without Engaging the Safety is Self-Evident.**

In *Burleson v. RSR Group Florida, Inc.*, the Supreme Court of Alabama held that contributory negligence barred the plaintiffs' gun defect claim as a matter of law because "the danger of handling a firearm with a live cartridge chambered in line with the hammer and the firing pin without having first engaged the manual safety is self-evident." 2007 Ala. LEXIS 195, at *11. The opposition brief filed by Plaintiff, who injured his right hand while handling a loaded and cocked shotgun with the gun's safety disengaged, does nothing to escape the dispositive effect of the *Burleson* decision.

Plaintiff has identified several cases in which the Supreme Court of Alabama stated that to be contributorily negligent as a matter of law a plaintiff must have had a "conscious appreciation" of the danger involved. (Plaintiff's Opposition Brief, Doc. # 82, p. 6-7.) As an initial matter, each of the cases cited by Plaintiff were decided years before the Supreme Court of Alabama's decision in *Burleson*, which was entered just last September. Moreover, Plaintiff ignores that the *Burleson* court considered the "conscious appreciation" requirement and held that the decedent was contributorily negligent because "reasonable people would have to logically conclude that he *should have* at least appreciated the danger associated with [handling a firearm with a live

2

cartridge chambered in line with the hammer and the firing pin without having first engaged the manual safety]." *Id.* at *11-12 (emphasis in original).

Plaintiff has attempted to distinguish *Burleson* by claiming that Plaintiff was inexperienced with guns. This conflicts with Plaintiff's deposition testimony, which indicates a familiarity with a variety of firearms from a young age. (B. Bonner Dep., p. 18, lines 8-18.) It also conflicts with Plaintiff's mother's testimony that she began teaching Plaintiff about guns and gun safety when he was only four years old. (O. Knowles Dep., p. 13, lines 1-15.) Regardless of Plaintiff's precise level of experience, however, it is undisputed that Plaintiff knew that he should have had the gun's safety engaged unless he was ready to fire the gun. (B. Bonner Dep., p. 26, lines 11-20.) Despite that knowledge, it is undisputed that Plaintiff failed to engage the safety of a shotgun he knew to be loaded and cocked. Based on Plaintiff's own testimony about his understanding of gun safety, reasonable people would have to logically conclude that he should have appreciated the danger associated with handling the shotgun in that manner.

Plaintiff's claims are, therefore, barred as a matter of law, and the Court's analysis of the case need not proceed further — Plaintiff's disingenuous manipulation of the record can be disregarded. *See Burleson*, 2007 Ala. LEXIS 195, at *7 (concluding that decedent's contributory negligence barred recovery even assuming the gun was defective and that there was a causal connection with decedent's death).

## II. Plaintiff's Claims are Based on Assumptions Suggested to Plaintiff after His Injury — Not on Facts in Evidence.

Even ignoring the binding, dispositive effect of *Burleson* and Plaintiff's contributory negligence, Plaintiff's claims would still fail because there is no evidence to

3

support Plaintiff's and Plaintiff's experts' explanation of the incident. Plaintiff's story is built upon layers of speculation and assumptions. Regardless of whether Plaintiff alleges that the shotgun "fell apart" or that he "sensed the barrel sliding off," Plaintiff's own testimony shows that such allegations — the basis of Plaintiff's experts' opinions — are based not on the Plaintiff's memory or on any statements of eye witnesses, but rather on assumptions suggested to Plaintiff after the accident — assumptions that defy the laws of gravity.

Plaintiff now concedes that the shotgun did not "fall apart." (Plaintiff's Opposition Brief, Doc. #82, pp. 16-17.) Instead, he claims that he was holding the shotgun with the barrel pointed upward when he "sensed the barrel sliding off." (Plaintiff's Opposition Brief, Doc. # 82, p. 5.) He claims his "sense" that the barrel was sliding off caused him "instinctively" to place his right hand on top of the barrel. *Id*. He assumes that the gun discharged when his left hand inadvertently engaged the trigger. *Id*.

As an initial matter, this new rendition of how Plaintiff's injury occurred is an insult to common sense. Because of the way the barrel fits into the receiver, the barrel would have to levitate to slide off of the gun while pointing upward. Also, the assumption that it would be a "natural instinctive reaction" for anyone to grab the top of the barrel of a loaded and cocked shotgun for any reason is baseless.

Additionally, there is an utter lack of evidentiary support for Plaintiff's position. Plaintiff has attempted to support his claims by cherry-picking certain excerpts from Plaintiff's deposition testimony. (Plaintiff's Opposition Brief, Doc. # 82, p. 17) (citing

4

Deposition of Brian Bonner at 73, 75 & 87-88). Plaintiff relies upon the following excerpts:

- On page 73:  Q: All right. And did you reach out to grab the gun?
               A: I believe by instincts, reflexes, when it started to fall apart, yes, sir.

