```
               UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF ALABAMA
                      EASTERN DIVISION

BRIAN BONNER,                    )
                                 )
     Plaintiff,                  )    CASE NO.:
                                 )    3:06-CV-00715-MHT
v.                               )
                                 )
NORINCO a/k/a CHINA NORTH        )
INDUSTRIES                       )
CORPORATION, et al.,             )
                                 )
     Defendants.                 )
```

### Order on Pretrial Hearing

1. **PARTIES AND TRIAL COUNSEL:**

    **Plaintiff Brian Bonner, represented by David J. Hodge**

    **Defendant Qiqihar Hawk Industries Co., Ltd., ("Qiqihar Hawk") represented by Todd M. Higey**

    **Defendant Norinco a/k/a China North Industries Corporation ("Norinco"), represented by James C. Barton, Jr. and Alan D. Mathis**

    **COUNSEL APPEARING AT PRETRIAL HEARING:** Same as trial counsel.

2. **JURISDICTION AND VENUE:** This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1441(d). This Court is the federal district court for the district and division encompassing the Circuit Court of Chambers County, Alabama, where this action was originally filed. Venue is therefore proper in this district under 28 U.S.C. § 1441(d).

3. **PLEADINGS:** The following pleadings and amendments are allowed.

**For Plaintiff:**

(1) Complaint, filed with the Circuit Court of Chambers County, Alabama on January 6, 2005;
(2) Amendment to Complaint, filed with this Court on March 15, 2007; and
(3) Second Amended Complaint, filed with this Court on July 19, 2007.

**For Qiqihar Hawk:**

(4) Answer to Complaint (as amended), filed with this Court on August 13, 2007; and

(5) Amended Answer to Complaint (as amended), filed with this Court on December 6, 2007.

**For Norinco:**

(1) Answer to Complaint, filed with this Court on August 16, 2006;

(2) Answer to Second Amended Complaint, filed with this Court on August 2, 2007; and

(3) Amended Answer to Complaint (as amended), filed with this Court on December 6, 2007.

4. **CONTENTIONS OF THE PARTIES:**

(a) The plaintiff(s) contend:

(i) That the shotgun at issue failed to discharge when the trigger was pulled;
(ii) That the shotgun was unreasonably dangerous and/or defective either by design or manufacture;(iii)     That the Plaintiff appreciated the danger of handling a shotgun and sent a bystander to get an adult to check the unstable

shotgun;(iv) That the Plaintiff noticed that the barrel was loose and slipping forward and tried to hold the shotgun in a way to keep the shotgun from falling apart;(v) That the Plaintiff was not trying to "un-jam" the shotgun; (vi) That the barrel stud intended to retain the barrel in its proper location failed through its soldered joint on the barrel;(vii) That the solder joint holding the barrel retaining the stud and ring in place was faulty;(viii) That the shotgun showed no signs of damage or deterioration; (ix) That the shotgun showed no signs of abuse, misuse or modification; (x) That the Plaintiff was caused severe injuries to his right hand from the defective shotgun; (xi) That the Plaintiff was caused to be permanently injured as a result of the defective shotgun;

(b) The defendants Qiqihar Hawk and Norinco contend:

(i) That plaintiff was contributorily negligent as a matter of law;
(ii) That plaintiff knew the shotgun was loaded;(iii) That the safety was off on the shotgun being used by plaintiff;(iv) That plaintiff placed his right hand over the end of the barrel of the loaded shotgun;(v) That plaintiff engaged the trigger while his right hand was over the barrel;(vi) That any "reflexive" activity on the part of plaintiff during the episode that caused his injury does not relieve him of his contributory negligence;(vii) That negligently handling a loaded firearm with the safety off constitutes contributory negligence as a matter of Alabama law;(viii) That the barrel broke free from the barrel guide-ring only after plaintiff shot himself; (ix) That the separation of the barrel guide-ring from the barrel is not material to the question of contributory negligence as a matter of law;(x) That plaintiff misused the shotgun in a manner that could not have been intended or foreseen by a manufacturer; (xi) That plaintiff assumed the risk of his injury because he knew and appreciated the danger of placing his right hand over the end of the loaded barrel, with the safety off, while trying to "unjam" the gun;
(xii) That the subject shotgun is free from any design defect, specifically as the design relates to the brazed joint; (xiii) That the subject shotgun is free from any manufacturing defect, specifically as it relates to the brazed joint;(xiv) That an evaluation of the brazed