- On page 75:  Q: What happened next?
               A: I think everything just – The barrel fell off and by reflexes, I reached and grabbed it. And that's all I really remember on my part.
               Q: You said the barrel was pointing up in the air?
               A: Yes, sir.
               Q: And you say it started to fall?
               A: Yes, sir.
               Q: In what fashion?
               A: I think – I'm not really sure. I think the gun went like that (indicating), and the barrel started to slide off, something like that. And by reflex, I reached and grabbed it.

- On pages 87-88:  Q: Is it possible, when you were out there in the field right before you injured yourself, that the barrel did not fall off?
                   A: I really don't know. I believe it was sliding off.

The fatal deficiencies of Plaintiff's reliance on these excerpts become obvious when the relevant questioning is read in progression. Such a reading illustrates how the examiner was able to cut through Plaintiff's fabricated story and arrive at the truth — that Plaintiff does not remember how his injury occurred.

- On pages 87-89:  Q: Now, you said Chris [Dennis] said – told you the gun – the barrel fell off?
                   A: Uh-huh.

5

|   |   |   |
|---|---|---|
|   | Q: | Did he say whether the barrel fell off when he picked it up in the field? |
|   | A: | He didn't say that. He said when he was walking up the steps into his front door, the barrel just slid right off and fell off into the floor. |
|   | Q: | Is it possible, when you were out there in the field right before you injured yourself, that the barrel did not fall off? |
|   | A: | I really don't know. I believe it was sliding off. |
|   | Q: | But it may have been not sliding at all? In other words, how sure are you that the barrel came off when you were out there in the field? |
|   | A: | I'm not really sure. I just know that it fell off when he told me. That's the reason I figured. |
|   | … |   |
|   | Q: | When Chris [Dennis] told you the barrel fell off for him, did you figure that it must have fallen off for you? |
|   | A: | If it was broken at the time. |

- On page 110:  Q: You don't remember whether the barrel fell off?
  A: No, sir.

A complete reading of the relevant excerpts reveals that Plaintiff finally admitted that he had no actual memory of what happened just before the gun discharged — that his story was based on speculation and assumptions derived from what Chris Dennis told him after the accident. (B. Bonner Dep., pp. 87-89, 110.)

Plaintiff's deposition testimony demonstrates that Plaintiff — the only witness to the incident — is not capable of testifying to the cause of his injury. No amount of speculation or wordplay will change that. Plaintiff's allegations, and Plaintiff's experts' opinions, are not based on facts in evidence — they are based on speculation and assumptions that will never be more than conclusory allegations. Plaintiff's claims therefore fail as a matter of law. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th

6

Cir. 1985) (stating that "conclusory allegations without specific supporting facts have no probative value" and affirming summary judgment for defendant).

### III. Conclusion.

Plaintiff was negligent in handling the subject shotgun as a matter of law. His negligence bars recovery in this case, regardless of the issues of defect and causal connection. *See Burleson*, 2007 Ala. LEXIS 195, at *7. Accordingly, a finding of contributory negligence would end the Court's analysis.

Even without such a finding, however, Plaintiff's claims fail as a matter of law because they are based on speculation and assumptions — not on facts in evidence. Such conclusory allegations are insufficient to avoid summary judgment.

For the foregoing reasons and the reasons stated in Norinco's brief in support of its Motion for Summary Judgment, Norinco respectfully requests that the Court enter judgment in its favor on all claims asserted against it by Plaintiff.

Respectfully submitted,

s/ James C. Barton, Jr.
James C. Barton, Jr. (BAR014)
Bar Number:  ASB-0237-B51J
Email: jbartonjr@johnstonbarton.com

s/ Alan D. Mathis
Alan D. Mathis (MAT052)
Bar Number:  ASB-8922-A59M
Email:  adm@johnstonbarton.com

Attorneys for defendant
China North Industries Corporation

**JOHNSTON BARTON PROCTOR & ROSE LLP**
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209
(205) 458-9400
(205) 458-9500 (FAX)

    **OF COUNSEL**

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the above and foregoing with the Clerk of the Court on March 21, 2008, using the CM/ECF system, which will send notification of such filing to the following:

David J. Hodge, Esq.
PITTMAN, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

Nick Wooten, Esq.
WOOTEN & CARLTON, P.C.
P.O. Drawer 290
Lafayette, Alabama 36862

Todd M. Higey, Esq.
RICHARDSONCLEMENT, P.C.
200 Cahaba Park Circle
Suite 125
Birmingham, Alabama 35242

                                          s/ Alan D. Mathis
                                          Of Counsel

W0637780.DOC