joint indicates it was broken as a result of traumatic force and not the result of normally expected use;(xv) That the plaintiff's injury is due to unsafe gun handling procedures;(xvi) That plaintiff violated the following safety rules: pointing the weapon's muzzle in an unsafe direction; engaging the trigger without the intention of firing the weapon; failing to unload the weapon prior to its changing hands to a new shooter and prior to attempts to "unjam" it; failing to employ the weapon's safety mechanism; and failing to wear eye and hearing protection;(xvii) That neither Qiqihar Hawk nor Norinco manufactured the subject shotgun; (xviii) That Qiqihar Hawk and Norinco were never in a position to detect any alleged defect to the brazed joint;(xvix) That there is no evidence that Qiqihar Hawk or Norinco negligently or wantonly designed, manufactured, marketed, sold or distributed the subject shotgun;(xx) That there is no evidence that any negligent or wanton act or omission by defendants was a proximate cause of plaintiff's injury;(xxi) That the manufacturer of the shotgun provided an owner's manual with the initial sale of the shotgun to the first retail customer;(xxii) That, by virtue of the owner's manual, all reasonable and necessary warnings were provided by the manufacturer;(xxiii) That any hazards posed by the use of the shotgun were open and obvious and known by plaintiff;(xxiv) That neither Qiqihar Hawk nor Norinco provided any warranties, express or implied, to any purchaser of the subject gun; and (xxv) That no warranty, express or implied, was breached.(xxvi) At the time of plaintiff's injury someone other than the defendants had modified the subject shotgun from its original condition.(xxvii) At the time of plaintiff's injury the subject shotgun was not in substantially the same condition as when it left the control of the defendants.

5. **STIPULATIONS BY AND BETWEEN THE PARTIES**:

   (a) **Plaintiff had been taught how to handle firearms since he was four years old.**

   (b) **Plaintiff began shooting guns at age 4.**

**(c)    Plaintiff's mother showed him how to operate safety buttons on guns.**

**(d)    Plaintiff's mother taught him not to point the gun at anyone.**

**(e)    Plaintiff's mother taught him not to point the gun at anything unless he intended to shoot it.**

**(f)    Plaintiff's mother taught him to treat guns as if they were loaded.**

**(g)    Plaintiff's step-father taught plaintiff about gun safety.**

**(h)    At the time of the incident, plaintiff knew not to cock a gun unless he was ready to shoot it.**

**(i)    At the time of the incident, plaintiff knew always to keep the safety engaged.**

**(j)    Plaintiff knew never to aim the gun at anybody.**

**(k)    Plaintiff knew never to aim the gun at anything unless he intended to shoot it.**

**(l)    The subject shotgun is a Norinco Model 98, 12-gauge, 18-inch barrel, pump shotgun, with a serial no. 0016971.**

**(m)    The subject shotgun was sold to Langley Gun Shop in Valley, Alabama, on May 24, 2001.**

**(n)    The subject shotgun was eventually sold to a pawn shop.**

**(o)    The number of owners and users between initial retail sale and acquisition by plaintiff's mother is unknown as is the nature of the use of the shotgun during that time period.**

**(p)    The pawn shop which sold the gun to plaintiff's mother is Pawn City.**

  **(q) Plaintiff's mother purchased the shotgun from Pawn City for the plaintiff.**

  **(r) Pawn City represented the gun had been inspected and was safe for use.**

  **(s) No one witnessed plaintiff's injury except plaintiff.**

  **(t) Plaintiff is right handed and would normally pull the trigger with his right hand.**

  **(u) Plaintiff was sixteen years old at the time of his injury.**

  **(v) The parties have executed a joint stipulation regarding Plaintiff's medical records and expenses.**

**It is ORDERED that:**

(1) The non-jury trial of this cause, which is to last three days, is set for November 18, 2008, at 10:00 a.m. at the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama.

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) The plaintiff is required to file proposed findings of fact and conclusions of law by November 3, 2008. The defendants are required to file proposed

findings of fact and conclusions of law by November 10, 2008.  The parties are also directed to e:mail their proposed findings of fact and conclusions of law to <propord_thompson@almd.uscourts.gov> in WordPerfect format by the dates specified above;

(4) The parties in this case are not required to file trial briefs.  However, if they wish to do so, their trial briefs shall be filed no later than November 12, 2008.

(5) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(6) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. No. 46) entered by the court on; and

(7) All understandings, agreements, deadlines,

and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by Order of the court.

DONE, this the 9th day of September, 2008.


    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**